## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BRAD BAUMAN**,

      Plaintiff,

vs.

**EDWARD BUTOWSKY, MATTHEW COUCH, AMERICA FIRST MEDIA and HOWARD GARY HEAVIN,**

      Defendants

**Case No. 1:18-cv-01191-EGS**

### <u>DEFENDANT EDWARD BUTOWSKY'S MOTION TO DISMISS</u>

NOW COMES Defendant Edward Butowsky, moving the Court to dismiss the COMPLAINT (Doc. No. 1) of Plaintiff Brad Bauman pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6):

### <u>Introduction</u>

. According to his Complaint, Plaintiff is outraged and/or traumatized because someone called him a Democratic National Committee ("DNC") "hitman" or "cleaner" or "crisis fixer." However, nowhere in his Complaint does Plaintiff allege that Mr. Butowsky called him those things.  Instead, the Plaintiff appears to rely on two categories of statements in support of his claims against Mr. Butowsky, namely that (1) he was defamed by statements that the DNC "assigned" him to represent the Rich family, and (2) he was defamed by statements that accused him of deception.  None of the specific statements identified by Mr. Bauman are actionable because none of them are

defamatory. His claims also must fail because (1) he did not state a claim of defamation

*per se* and he did not plead special damages, and (2) he did not meet the heightened

pleading requirements for a limited-purpose public figure, *i.e.*, he did not plead actual

malice.  Finally, the Plaintiff fails to establish personal jurisdiction over Mr. Butowsky,

who is a resident of Texas and has no significant contacts with the District of Columbia.

### Standard of Review

> On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C.Cir.1990). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C.Cir.2001); *see First Chi. Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988) ("[T]he general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts."). Bare allegations and conclusory statements are insufficient. *Second Amendment*, 274 F.3d at 524. Further, a plaintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any single defendant. *See Rush v. Savchuk*, 444 U.S. 320, 331–32, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980).

> In determining whether a factual basis for personal jurisdiction exists, the court should resolve factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. However, the court need not treat all of the plaintiff's allegations as true. *Plesha v. Ferguson*, 760 F.Supp.2d 90, 92 (D.D.C.2011). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id*. (internal quotation marks and citation omitted).

*Hourani v. Psybersolutions LLC*, 164 F. Supp. 3d 128, 135–36 (D.D.C. 2016), aff'd, 690

F. App'x 1 (D.C. Cir. 2017).

> "To survive a [Rule 12(b)(6) ] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted); *accord Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678, 129 S.Ct. 1937. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679, 129 S.Ct. 1937.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. 1937. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In ruling upon a motion to dismiss under Rule 12(b)(6) or Rule 12(c), a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice." *Gustave–Schmidt* v. *Chao*, 226 F.Supp.2d 191, 196 (D.D.C.2002); *see also Qi v. FDIC*, 755 F.Supp.2d 195, 199–200 (D.D.C. 2010).

*Vanderhorst v. Blue Cross Blue Shield Ass'n*, 99 F. Supp. 3d 46, 49 (D.D.C. 2015), aff'd,

No. 15-5174, 2015 WL 9309978 (D.C. Cir. Dec. 4, 2015).

## Argument

**1. The Plaintiff has not pleaded a defamation claim.**

To prevail on his defamation claim under District of Columbia law, the Plaintiff

must show:

(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*Oparaugo v. Watts*, 884 A.2d 63, 76 (D.C.2005) (internal quotation marks omitted).

"Falsity and defamatory meaning 'are distinct elements of ... defamation and are considered separately.'" *Carpenter v. King*, 792 F.Supp.2d 29, 34 (D.D.C.2011) (quoting *White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C.Cir.1990)). If the plaintiff is a public figure, he faces a higher burden, and must show, by clear and convincing evidence, that a defendant published the allegedly defamatory statements with "'actual malice'—that is, without knowledge that it was false or with reckless disregard of whether it was false of not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *see also Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991).

*Abbas v. Foreign Policy Grp., LLC*, 975 F. Supp. 2d 1, 13–14 (D.D.C. 2013), aff'd, 783

F.3d 1328 (D.C. Cir. 2015).

To show falsity, a plaintiff "must demonstrate either that the statement is factual and untrue, or an opinion based implicitly on facts that are untrue." *Carpenter*, 792 F.Supp.2d at 34 (quoting *Lane v. Random House*, 985 F.Supp. 141, 150 (D.D.C.1995)). A statement is defamatory "if it tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1293–94 (D.C.Cir.1988) (quoting *Howard Univ. v. Best*, 484 A.2d 958, 988 (D.C.1984)). The statement "must be more than unpleasant or offensive; the language must make the plaintiff appear 'odious, infamous, or ridiculous.'" *Best*, 484 A.2d at 989 (quoting Johnson v. Johnson Publ'g Co., 271 A.2d 696, 697 (D.C.1970)). "The plaintiff has the burden of proving the defamatory nature of [the challenged] publication, ... and the publication must be considered as a whole, in the sense in which it would be understood by the readers to whom it was addressed." *Id*. Words should be given their plain and natural meaning, and "the statements at issue should not be interpreted by extremes but should be construed as the average or common mind would naturally understand them." *Klayman v. Segal*, 783 A.2d 607, 616 (D.C.2001). Whether an allegedly defamatory statement is capable of defamatory meaning is a question of law. *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 627 (D.C.Cir.2001).

*Id*. at 14.  Under these standards, the Plaintiff cannot possibly state a claim for

defamation.

In a failed attempt to highlight defamatory statements, the Plaintiff italicized excerpts from several publications. First, the Plaintiff pointed to published statements in Worldnetdaily.com that were attributed to Mr. Butowsky, namely:

> (1) *the DNC "assigned" Bauman to represent the Seth Rich family*;
>
> (2) *Joel Rich's exact words where, "The DNC assigned [Bauman] to us," Butowsky said*;
>
> (3) *"Nine hours later, the only thing that changed was Brad Bauman Democrat crisis management person – that's all that happened"*; and
>
> (4) *Butowsky said he finds Bauman's involvement with the family extremely suspicious, and he is calling on the family to expose the DNC's involvement and what he believes is obstruction of the murder investigation.*

COMPLAINT 23-24, ¶53 (italicized as in COMPLAINT).  The Plaintiff next highlighted statements published in the *Daily Intelligencer*, but only one of those statements is attributable to Mr. Butowsky:

> Bauman has himself been a subject of scrutiny for those who believe the Democratic Establishment *is concealing the truth about Rich's murder, since he's a Democratic communications professional*. He began helping the Rich family deal with media relations after Seth's brother emailed a mutual friend to ask for guidance (I reviewed this email, and corroborated Bauman's account with the friend). *Bauman said he's not being paid by the Rich family, and he's denied speculation that he's being paid by the DNC.*
>
> *Butowsky, for his part, told me it seemed like Bauman's "job is just to discredit and try to go after people."*

COMPLAINT 25-26, ¶56 (italicized as in COMPLAINT).  None of the foregoing statements is actionable defamation.

In his COMPLAINT, Mr. Bauman does not deny that he works in crisis communications or public relations for Democratic candidates and Democratic interests.

On the contrary, the Plaintiff describes himself as managing "a crisis communications and full service public relations firm" and "[p]roviding strategic communications advice to Democratic candidates and labor unions."[1] If that is so, then the Plaintiff cannot plausibly argue that Mr. Butowsky's purported statements about being "assigned" by the DNC "tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1293–94 (D.C.Cir.1988).  If anything, Mr. Butowsky's purported statement would tend to *raise* the Plaintiff "in the estimation of the community" that he inhabits. Likewise, the Plaintiff was not defamed by Mr. Butowsky's statement of opinion, *i.e.*, that it "seemed like" the Plaintiff's "job is just to discredit and try to go after people," because "[e]xpressions of opinion are protected whether the subject of the comment is a private or public figure." *Ollman v. Evans*, 750 F.2d 970, 975 (D.C. Cir. 1984). Moreover, most of the public would probably agree that it is indeed the job of a political communications professional "just to discredit and try to go after people."

The Plaintiff also fails to establish actual malice in his pleadings, and that is fatal insofar as he is a limited-purpose public figure. *Abbas*, 975 F. Supp. 2d at 13–14 (public figure must plead actual malice).

There are two types of public figures: "general purpose and limited purpose public figures." *Tavoulareas v. Piro*, 817 F.2d 762, 772 (D.C.Cir.1987) (*en banc*). "A person becomes a general purpose public figure only if he or she is a well-known

---

[1]   Mr. Butowsky requests that the Court take judicial notice of the Plaintiff's public LinkedIn profile (https://www.linkedin.com/in/bradbauman/). As witnessed by his electronic signature on this document, the undersigned declares under penalty of perjury under the laws of the United States that he has attached a true and correct copy of that profile as Exhibit 1.

> celebrity, his name a household word." *Id*. (internal quotation marks omitted).
> However, "[f]ew people attain the general notoriety that would make them public
> figures for all purposes." *Waldbaum v. Fairchild Publn's, Inc.*, 627 F.2d 1287,
> 1296 (D.C.Cir.1980). Instead, "public figures for the more limited purpose of
> certain issues or situations" are much more common. *Tavoulareas*, 817 F.2d at
> 772. If "an individual voluntarily injects himself or is drawn into a particular
> public controversy[, he] thereby becomes a public figure for a limited range of
> issues." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351, 94 S.Ct. 2997, 41 L.Ed.2d
> 789 (1974).

*Id*. at 11. By his own admission, the Plaintiff injected himself into the Seth Rich

controversy as a spokesman, therefore he cannot now complain about the adverse

attention that he received.

Furthermore, when the article is read in context, as it must be, *Abbas*, 975 F. Supp.

2d at 14, it is clear that Mr. Butowsky was (1) relaying statements made to him by

another person (*i.e.*, Joel Rich), and (2) expressing statements of pure opinion regarding

whether the Plaintiff's "involvement" with the Rich family was "extremely suspicious."

Finally, the Plaintiff failed to plead special damages, and that is likewise fatal. *See Smith

v. Clinton*, 886 F.3d 122, 128 (D.C. Cir. 2018)(unless pleading defamation *per se*, the

plaintiff must plead special damages). In *Smith*, former Secretary of State Hillary Clinton

was sued by plaintiffs whose family members were killed during a terrorist attack in

Benghazi, Libya, and the D.C. Circuit upheld dismissal of their claims:

> Smith and Woods pled neither that Clinton's statements are actionable as a matter
> of law nor special damages. Federal Rule of Civil Procedure 9(g) requires that
> special damages "be specifically stated." The complaint merely contains a
> boilerplate recitation, unaccompanied by any factual detail, that "[a]s a direct and
> proximate result of Defendant Clinton's statements, [Smith and Woods] have
> suffered pecuniary damage, as well as injury to reputation, impairment to standing
> in their community, personal humiliation, pain and suffering, and emotional

distress." Compl. ¶ 37. The affidavits of Smith and Woods allege the same harm, almost verbatim. *See* Woods Aff. ¶ 7; Smith Aff. ¶ 6.

They also did not plead that the challenged statements are defamatory as a matter law, a status reserved for statements about extreme subjects, such as criminal behavior, "serious sexual misconduct," "a loathsome disease," or a person's suitability for his chosen profession, *Carey v. Piphus*, 435 U.S. 247, 262 n.18, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *see also Hall v. District of Columbia*, 867 F.3d 138, 149 (D.C. Cir. 2017). Clinton's statements are not of that character. In *Weyrich*, this court held that that an article claiming the plaintiff "'began to suffer bouts of pessimism and paranoia,'" though "unflattering," was not actionable. 235 F.3d at 624–25 (citation omitted). Similarly, even if Clinton's statements could be understood as casting Smith and Woods as liars, this unpleasant portrayal does not amount to defamation *per se*. Smith and Woods do not challenge these aspects of the district court's decision on appeal, nor did they seek in district court to amend their complaint to provide the required specificity.

886 F.3d at 128.  Since the Plaintiff has not pled defemation *per se* and he has not pled

special damages, his claims must be dismissed.[2]

The last statements attributed to Mr. Butowsky were reported by CNN, and those

statements likewise fail to establish defamation.  In context, the Plaintiff had attacked Mr.

Butowsky on national television, and Mr. Butowsky pushed back:

> *"Bauman, he'll say whatever he wants. Bauman is simply a hired guy who will say anything."*

> *Butowsky said that there's "absolutely no reason" for him to apologize to the Rich family because, "I haven't done anything to the Rich family. Quite frankly, Brad Brauman should apologize to the country for crafting a lie."*

COMPLAINT 38, ¶74 (italicized as in COMPLAINT).  The next paragraph is ironic and even

comical:

---

[2]    Toward the end of his Complaint, 74-75, ¶¶136-143, the Plaintiff makes conclusory allegations of defamation *per se* against multiple Defendants, but he never identifies what specific statements by Mr. Butowsky constitute defamation *per se*.  Such conclusory allegations are legally insufficient. *See, e.g., Smith v. Clinton*, 253 F. Supp.3d 222, 242 (D.D.C. 2017)("plaintiffs must offer more than labels and conclusions to state a claim").

Defendant Butowsky's public statement that Brad should "apologize to the country for crafting a lie" is extreme and outrageous insofar as it suggests that Brad has masterminded an effort to cover-up criminal activity and hinder a law enforcement investigation. This, and the other intentional misrepresentations and have been designed to cause, and have in fact caused, severe emotional suffering.

*Id*. at 38,  ¶75.  So the Plaintiff trashes Mr. Butowsky on national television, then clutches his pearls and cries foul when Mr. Butowsky returns fire.  Please.  If tit-for-tat gives "Brad" the vapors and causes him "severe emotional suffering," perhaps he should reconsider his career as a political spokesman.  This Court has faced a similar scenario before:

> [J]ust stating that someone is "spreading lies" or is a liar may not be actionable as defamation. *See Rocker Mgmt. LLC v. John Does 1–20*, 2003 WL 22149380, at *1, *3 (N.D.Cal. May 29, 2003); *Beatty v. Ellings*, 285 Minn. 293, 173 N.W.2d 12, 17 (1969). Here, the challenged statements are less an attack on [the plaintiff's] general character and instead a dispute with the accuracy of a specific statement made by him.

*Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 133 (D.D.C. 2009); *see also Shipe v. Schenk*, 158 A.2d 910, 911 (D.C. 1960)("We think the trial court was correct in dismissing the complaint insofar as it charged slander. No special damages were claimed, and 'damn liar' and 'dead beat' are not slanderous per se.").

Nothing in Mr. Butowsky's statement suggested that the Plaintiff had "masterminded an effort to cover-up criminal activity and hinder a law enforcement investigation."  Instead, the Plaintiff accused Mr. Butowsky of impropriety, and Mr. Butowsky responded by saying that the Plaintiff's accusations were a lie.  Per *Sinclair*, that cannot form the basis of a defamation claim.  Furthermore, the Plaintiff has not

identified any special damages that he suffered as a result of the foregoing statements,

nor has he explained how Mr. Butowsky's statements meet the standard for actual malice.

### 2.  The Plaintiff failed to state a claim for false light.

> "A 'false light claim ... requires a showing of: (1) publicity; (2) about a false
> statement, representation or imputation; (3) understood to be of and concerning the
> plaintiff; and (4) which places the plaintiff in a false light that would be offensive
> to a reasonable person.' " *Doe v. Bernabei & Wachtel, PLLC*, 116 A.3d 1262,
> 1267 (D.C. 2015), quoting *Bean v. Gutierrez*, 980 A.2d 1090, 1094 (D.C. 2009).
> Because these two torts share similar elements, they are often "analyzed in the
> same manner," especially "where the plaintiff rests both his defamation and false
> light claims on the same allegations." *Blodgett v. Univ. Club*, 930 A.2d 210, 222–
> 23 (D.C. 2007). While the elements of false light are similar to the elements of
> defamation, the remedies are distinct. "[A] defamation tort redresses damage to
> reputation while a false light privacy tort redresses mental distress from having
> been exposed to public view." *White v. Fraternal Order of Police*, 909 F.2d 512,
> 518 (D.C. Cir. 1990).

*Smith*, 253 F. Supp. 3d at 239. If the false light claims are "analyzed in the same manner"

as the defamation claims, the Plaintiff's false light claims must fail. *Id*.

### 3.  The Court does not have personal jurisdiction over Mr. Butwosky

The Plaintiff cannot establish jurisdiction over Mr. Butowsky merely because the

Plaintiff lives in the District of Columbia.  The Plaintiff must prove that Mr. Butowsky

had some purposeful connection to the forum. *See Hourani*, 164 F. Supp. 3d at 135 ("The

plaintiff must allege specific acts connecting the defendant with the forum"), citing

*Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524

(D.C.Cir.2001).  The District's long-arm jurisdiction statute "permits the exercise of

jurisdiction over a non-resident defendant for tortious conduct committed outside of the

District if the defendant "regularly does or solicits business, engages in any other

persistent source of conduct, or derives any substantial revenue from goods used or

consumed, or services rendered, in the District of Columbia...." *Copeland-Jackson v. Oslin*, 555 F. Supp. 2d 213, 216 (D.D.C. 2008), quoting D.C.Code Ann. § 13–423 (2008), but none of those factors is present in this case. *See* Declaration of Edward Butowsky (Exhibit 1).

> The Supreme Court has long held that the purposeful availment prong of the personal jurisdiction analysis can be met if a defendant's "intentional conduct [in the foreign state was] calculated to cause injury to [the plaintiff] in [the forum state]." *Colder v. Jones*, 465 U.S. 783, 791 (1984) ("Jurisdiction over petitioners is therefore proper in California based on the 'effects' of their Florida conduct in California."). *Calder*, however, does not vest jurisdiction in a state merely because it serves as the locus of the plaintiff's injury. *See Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum.").23 The "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way" *Id*. (emphasis added); *see also ESAB Group Inc.*, 126 F.3d at 626 ("Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld."). In the Internet context, the Fourth Circuit has framed the effects test as follows: "a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan, Inc.*, 293 F.3d at 714.

*McNeil v. Biaggi Prods., LLC*, No. 3:15CV751, 2017 WL 2625069, at *7 (E.D. Va. June 16, 2017).  Mr. Butowsky has responded to the Plaintiff's verbal attacks in nationally-distributed media, but he has not targeted the District of Columbia nor has he engaged in any persistent course of conduct in the District of Columbia. See Declaration of Edward Butowsky (Exhibit 1).  Accordingly, the Court has no jurisdiction over Mr. Butowsky.

## **Conclusion**

The Plaintiff failed to establish personal jurisdiction over Defendant Butowsky, therefore his claims against Defendant Butowsky should be dismissed. . Alternatively, the Plaintiff's claims should be dismissed with prejudice because they fail as a matter of law.

Respectfully submitted,

/s/      Kenneth A. Martin
Kenneth A. Martin
The Martin Law Firm
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
Telephone (703) 918-0350
Email: Ken@martin-lawfirm.com
Bar #420600

**Attorney for Defendant Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on June 15, 2018 using the Court's ECF system, which automatically provides notice to Plaintiff's Counsel. I further certify that a copy of the foregoing document was provided to Defendants Matt Couch and America First Media via email at <u>mattcouch@af-mg.com</u> on June 15, 2018, and to Defendant Heavin via first-class mail.

<u>**/s/ Kenneth A. Martin**</u>
Kenneth A. Martin

**<u>n</u>**