## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BRAD BAUMAN**,

      Plaintiff,

v.

**EDWARD BUTOWSKY, et al.,**

      Defendants.

Case No. 1:18-CV-1191

Hon. Richard J. Leon

## Plaintiff Brad Bauman's Opposition to
## Defendant Howard Gary Heavin's Motion to Dismiss

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  STANDARD OF REVIEW ................................................................................. 3

III.  ARGUMENT ....................................................................................................... 4

    A.  It is settled law that the D.C. Anti-SLAPP Act does not apply in diversity jurisdiction cases in federal court. ....................................................................... 4

    B.  Heavin is subject to this Court's jurisdiction under the District of Columbia's long-arm statute. ............................................................................................. 6

        1.  Heavin's defamatory statements caused Plaintiff tortious injury in the District of Columbia. ................................................................................ 7

        2.  Heavin's defamatory statements were made outside D.C. ...................... 10

        3.  Heavin satisfied sufficient "plus factors" of the D.C. long-arm statute. ... 10

            a.  Heavin "engages in any other persistent course of conduct" in D.C. ............................................................................................ 10

            b.  Heavin "derives substantial revenue from goods used or consumed, or services rendered, in" D.C. ................................... 16

        4.  Exercising personal jurisdiction comports with due process. .................. 18

    C.  Alternatively, the Court should permit jurisdictional discovery or allow Plaintiff to amend his Complaint. ..................................................................... 20

    D.  Heavin's statements are actionable under the law of defamation in D.C. ........... 22

        1.  Heavin's statements are actionable because they were false, capable of a defamatory meaning, and not protected speech. .............................. 23

        2.  Defendant made his statements without privilege to a third party. .......... 36

        3.  There was no actual "public controversy" at the time of Heavin's statements regarding Plaintiff, and a negligence standard thus applies. ... 37

        4.  The Complaint satisfies the actual malice standard. ............................... 41

        5.  Plaintiff is not required to plead, or has sufficiently pleaded, special harm. ..................................................................................................... 44

    E.  Plaintiff's False Light claim should be permitted to proceed at this early juncture of the litigation. ................................................................................ 44

IV.  CONCLUSION ................................................................................................... 44

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbas v. Foreign Policy Group, LLC*,
783 F.3d 1328 (D.C. Cir. 2015) ...................................................................... 4, 5, 6

*Abbas v. Foreign Policy Group, LLC*,
975 F. Supp. 2d 1 (D.D.C. 2013) ...................................................................... 23, 42

*Akbar v. New York Magazine Co.*,
490 F. Supp. 60 (D.D.C. 1980) ......................................................................... 9, 18

*Asahi Metal Indus. Co. v. Superior Court*,
480 U.S. 102 (1987) ............................................................................................... 18

*Barcelo v. Agosto*,
876 F. Supp. 1332 (D.P.R. 1995) .......................................................................... 25

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................. 3

*Bergmann v. Jones*,
94 N.Y. 51 (1883) .................................................................................................. 25

*Blumenthal v. Drudge*,
992 F. Supp. 44 (D.D.C. 1998) ....................................................................... 18, 20

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................................... 18

*Butler v. United States*,
481 A.2d 431 (D.C. 1984) ...................................................................................... 31

*CACI Premier Techs., Inc. v. Rhodes*,
536 F.3d 280 (4th Cir. 2008) ................................................................................. 33

*Calder v. Jones*,
465 U.S. 783 (1984) ........................................................................................... 8, 19

*Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*,
148 F.3d 1080 (D.C. Cir. 1998) ............................................................................ 21

*Christensson v. Hogdal*,
199 F.2d 402 (D.C. Cir. 1952) .............................................................................. 22

ii

*Competitive Enter. Inst. v. Mann*,
150 A.3d 1213 (D.C. 2016) ................................................................5, 6

*Crane v. Carr*,
814 F.2d 758 (D.C. Cir. 1987) ...........................................................7, 18

*Crane v. New York Zoological Soc.*,
894 F.2d 454 (D.C. Cir. 1990) ...............................................................9

*Curtis Pub. Co. v. Butts*,
388 U.S. 130 (1967) ........................................................................42, 43

*D'Onofrio v. SFX Sports Grp., Inc.*,
534 F. Supp. 2d 541 (D.D.C. 2008) .........................................................7

*Dennis v. United States*,
1950 WL 78653 (U.S.) ...........................................................................41

*Deripaska v. Associated Press*,
No. 17-00913 (ESH), 2017 WL 8896059 (D.D.C. Oct. 17, 2017) .............4, 5, 6, 8

*Diamond Chem. Co. v. Atofina Chems. Inc.*,
268 F. Supp. 2d 1 (D.D.C. 2003) ..........................................................21

*Fairbanks v. Roller*,
No. 1:17-cv-01052 (TNM), 2018 WL 2727897 (D.D.C. June 6, 2018) .........4, 5, 6

*Fiber Sys. Int'l, Inc. v. Roehrs*,
470 F.3d 1150 (5th Cir. 2006) ...............................................................27

*Forras v. Rauf*,
812 F.3d 1102 (D.D.C. 2016) ..................................................................9

*Gorman v. Ameritrade Holding Corp.*,
293 F .3d 506, 513 (D.C. Cir. 2002) ......................................................21

*Greenbelt Coop. Publ'g Ass'n, Inc. v. Bresler*,
398 U.S. 6 (1970) ..................................................................................34

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
199 F.3d 1343 (D.C. Cir. 2000) ..................................................18, 20, 21

*Guilford Transport. Industries, Inc. v. Wilner*,
760 A.2d 580 (D.C. 2000) .....................................................................32

*Harrison v. Washington Post Co.*,
391 A.2d 781 (D.C. 1978) ......................................................................45

*Hoff v. Wiley Rein, LLP*,
   110 A.3d 561 (D.C. 2015) ........................................................................ 28, 29

*Hourani v. Psybersolution*,
   164 F. Supp. 3d 128 (D.D.C. 2016) ............................................................. 8, 9

*Hutchinson v. Proxmire*,
   443 U.S. 111 (1979) ................................................................................... 23, 41

*IMark Mktg. Servs. v. Geoplast, S.p.A*,
   753 F. Supp. 2d 141 (D.D.C. 2010) ........................................................... *passim*

*Indianapolis Newspapers, Inc. v. Fields*,
   254 Ind. 219, 259 N.E.2d 651 (1970) ................................................................ 24

*Jankovic v. Int'l Crisis Grp.*,
   593 F.3d 22 (D.C. Cir. 2010) ........................................................................... 32

*Kline v. Williams*,
   Civ. No. 05-1102 (HHK), 2006 WL 758459 (D.D.C. Mar. 23, 2006) ................... 8

*Kuhn v. Tribune-Republican Pub. Co.*,
   637 P.2d 315 (Colo. 1981) ............................................................................... 44

*Lewy v. S. Poverty Law Ctr., Inc.*,
   723 F. Supp. 2d 116 (D.D.C. 2010) .................................................................... 4

*Libre By Nexus v. Buzzfeed, Inc.*,
   No. 1:17-cv-01460 (APM), 2018 WL 2248420 (D.D.C. May 16, 2018) ............ 4, 6

*Lohrenz v. Donnelly*,
   350 F.3d 1272 (D.C. Cir. 2003) ........................................................................ 43

*Luper v. Black Dispatch Pub. Co.*,
   675 P.2d 1028 (Ok. Ct. App. 1983) ................................................................... 24

*Manifold v. Wolf Coach, Inc.*,
   231 F. Supp. 2d 58 (D.D.C. 2002) ...................................................................... 4

*Marshall v. Honeywell Tech. Solutions, Inc.*,
   536 F. Supp. 2d 59 (D.D.C. 2008) .................................................................... 43

*McDonnell v. United States*,
   136 S. Ct. 2355 (2016) ..................................................................................... 29

*Medifast, Inc. v. Minkow, Inc.*,
   577 F. App'x 706 (9th Cir. 2014) .......................................................... 39, 40, 41

*Medifast, Inc. v. Minkow, Inc.*,
   No. 10-CV-382 JLS BGS, 2011 WL 1157625 (S.D. Cal. Mar. 29, 2011)............................39

*Messina v. Fontana*,
   260 F. Supp. 2d 173 (D.D.C. 2003) ................................................................................21

*Milkovich v. Lorain Journal Co.*,
   497 U.S. 1 (1990)...................................................................................................*passim*

*Moldea v. New York Times Co.*,
   15 F.3d 1137 (D.C. Cir. 1994)........................................................................................45

*Moldea v. New York Times Co.*,
   22 F.3d 310 (D.C. Cir. 1994)....................................................................................26, 34

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964) ..................................................................................................3, 23

*Ning Ye v. Hong Bao Zhang*,
   No. 05-00832(HHK), 2006 WL 1102832 (D.D.C. Mar. 31, 2006) ........................................3

*Owens v. CBS Inc.*,
   527 N.E.2d 1296 (Ill. Ct. App. 1988)..............................................................................25

*Parisi v. Sinclair*,
   806 F. Supp. 2d 93 (D.D.C. 2011) ............................................................................11, 12

*Parnigoni v. St. Columba's Nursery School*,
   681 F. Supp. 2d 1 (D.D.C. 2010) ........................................................................24, 31, 33

*Parsi v. Daioleslam*,
   845 F. Supp. 2d 215 (D.D.C. 2012) ................................................................................42

*Raboya v. Shrybman & Assocs.*,
   777 F. Supp. 58 (D.D.C. 1991) ......................................................................................44

*Rochon v. F.B.I.*,
   691 F. Supp. 1548 (D.D.C. 1988) ...................................................................................21

*Rosen v. Am. Israel Pub. Affairs Comm., Inc.*,
   41 A.3d 1250 (D.C. 2012) ....................................................................................23, 24, 34

*Shady Grove Orthopedic Assocs. PA v. Allstate Ins. Co.*,
   559 U.S. 393 (2010)....................................................................................................5

*Solers, Inc. v. Doe*,
   977 A.2d 941 (D.C. 2009) ..............................................................................................22

v

*Sprague v. Walter*,
    441 Pa. Super. 1, 656 A.2d 890 (Pa. Sup. Ct. 1995) ............................................... 24

*Steinberg v. Int'l Criminal Police Org.*,
    672 F.2d 927 (D.C. Cir. 1981) ................................................................................ 9

*Sweeney v. Sengstacke Enters., Inc.*,
    536 N.E.2d 823 (Ill. Ct. App. 1989) ...................................................................... 25

*Swierkiewicz v. Sorema, N.A.*,
    534 U.S. 506 (2002) ................................................................................................ 3

*The Urban Inst. v. FINCON Servs.*,
    681 F. Supp. 2d 41 (D.D.C. 2010) .......................................................................... 4

*United States v. Andrews*,
    532 F.3d 900 (D.C. Cir. 2008) .............................................................................. 30

*United States v. Bush*,
    522 F.2d 641 (7th Cir. 1975) ................................................................................ 29

*United States v. Cefalu*,
    85 F.3d 964 (2d Cir. 1996) .................................................................................... 31

*United States v. Haldeman*,
    559 F.2d 31 (D.C. Cir. 1976) ................................................................................ 30

*United States v. Masters*,
    924 F.2d 1362 (7th Cir. 1991) .............................................................................. 30

*Waldbaum v. Fairchild Publ'ns, Inc.*,
    627 F.2d 1287 (D.C. Cir. 1980) ............................................................................ 39

*Weyrich v. New Republic, Inc.*,
    235 F.3d 617 (D.C. Cir. 2001) .............................................................................. 34

*White v. Fraternal Order of Police*,
    909 F.2d 512 (D.C. Cir. 1990) .............................................................................. 22

*Williams v. District of Columbia*,
    9 A.3d 484 (D.C. 2010) ......................................................................................... 24

*Wolston v. Reader's Digest Ass'n*,
    443 U.S. 157 (1979) ......................................................................................... 40, 41

*World–Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ......................................................................................... 18, 19

*Xereas v. Heiss,*
  933 F. Supp. 2d 1 (D.D.C. 2013) ..........................................................................44

*Zimmerman v. Al Jazeera Am., LLC,*
  246 F. Supp. 3d 257 (D.D.C. 2017) ......................................................................42

**Statutes**

18 U.S.C. § 4...........................................................................................................31

18 U.S.C. § 371.................................................................................................29, 30

18 U.S.C. § 1346......................................................................................................29

18 U.S.C. § 1958......................................................................................................30

D.C. Code § 5-121.05 ..............................................................................................31

D.C. Code § 13-423(a)(1)...........................................................................................7

D.C. Code § 13-423(a)(4)..................................................................................*passim*

D.C. Code § 16-5501, *et seq.*....................................................................... 4, 5, 6, 45

D.C. Code § 16-5502(a) ..............................................................................................6

D.C. Code § 16-5502(c)(2)..........................................................................................6

D.C. Code § 22-3201(3) ......................................................................................28, 29

D.C. Code § 22-3221(c) ......................................................................................28, 29

**Rules**

Fed. R. Civ. P. 12......................................................................................................5

Fed. R. Civ. P. 12(b)(2)...............................................................................................3

Fed. R. Civ. P. 12(b)(6)...............................................................................................3

Fed. R. Civ. P. 15....................................................................................................22

Fed. R. Civ. P. 56......................................................................................................5

**Other Authorities**

Alex Jones Channel, DNC Political Hitman Continues Seth Rich Murder Cover
  Up, YouTube (June 21, 2017) .............................................................................12

Dave Hodges, *The Common Sense Show* .................................................................. 12, 13, 14, 15

Don Gonyea, National Public Radio, *What is CPAC?* (Feb. 22, 2017) ....................................... 17

Seth Rich: Inside the Killing of the DNC Staffer, Newsweek (Aug. 20, 2016) ........................... 19

Plaintiff Brad Bauman respectfully submits this Memorandum of Points and Authorities opposing Defendant Heavin's Motion to Dismiss and Motion for Attorney's Fees (ECF No. 14).

## I.   INTRODUCTION

Plaintiff Brad Bauman's claims arise out of Defendant Gary Heavin's statements directly linking Brad to the Democratic National Committee's ("DNC") and John Podesta's purported involvement in, and subsequent cover up of, the murder of Seth Rich.  On nationally-syndicated programs viewed or heard by more than a million Americans, Heavin falsely stated: (1) that "[t]he DNC *very likely* killed" Seth Rich; (2) that Brad "work[ed] for the DNC" at the time he agreed to help the Rich family and had done so in the past; (3) that a simple "Google" search would reveal that Brad was a "DNC cleaner," "professional DNC hitman" and even "*the* DNC hitman" whose job was to "cover up" the DNC's wrongdoing; (4) that the Rich family "complied" under the duress of potential "fear" tactics when it "took [Brad] on" as their spokesman; (5) that Brad was likely being paid by the DNC to help "cover up" the purported fact that "[t]he DNC very likely killed" Seth Rich; and (6) that Brad "would lie, cheat, and steal . . . to avoid the truth . . . *because [he] work[s] for the DNC.*" Compl. ¶¶ 57, 61-65 (emphasis added).  Heavin made these statements with the intent to publicly link the DNC (and by direct connection and implication Brad) to Seth Rich's murder and the DNC's criminal cover up.  *Id.*

Further, the record demonstrates that Heavin actively pursued the InfoWars platform to make these statements because the media was not discussing the DNC's supposed role in Seth Rich's murder and Plaintiff's purported cover up.  Thus, Heavin both asked to be invited on to InfoWars to discuss Plaintiff and, once there, deliberately directed the conversation to his point that "Brad Bauman" was "*the* DNC hitman," "very suspicious," and someone who helped the DNC "cover up" its alleged role in Seth Rich's death, the seriousness of which Heavin emphasized by stating that the "DNC very likely killed" Seth Rich. Compl. ¶¶ 62, 65.  He made

1

these statements directly linking Brad to the DNC and the purported roles played by the DNC and John Podesta in the murder of Seth Rich, despite (1) Fox News' almost immediate retraction of its story linking Seth Rich directly to WikiLeaks admitting that the story should not have been published because "the article was not initially subjected to the high degree of editorial scrutiny we require for all reporting," and (2) the Washington Post's publication of an open letter entitled "We're Seth Rich's parents.  Stop politicizing our son's murder." *Id*. ¶¶ 43-46.

The "focal point" of Heavin's statements was undoubtedly Washington, D.C., where Seth Rich was murdered, the DNC is headquartered, and its supposed efforts to cover up the murder would have occurred.  *Id*. ¶¶ 2-4, 62-64.  Plaintiff also lives and works in D.C., and his alleged efforts to abet the DNC's criminal conduct would have occurred in D.C.  *Id*. ¶¶ 14, 35, 61, 64.  While Heavin now asserts that he was unaware Brad lived or worked in D.C., he publicly acknowledged that he "Googled" Brad before stating he was "the DNC hitman" and "DNC cleaner." *Id*. ¶ 62.  If he performed even cursory internet research he would have quickly learned Brad lives and works in D.C.  Irrespective of Heavin's subjective knowledge of Plaintiff's residence, the "effects" of Defendant's defamatory statements were felt in D.C.

Defendant made these statements while Brad was volunteering as the Rich Family's spokesperson, a role necessitated by the spread of conspiracy narratives through fringe media outlets.  While Fox News briefly dabbled in the notion that Seth Rich fed the DNC's emails to WikiLeaks, it almost immediately retracted its story connecting them, and has not repeated this unfounded allegation.  *Id*. ¶¶ 5, 33-35, 43-45.  Courts have recognized that although an event may be "newsworthy," it does not automatically rise to the level of "public controversy." This is the case here.  Courts also hold that the "media's" action cannot form the basis for asserting heightened protections to the media's own challenged statements – a practice referred to as

"bootstrapping." In fact, Heavin actively sought out a platform and made his statements

expressly because the "media's not covering Seth Rich." *Id.* ¶ 62.  Because Heavin's statements

drove the "public controversy," particularly with respect to Plaintiff's supposed role in the

DNC's "crime," Heavin cannot avail himself of the "actual malice" standard articulated in *New*

*York Times Co. v. Sullivan*, 376 U.S. 254 (1964).  Even if he could, the Complaint satisfies this

standard, as it makes clear Defendant made his statements with reckless disregard – if not

outright contempt – for the truth.

Because this Court may exercise personal jurisdiction over Heavin, and because the

statements are actionable because they are both false and defamatory, the Court should deny

Heavin's motion to dismiss.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "need not provide

detailed factual allegations," but must simply allege facts sufficient "to raise a right to relief

above the speculative level on the assumption that all of the allegations in the complaint are true

(even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1] The court

"must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v.*

*Sorema, N.A.*, 534 U.S. 506, 508 n.1 (2002).  A plaintiff need allege "only enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

When addressing a Rule 12(b)(2) jurisdictional challenge, a plaintiff need only make "a

*prima facie* showing that the court has personal jurisdiction" over a defendant, *Ning Ye v. Hong*

*Bao Zhang*, No. 05-00832(HHK), 2006 WL 1102832, at *1 (D.D.C. Mar. 31, 2006), and the

court "must resolve any factual discrepancies with regard to the existence of personal jurisdiction

---

[1] Unless otherwise indicated, all internal citations and quotations have been omitted.

in favor of the plaintiff." *Lewy v. S. Poverty Law Ctr., Inc.*, 723 F. Supp. 2d 116, 119 (D.D.C.

2010). *See Manifold v. Wolf Coach, Inc.*, 231 F. Supp. 2d 58, 60 (D.D.C. 2002) ("in evaluating

the defendant's motion, the Court will assume all the factual allegations set forth in the

complaint, and will construe the complaint liberally in favor of the plaintiff").

"To make such a showing, the plaintiff is not required to adduce evidence that meets the

standards of admissibility reserved for summary judgment and trial; rather, she may rest her

arguments on the pleadings, 'bolstered by such affidavits and other written materials as [she] can

otherwise obtain.'" *The Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010)

(quoting *Mwani v. bin Laden,* 417 F.3d 1, 7 (D.C. Cir. 2005)). Thus, a plaintiff "is not limited to

the Complaint's allegations" in opposing a motion to dismiss for lack of personal jurisdiction.

*IMark Mktg. Servs. v. Geoplast, S.p.A*, 753 F. Supp. 2d 141, 162 (D.D.C. 2010).

## III.   ARGUMENT

### A.   It is settled law that the D.C. Anti-SLAPP Act does not apply in diversity jurisdiction cases in federal court.

Heavin asks the Court to ignore established precedent by applying the D.C.  Anti-SLAPP

Act and its burden-shifting regime to this diversity action.  In *Abbas v. Foreign Policy Group,*

*LLC*, 783 F.3d 1328 (D.C. Cir. 2015), the D.C. Circuit concluded that the D.C. Anti-SLAPP Act

does not apply in cases where the court is exercising diversity jurisdiction. *Id.* at 1333.  Courts

in this district have consistently adhered to *Abbas* and repeatedly held that the D.C. Anti-SLAPP

Act does not apply to the type of case presented here.[2]

Despite this unbroken string of decisions, Heavin argues that these cases "do not

---

[2] *See Fairbanks v. Roller*, No. 1:17-cv-01052 (TNM), 2018 WL 2727897, at *6 (D.D.C. June 6, 2018); *Libre By Nexus v. Buzzfeed, Inc.*, No. 1:17-cv-01460 (APM), 2018 WL 2248420, at *9 (D.D.C. May 16, 2018); *Deripaska v. Associated Press*, No. 17-00913 (ESH), 2017 WL 8896059, at *3 (D.D.C. Oct. 17, 2017).

adequately account for *Mann*'s interpretation of the Act's standard as mirroring that of Rule 56–

*Libre* and *Deripaska*, for example, confine their analysis to Rule 12–or for its recognition that

the Act confers substantive rights under D.C. law that are no less applicable than D.C.'s common

law of defamation." (Mem. at 9-10 n.4) (emphasis in original).  This is not correct.

For example, in *Deripaska*, the court dealt directly with this issue and delved into the

relevant footnote in *Mann*:

> While acknowledging that the 'applicability of the Anti-SLAPP statute in federal
> court is not for [the D.C. Court of Appeals] to determine,' that court held that 'the
> D.C. Anti-SLAPP Act's likelihood of success standard [ ] simply mirror[s] the
> standards imposed by Federal Rule 56.' And yet, the Act reverses 'the allocation
> of burdens for dismissal of a complaint under' Rule 12(b)(6), giving defendants
> 'the option to up the ante early in the litigation, by filing a special motion to
> dismiss that will require the plaintiff to put his evidentiary cards on the table . . .
> [which] makes the plaintiff liable for the defendant's costs and fees if the motion
> succeeds.'

2017 WL 8896059, at *2.  Likewise, in *Fairbanks*, the court noted that "*Mann* clarifies that the

anti-SLAPP statute's 'likelihood of success on the merits' standard mirrors the Rule 56 summary

judgment standard, requiring that 'the evidence suffices to permit a jury to find for the

plaintiff.'" 2018 WL 2727897, at *6 (quoting *Competitive Enter. Inst. v. Mann*, 150 A.3d at

1213, 1238 n.32 (D.C. 2016)).  The court explained: "But like a mirror, the anti-SLAPP statute

reverses the image that it reflects: *Mann* agrees with *Abbas* that the statute differs from Rule 56

by requiring the plaintiff to show a likelihood of success on the merits instead of placing the

burden on the defendant." *Id.*[3] Thus, contrary to Heavin's motion, courts in this district have

squarely addressed this issue, and declined to employ the D.C. Anti-SLAPP Act in diversity

---

[3] In *Fairbanks*, the court also noted that "[t]he final question that *Abbas* addressed under the
*Shady Grove* framework is whether Federal Rules of Civil Procedure 12 and 56 exceed the
authorization of the Rules Enabling Act. *See Shady Grove Orthopedic Assocs. v. Allstate Ins.
Co.*, 559 U.S. 393, 398 (2010). *Abbas* held that Rules 12 and 56 do not. *Abbas*, 783 F.3d at 1336-
37. As a local court, *Mann* had no occasion to explore the validity of the Federal Rules. Thus,
*Mann* does not undermine *Abbas* in this respect either." 2018 WL 2727897, at *6.

jurisdiction cases.

Heavin also wrongly argues that the D.C. Anti-SLAPP Act "confers *substantive* rights under D.C. law that are no less applicable than D.C.'s common law of defamation." (Mem. at 9-10 n.4). Yet, each court that has addressed whether *Mann* "clearly and unmistakably" required a federal court sitting in diversity jurisdiction to deviate from the D.C. Circuit's holding in *Abbas* has responded in the negative. *See* n.2 *supra*. Further, *Fairbanks*, *Libre*, and *Deripaska* all concerned defamation claims, further negating Heavin's attempt to reverse established law under the guise of "D.C.'s common law of defamation." (Mem. at 10 n.4.)

Heavin's attempts to apply the D.C. Anti-SLAPP Act in these proceedings should be rejected and his motion denied.[4] If the Court finds otherwise, it should afford Plaintiff discovery before considering dismissal. *See* D.C. Code § 16-5502(c)(2) ("When it appears likely that targeted discovery will enable the plaintiff to defeat the [special] motion [to dismiss under the Anti–SLAPP Act] and that the discovery will not be unduly burdensome, the court may order that specified discovery be conducted.").

## B. Heavin is subject to this Court's jurisdiction under the District of Columbia's long-arm statute.

Jurisdiction is proper where, as here, a tortious injury within D.C. was caused by a defendant's act outside D.C. and the defendant "had one of three enumerated 'minimum contacts'" with D.C. Specifically, D.C. Code § 13-423(a)(4) provides:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

---

[4] The D.C. Anti-SLAPP Act requires that a "special motion" be made within 45 days. D.C. Code § 16-5502(a). Each of the cases where the court determined whether the Act applied did so through defendant's filing of separate 12(b)(6) and Anti-SLAPP motions to dismiss. *See, e.g.*, *Fairbanks*, No. 1:17-cv-01052 (TNM)  (ECF Nos. 12, 13); *Libre*, No. 1:17-cv-01460 (APM) (ECF Nos. 6, 7); *Deripaska*, 1:17-cv-00913-ESH (ECF Nos. 6, 7). Here, Heavin merely invoked the D.C. Anti-SLAPP in his 12(b)(2), (6) motion rather than separately making a "special motion." As the Act has no application, the Court need not address this procedural infirmity.

— . . . . (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

These "plus factors" "filter out cases in which the in-forum impact is an isolated event and the defendant otherwise has no, or scant, affiliations with the forum." *Crane v. Carr*, 814 F.2d 758, 763 (D.C. Cir. 1987). Accordingly, the plus factors are "satisfied by connections considerably less substantial than those it takes to establish general, all-purpose 'doing business'—or 'presence'—based jurisdiction." *Crane*, 814 F.2d at 763. Such connections can be sporadic, rather than "continuous" or "systematic,"[5] and need not be close in time to the conduct underlying the tort claims. *IMark*, 753 F. Supp. 2d at 161. The "tort claim need not even arise from acts enumerated in subsection (a)(4)'s plus factors." *Crane*, 814 F.2d at 763 ("unlike the 'transacting business' nexus employed in D.C. Code § 13-423(a)(1), subsection (a)(4) contemplates a connection that may be *un* related to the claim in suit") (emphasis in original). The Complaint, along with the materials set forth in the Murphy Declaration attached to this Opposition, establish personal jurisdiction over Heavin pursuant to D.C.'s long-arm statute.

## 1. Heavin's defamatory statements caused Plaintiff tortious injury in the District of Columbia.

Plaintiff lives and works in D.C. Compl. ¶¶ 3 n.3, 14, 85, 87, 99, 105. Heavin's attempt to escape this Court's jurisdiction by asserting that "he had no reason to know or believe [Brad] resided within the District," (Mem. at 12), misses the mark for several reasons. *First*, Heavin publicly stated that "if you Google" Brad, you will find he is a "kind of a hitman" whose job was

---

[5] *See IMark*, 753 F. Supp. 2d at 161 (contrasting jurisdiction pursuant to D.C. Code § 13-423(a)(4) with general jurisdiction, which "in comparison, is 'a high bar' that requires that a defendant maintain 'continuous and systematic' contacts with the forum." *See also D'Onofrio v. SFX Sports Grp., Inc.,* 534 F. Supp. 2d at 86, 90 (D.D.C. 2008) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-16 (1984)).

"to cover up media issues around the Democratic Party." Compl. ¶ 62.  Assuming Heavin

actually did "Google" Brad, it defies understanding how he could have come to any other

conclusion but that Brad both lives and works in D.C.  *See Deripaska*, 282 F. Supp. 3d at 143-44

("It is true that 'a plaintiff may prove the defendant's subjective state of mind through the

cumulation of circumstantial evidence, as well as through direct evidence[.]'").

   *Second*, Heavin's claim that his supposed ignorance of where Brad lives and works

makes him exempt from personal jurisdiction in this forum contradicts the D.C. long-arm statute,

which subjects non-forum residents to personal jurisdiction in D.C.  when their actions cause

injury here.  *See* D.C. Code § 13-423(a)(4).  Regardless of what Heavin knew or believed about

Plaintiff's residence, the "effects" of Heavin's defamatory statements were clearly felt in in D.C.

and that is sufficient for the exercise of personal jurisdiction.  *See Calder v. Jones*, 465 U.S. 783,

789 (1984) ("Jurisdiction over petitioners is therefore proper in California based on the 'effects'

of their Florida conduct in California.").  Heavin's reliance on his purported willful ignorance to

escape this Court's jurisdiction would vitiate the D.C. long-arm statute.

   Heavin cites *Hourani* to support the proposition that "'[p]ublishing defamatory

statements within the District of Columbia that were made outside the District does not meet the

terms of § 13-423(a)(3) or (4)." (Mem. at 11 (citing *Hourani v. Psybersolution*, 164 F. Supp. 3d

128, 138 (D.D.C. 2016)).  This argument turns *Hourani* on its head.  The plaintiffs in *Hourani*,

as in *Kline v. Williams*, Civ. No. 05-1102 (HHK), 2006 WL 758459 (D.D.C. Mar. 23, 2006) –

which *Hourani* discussed – did not live or work in D.C.  *Hourani*, 164 F. Supp. 3d at 138.

   The *Hourani* Court stated that "[t]he *critical fact* for the determination of personal

jurisdiction was where the tortious injury occurred, and the *Kline* court pointed out that the

plaintiff was injured in the place *where she lived and worked*, not in the District of Columbia."

*Id.* at 139 (emphasis added). Here, there is no doubt the injuries caused by Heavin's defamatory statements were felt in Brad's residence, D.C.

Heavin also relies on this Court's decision in *Forras v. Rauf*, 812 F.3d 1102 (D.D.C. 2016), to argue he did not "publish anything" and merely "offered comments that others published." (Mem. at 11). But *Forras* concerned a defendant's public filing in a New York court, which a newspaper subsequently reported on. 812 F.3d at 1104. Heavin's conduct is inapposite. Unlike the *Forras* defendant, Heavin voluntarily participated as a guest on two publicly broadcasted and widely accessible programs, both of which are streamed online and archived for future access. Compl. ¶¶ 57, 61-69. And at least in the case of his InfoWars appearance, Heavin acknowledged that he asked to come on the show to discuss Plaintiff's purported ties to the DNC and efforts to cover-up the DNC's supposed murder of Seth Rich. *Id.* ¶ 64 ("that week was I think an important week, I started to call you guys because we needed to talk about it").

Thus, Heavin's false statements caused "tortious injury in the District of Columbia," where Plaintiff lives and works. *See, e.g.*, *Crane v. New York Zoological Soc.*, 894 F.2d 454, 457-58 (D.C. Cir. 1990) ("Quite clearly, economic loss resulting from defamation is most likely to be felt in one's place of business whatever the locus of its publication; and mental suffering is self-evidently experienced where the mind is located."); *Steinberg v. Int'l Criminal Police Org.*, 672 F.2d 927, 931 (D.C. Cir. 1981) (finding jurisdiction in D.C. where a Florida resident alleged that a publication calling him a wanted international criminal was transmitted to and circulated in D.C.); *Akbar v. New York Magazine Co.*, 490 F. Supp. 60, 64 (D.D.C. 1980) (harm to "professional standing caused by a defamation constitutes an injury 'in the District of Columbia'").

9

### 2. Heavin's defamatory statements were made outside D.C.

In his declaration, Heavin asserts that his statements were made while he has outside

D.C., in either New Mexico or Texas. *See* Decl. of Gary Heavin ¶¶ 7-8 (ECF No. 14-2).

### 3. Heavin satisfied sufficient "plus factors" of the D.C. long-arm statute.

#### a. Heavin "engages in any other persistent course of conduct" in D.C.

Heavin, personally and through Curves NA, has engaged in "other persistent course of

conduct" in D.C. D.C. Code § 13-423(a)(4). These contacts have taken a wide variety of forms.

*First*, Heavin broadcast his defamatory statements via websites that were directed at D.C.

and could interact with its residents. This Court has noted, "the ability of District residents to

access a defendant's website does *not,* by itself, show any 'persistent course of conduct' in the

District." *Parisi v. Sinclair*, 806 F. Supp. 2d 93, 94 (D.D.C. 2011) (citing *GTE New Media*

*Servs. Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1349 (D.C. Cir. 2000)). Rather, "for a website to

constitute persistent conduct within the District, it must allow a certain level of interactivity by

the user." *Id.* A website satisfies this standard if, for example, it "has interactive forums that

allow subscribers or web visitors to interact with [the speaker] or with one another." *Id.*

Here, Heavin does not own the web platforms he appeared on – InfoWars and The

Common Sense Show (each of which is also published on YouTube) – but that has no legal

import. What matters is that Heavin participated in interviews and "shows" hosted by those web

platforms, which were then broadcast in ways that allowed and encouraged audience members to

interact with Heavin and each other. The June 21, 2017, InfoWars broadcast was published on

the "Alex Jones Channel" on YouTube, with the description "Gary Heavin and Joe Biggs join

David Knight and Owen Shroyer live in studio to discuss the ongoing cover up of Seth Rich's

murder by the DNC as Brad Bauman does their dirty work." Compl. ¶ 61 & n.34. That

YouTube post currently has 14,338 views, 489 "Likes," and 91 comments, many of which have multiple replies. Some of the comments and replies expressly reference Heavin and his defamatory statements, including comments cheering him on.[6]  Other user comments highlighted and amplified Heavin's defamatory statements.  For example, YouTube user "Andy Hart" wrote "I think this Brad Bauman guy could be the one that killed [Seth Rich] too."[7]  The same is true of Heavin's May 28, 2017, appearance on The Common Sense Show.  That broadcast was published on the show's website and on YouTube. Compl. ¶ 57 & n.31.  Both sites allow and encourage comments on specific broadcasts, as evidenced by the user comments on each.  The YouTube publication has more than 10,600 views, with 196 "Likes" and 37 comments, many of which include replies, including comments directed at Heavin.[8]

Thus, each of the web platforms Heavin's defamatory statements were published on was "interactive."  Accordingly, under this Court's precedent, Heavin's broadcasts were part of a "persistent course of conduct" in this forum.  *See Parisi*, 806 F. Supp. 2d at 94.  When combined with tortious speech outside D.C. resulting in injury within it, and "at least some other non-internet related contacts between the defendant and the forum," the requirements of the D.C. long-arm statute are satisfied. *See id.*

*Second*, Curves NA maintains a corporate presence in D.C., even though its franchises appear to have closed.  Curves NA has an active corporate registration in D.C. and still has a

---

[6] *See* The Alex Jones Channel, DNC Political Hitman Continues Seth Rich Murder Cover Up, YOUTUBE (June 21, 2017)*,* https://www.youtube.com/watch?v=eQHxExRxtKI (Comment by My Name is Legion: "I really like what Gary Heavin said about the deep state"; Comment by Miss Miami: "Amen Gary Heavin!"; Comment by Timothy Sadler: "Please keep up the great coverage of this most important subject.").
[7] *See id.*
[8] *See* The Common Sense Show 5/28/17 (Hour 2), YOUTUBE (May 29, 2017), https://www.youtube.com/watch?v=Y7lwCYN4suc (Comment by Jorn Jacobson: "please let Mr. Haven (sic) know that I was privileged to see the early release [of his film Amerigeddon]").

registered agent here.  Murphy Decl. ¶ 7 & Ex. D (DCRA Screenshot).  In fact, Curves NA filed

its corporate registration in D.C. shortly before this suit was filed.  *See id.* Heavin remains the

Chairman of the Board of Directors of Curves NA,[9] and his leadership of a company registered

in D.C. is part of his "persistent course of conduct" in this jurisdiction,[10] even if the company no

longer generates substantial revenue here.[11]

     *Third*, Heavin's travels to, and direct communications with, D.C. also establish his

persistent course of conduct in this jurisdiction.  In a radio interview on April 29, 2018, Heavin

boasted of attending President Trump's inauguration in Washington, D.C., at which time he met

with key political influencers, such as Jeanine Pirro (a Fox News personality and former

judge).[12]  Moreover, flight logs for a private plane owned by another of Heavin's companies,

Haalo, Ltd., indicate he likely traveled to Washington, D.C. on at least one other occasion in

2017 alone.  Murphy Decl. ¶¶ 9-10 & Exs. F-G (aircraft registration) & Ex. 5 (flight logs).[13]

---

[9] *See* Amerigeddon, Cast and Crew List, *available at* http://amerigeddononthemovie.com/wp-content/uploads/2016/10/AmerigeddonCastandCrew.pdf ("[Heavin] currently holds the chairman positions on the boards of Curves and the Jennie Craig organization.").

[10] *See IMark*, 753 F. Supp. 2d at 162 ("Geoplast S.p.A. engaged in a persistent course of conduct with the District that was neither scant nor fortuitous. Geoplast U.S. voluntarily registered with the DCRA so it could conduct business within the District, thereby purposefully availing itself of the benefits and privileges of D.C. law. Therefore, Geoplast S.p.A. is amenable to suit under D.C. Code § 13-423(a)(4)."). *See also id.* ("Geoplast S.p.A.'s act of registering Geoplast U.S., its wholly-owned subsidiary and alter ego, with the DCRA so Geoplast U.S. could conduct business in the District renders it reasonable for Geoplast S.p.A. to anticipate being subject to suit in a D.C. court. This conclusion is further supported by the fact that Geoplast S.p.A. directed its allegedly tortious conduct towards IMARK, a resident of the District.").

[11] *See IMark*, 753 F. Supp. 2d at 160 (corporate defendant "engages in a consistent course of conduct" in D.C. even though it "is no longer an active entity and was not active during the time relevant to the Complaint.").

[12] Gary Heavin (Audio), on *The Common Sense Show*, at 38:14-38:19 (May 2, 2018) (Heavin referring to "Judge Jeanine [Pirro], who I got to meet at the [Trump] inauguration"), *available at* http://beforeitsnews.com/conspiracy-theories/2018/05/trump-is-compromised-says-major-campaign-contributor-css-hr-2-gary-heavin-2489444.html (last visited July 10, 2018).

[13] Haalo, Ltd. owns several airplanes, at least one of which, with the tail number N52ET, flew to and from D.C. in November 2017. *See* Murphy Decl. ¶ 9 & Ex. F (Flight Records showing

*Fourth*, Heavin, through his control of Curves Int'l, caused a 2012 donation of $1 million to American Crossroads,[14] Murphy Decl. ¶ 11 & Ex. H (OpenSecrets.org records regarding American Crossroads), a D.C.-based "Super PAC" that maintains a website advising donors and others to contact it via a D.C. P.O. Box and D.C. phone number.[15]  Murphy Decl. ¶ 12-13 & Ex. I-J (American Crossroads D.C. contact information).  Heavin has also repeatedly directed substantial *personal* contributions to political organizations based in D.C. Murphy Decl. ¶ 11 & Ex. H (OpenSecrets.org records and individual FEC donations).

*Fifth*, defendant routinely promotes his status as a "mover-and-shaker," *supra* n.7, who is "friends" with Senator Rand Paul, spoke with Senator Paul "on a frequent basis," and knew Senator Paul to be "in Washington."[16]

*Sixth*, Heavin asserted, in one of the interviews in which he defamed Mr. Bauman, that he was "in the running" to be appointed U.S. Ambassador to Haiti, and that Senator Paul lobbied for his appointment to the U.S. Secretary of State, who sent a note to the White House regarding the

---

flights between the following airports: IAD (Dulles); HEF (Manassas, VA); FDK (Frederick, MD); and PWG (Waco, TX, which is Heavin's residence). Of course, it is possible Heavin was not a passenger on these flights, a fact that additional declarations or jurisdictional discovery could test.

[14] *See* OpenSecrets.org, American Crossroads, *available at* https://www.opensecrets.org/outsidespending/contrib.php?cmte=c00487363&cycle=2012 (Curves International donated $1mm) (last visited July 10, 2018); https://www.opensecrets.org/news/2012/12/american-crossroads-brought-in-37-m/ (identifying Curves International donation as a Heavin donation) (last visited July 10, 2018).

[15] *See* American Crossroads, Contact Us, *available at* https://www.americancrossroads.org/contact-us/ (American Crossroads contact information directs donors to D.C. phone number and D.C. P.O. Box) (last visited July 10, 2018).

[16] Gary Heavin (Audio), on *The Common Sense Show*, at 6:53-7:07 (May 2, 2018) (during embedded broadcast video of broadcast that aired on April 29, 2018, Heavin stated: "I'm friends with [Ron Paul's] son, Rand [Paul], and, uhh, Rand's probably the the [sic] only completely uncompromised politician in . . . uhhh . . . *in Washington*, and I get to *talk with him on a frequent basis*.") (emphasis added), *available at* http://beforeitsnews.com/conspiracy-theories/2018/05/trump-is-compromised-says-major-campaign-contributor-css-hr-2-gary-heavin-2489444.html (last accessed July 10, 2018).

nomination.[17]  Heavin thus attempted to obtain a position with the federal government by lobbying federal officials based in D.C.

*Seventh*, Heavin funded, acted in, and served as Executive Producer of, a film entitled "Amerigeddon,"[18] whose Director claimed "[o]ur film has been brought up in high-level government meetings,"[19] and whose promotional campaign encouraged viewers to speak to and reign in the power of the U.S. federal government.[20]  The film also has a website, Twitter account and Facebook page that are "interactive," as this Court has defined the term. The film's website includes a "contact" email address and contact phone numbers[21]  The film's Twitter account, which has been described as "the place to follow Gary [Heavin],"[22] and Facebook page are highly interactive: on Twitter, @AmeriGEDDONfilm has 915 followers and has Tweeted 201 times; those Tweets have been liked, re-tweeted, and commented on hundreds of times.  The Amerigeddon Facebook page has even greater reach: 130,584 people have "liked" the page, 129,216 people "follow" it, and its many posts frequently inspire likes, shares, and comments.[23]

---

[17] *See* Dave Hodges, The Common Sense Show, *available at* http://www.thecommonsenseshow.com/blockbuster-revelations-from-a-very-prominent-american-regarding-the-seth-rich-murder-and-whos-behind-it/ ("I'm in the running for [the Ambassadorship] . . . . I've got a good shot at it. And, uh, you know, my chief advocate is . . . Senator Rand Paul. And he's really worked at it. And so he's asked uh personally the head of the State Department . . . the Secretary of State, and he the other day sent a personal note from the State Department to the White House requesting me, so I'm in a really good position to get it.")

[18] *See* http://amerigeddonthemovie.com/about/ (describing Heavin as a "writer" and "Executive Producer," and stating "Amerigeddon is a joint venture between Gary Heavin and Mike Norris.")

[19] *See* https://www.facebook.com/AmerigeddonMovie/videos/1192784690734842/.

[20] *See, e.g*, http://amerigeddonthemovie.com/about/ ("AMERIGEDDON's release in an election year is not coincidental. The film illustrates a dystopian future all patriots must guard against and is a call to action to preserve the Second Amendment and stop executive rule by fiat.")

[21] *See* http://amerigeddonthemovie.com/contact/.

[22] *See* Fox News, *Is there a 'shadow government' working in Washington?*, *available at* http://video.foxnews.com/v/4897750144001/ (May 17, 2016, interview, describing the Amerigeddon Twitter page (without contradiction by Heavin) as "the place to follow Gary on Twitter.")

[23] *See* https://www.facebook.com/AmerigeddonMovie/?hc_ref=ARRqg_iCeHCHPUwRKg1l2-

Moreover, through his Amerigeddon Twitter Account, Heavin specifically directed communications (via Twitter) to D.C. by "trolling" prominent Democratic politicians, including Bernie Sanders[24] and Hillary Clinton,[25] whom Heavin knew resided and worked in D.C. as part of their official duties.  As Heavin stated in a Fox News interview:

> You probably know I'm a major Republican donor, at least I have been over the years. Yes, I am trying to influence the political process. You know, there's a great awakening in our country right now. Americans have realized that there's a criminal elite in Washington that's stolen our country.[26]

*Eighth*, Heavin spoke on-stage during at least one gathering of the American Conservative Union ("ACU")'s Conservative Political Action Conference ("CPAC").[27]  CPAC has been described as:

> equal parts political rally, conservative boot camp, recruiting tool, trade show and merchandise mart, [and] Beltway celebrity watch party … CPAC … is the largest annual gathering of conservative activists from across the United States. …with attendance topping the 10,000 mark in recent years. It's four days of speeches, panel discussions, break out sessions, networking breakfasts, after-hours parties … where the rock stars are leading conservative voices – some of them elected officials, some best-selling authors or media stars, and other icons of the movement.[28]

---

6nhDZ-Euw7OGbHsqj3dl049vgL0OlDOJaDLLQvg6w7z9Y&fref=nf (last visited July 15, 2018).

[24] *See* AmeriGEDDONfilm (@AmeriGEDDONfilm), TWITTER, https://twitter.com/AmeriGEDDONfilm/status/711024491837566976 ("@SenSanders doesn't have a CLUE about this country's founding"). In Twitter culture, the use of the "." before another Twitter handle indicates that the message is being specifically directed towards the recipient, in this case, Senator Sanders.

[25] *See* AmeriGEDDONfilm (@AmeriGEDDONfilm), TWITTER, https://twitter.com/amerigeddonfilm?lang=en (Amerigeddon Twitter Account tweet directed to "Dear @HillaryClinton").

[26] *See* Fox News insider, New Film Envisions Power Grid Attack: What Happens When Gov't Turns on You?, http://insider.foxnews.com/2016/05/12/amerigeddon-movie-envisions-doomsday-scenario-after-emp-attack-martial-law (Heavin quote at 3:18-3:34).

[27] *See* CPAC 2014 Schedule of Events, http://www.p2016.org/photos14/cpac14/cpacsched14.pdf ("Gary Heavin" identified on "CPAC 2014 Schedule of Events" as being one of four speakers at a 3:30 pm event at CPAC on March 7, 2014) (last accessed July 10, 2018).

[28] Don Gonyea, National Public Radio, *What is CPAC?* (Feb. 22, 2017), online at https://www.npr.org/2017/02/22/516535373/what-is-cpac-a-room-that-didnt-always-love-trump-but-owes-him-a-lot (last accessed Jul. 15, 2018).

While the CPAC conference takes place a few miles outside of D.C. (in National Harbor, MD), CPAC is operated by the D.C.-based ACU,[29] and CPAC's stated mission is to influence "Washington's powerful elites"[30] by bringing together grassroots conservatives from around the country in a multi-day networking event designed to allow them to meet with prominent D.C.-based conservative politicians and thought leaders. It is not plausible that Heavin was a featured speaker at CPAC in 2014 (or other years) without coordinating his participation with ACU personnel in Washington, D.C. as provided for on the ACU website.

While any one of these contacts could independently establish a persistent course of conduct in this forum, they collectively leave no doubt. Based on the totality of Heavin's contacts with D.C., jurisdiction is proper in this forum under D.C.'s long-arm statute. *See IMark*, 753 F. Supp. 2d at 162 (jurisdiction proper "considering the totality of [defendant's] contacts with the District," including corporate registration, direction of tortious activity toward D.C., and past business activity).

**b. Heavin "derives substantial revenue from goods used or consumed, or services rendered, in" D.C.**

Heavin satisfies the third plus factor of D.C.'s long-arm statute because he derived "substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(4). Heavin states he does not currently do business in D.C. (Heavin Decl. ¶ 4). But as both an owner and director of the company he founded, Curves International ("Curves Int'l"), and its subsidiary Curves North America ("Curves NA"), Heavin engaged in substantial commercial activity in D.C. in prior years. From at least 2006 to 2009, there were at least six Curves franchises in D.C. Declaration of Michael Murphy ("Murphy

---

[29] *See* https://conservative.org/contact (listing a Washington, D.C. telephone number in the "Contact ACU" page) (last visited July 10, 2018).

[30] *See* CPAC, About, *available at* http://cpac.conservative.org/about/ (last visited July 10, 2018).

Decl.") ¶¶ 4-5 & Ex. A-B. (Yellow Pages).[31]  From 2010 to 2011, there were at least four Curves

franchises in D.C. Murphy Decl. ¶ 6 & Ex. C (Yellow Pages).  Curves NA was in the franchising

business, and thus generated revenue by establishing franchises nationwide.[32]  As an owner of

Curves NA during the years when there were four to six Curves franchises in D.C., it is

ineluctable that Heavin would have derived revenue, which flowed through his company to him,

from payments made by Curves' D.C. franchisees.

These payments, even if minimal in relative terms, satisfy the "revenue" plus factor.  *See*

*Akbar*, 490 F. Supp. at 65 ("average total annual sales in the District of Columbia, of $32,897.04,

which represents approximately .7% of total sales, constitutes substantial revenue under the

meaning of [§] (a)(4).  We do not believe it would 'offend traditional notions of fair play and

substantial justice' to subject a publishing company doing this level of business in the District of

Columbia to jurisdiction before courts located here.").

Moreover, although the D.C.-based franchises apparently ceased operations prior to this

suit, the plus factors do not require temporal proximity.  *See IMark*, 753 F. Supp. 2d at 161.

Indeed, *IMark* expressly rejected a corporate defendant's argument that it did not regularly do or

solicit business in D.C. because it "is no longer an active entity and was not active during the

time relevant to the Complaint," *id*. at 160, finding that such a temporal standard would "impose

---

[31] The Murphy Declaration is attached hereto as Exhibit A. To avoid confusion, the Exhibits within the Murphy Declaration are numbered, and all exhibit references herein are to the Murphy Declaration exhibits.

[32] Heavin routinely linked his ownership of Curves to his appearances (*e.g.*, he was identified in his Curves capacity at CPAC, *see n.27 infra*) and his publications. *See, e.g.*, AmeriGEDDONfilm (@AmeriGEDDONfilm), TWITTER (Joined Nov. 2015), https://twitter.com/amerigeddonfilm?lang=en (Heavin's Amerigeddon Twitter Account retweeting Amerigeddon story titled "Curves founder takes on an action film" and noting that "Curves, Inc. founder and former CEO Gary Heavin moves from a behind-the-scenes mover-and-shaker to one in front of the camera"). Thus, the Court could infer that Curves was useful in marketing his film and promoting his broader agenda.

novel requirements" on D.C.'s long-arm statute, which the D.C. Circuit has disallowed, *id*. at 161 (citing *Tidler v. Eli Lilly & Co.*, 851 F.2d 418,424 (D.C. Cir. 1988)).  Thus, personal jurisdiction is appropriate based on the "derives substantial revenue" plus factor.

### 4.    Exercising personal jurisdiction comports with due process.

In addition to satisfying the D.C. long-arm statute with respect to Heavin, "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  *See also World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.").  Although a defendant must intentionally establish contacts in the forum state, *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987) (plurality opinion), he need not physically enter the forum as long as he "purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

As a threshold matter, a court in this district, assessing allegations similar to those here, held that "[b]ecause subsection (a)(4) of the long-arm statute does not reach the outer limits of due process, *Crane v. Carr*, 814 F.2d. at 762, and . . . there are sufficient 'plus factors' to meet the requisites of subsection (a)(4), it follows that there are also sufficient minimum contacts to satisfy due process."  *See Blumenthal v. Drudge*, 992 F. Supp. 44, 58 (D.D.C. 1998).  The same is true here: considering the totality of Heavin's contacts with D.C., which at a minimum include travel, communications, an active corporate registration for a company he founded and serves as Chairman of, revenue generated by DC-based franchises, and a steady stream of political contributions to D.C.-based organizations focused on influencing political decision-making in

18

Washington, D.C, he "should reasonably anticipate being haled into court" here. *World-Wide Volkswagen*, 444 U.S. at 297.

The same conclusion applies even if the Court solely focuses on Defendant's defamatory statements.  Defendant Heavin was more than an accidental guest on the InfoWars program during which he made false statements about Brad. On the June 21, 2017 installment of InfoWars, Defendant Heavin led a panel discussion under the banner "DNC Political Hitman Continues Seth Rich Murder Cover Up."  Compl. ¶ 61.  The Alex Jones Channel billed the discussion as: "Gary Heavin and Joe Biggs join David Knight and Owen Shroyer live in studio to discuss *the ongoing cover up of Seth Rich's murder by the DNC* as *Brad Bauman does their dirty work.*"  *Id*. ¶ 61 (emphasis added).  Such descriptions reinforce that the "focal point" of Defendant's speech was Washington, D.C. *Calder*, 465 U.S. at 789 (finding personal jurisdiction because "the focal point both of the story and of the harm suffered" was in California).

The discussion Heavin initiated and led involved statements made on a panel entitled DNC Political Hitman Continues Seth Rich Murder Cover Up. Compl. ¶ 61.  The DNC is headquartered in D.C. Seth Rich was murdered in D.C.  *Id*. ¶¶ 26, 35.[33]  And Brad lived and worked in D.C., which even rudimentary internet research quickly reveals.  Moreover, the discussion was billed as coverage of the "*ongoing cover up of Seth Rich's murder by the DNC* as *Brad Bauman does their dirty work.*" *Id*. ¶ 61 (emphasis added).  Again, this topic relates

---

[33] Paragraph 26 of the Complaint contains an immaterial typographical error inadvertently listing the time of Mr. Rich's murder as "approximately 2:30 a.m." *See* Seth Rich: Inside the Killing of the DNC Staffer, Newsweek (Aug. 20, 2016), *available at* http://www.newsweek.com/seth-rich-murder-dnc-hack-julian-assange-hillary-clinton-donald-trump-492084 ("At 2:30 a.m. on July 10, the torrid heat that had gripped the city for weeks had eased slightly, with temperatures slipping into the low 70s."; "At 4:19 a.m., police patrolling nearby responded to the sound of gunfire in Bloomingdale and found Rich lying mortally wounded at a dark intersection a block and a half from a red-brick row house he shared with friends.").

primarily (if not exclusively) to activities in D.C.  To remove any doubt about the "focal point" of Heavin's defamatory statements, they occurred against a studio backdrop of photos of the United States Capitol and the United States Supreme Court. *Id.*

In *Blumenthal*, the court noted that the "subject matter of the Drudge Report primarily concerns political gossip and rumor in Washington, D.C."  992 F. Supp. at 57.  Like The Drudge Report, InfoWars largely focuses its coverage and discussions on Washington and the federal government.  Heavin actively sought out InfoWars – a media platform overtly focused on the nation's capital – to make false statements about a tragic event in D.C., a D.C.-based political entity, and a D.C. resident. Compl. ¶ 64.

He should have reasonably expected that the "effects" of his statements would be felt in D.C. Defendant's stated goal was to draw attention to events (real and imagined) occurring in our nation's capital and purported crimes committed by D.C. parties, (Compl. ¶¶ 57, 61-65); he succeeded, thereby foreseeably submitting himself to this court's jurisdiction.  Given the primary focus of Heavin's statements were activities in D.C. and the injuries to Plaintiff occurred here, "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *GTE New Media Servs.*, 199 F.3d at 1347.

## C.  Alternatively, the Court should permit jurisdictional discovery or allow Plaintiff to amend his Complaint.

For the reasons stated above, this Court should exercise jurisdiction over Heavin.  If the Court reaches a different conclusion, it should permit Plaintiff to pursue narrowly-tailored jurisdictional discovery.  *See, e.g., Messina v. Fontana*, 260 F. Supp. 2d 173, 180 (D.D.C. 2003) (permitting jurisdictional discovery in defamation case with competing affidavits relating to defendants' contacts under the D.C. long-arm statute), *aff'd sub nom. Messina v. Krakower*, 439 F.3d 755 (D.C. Cir. 2006).

20

In this District, the "standard for permitting jurisdictional discovery is quite liberal." *Diamond Chem. Co. v. Atofina Chems. Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003). Jurisdictional discovery is available when a party has "at least a good faith belief" that personal jurisdiction exists. *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1090 (D.C. Cir. 1998). This is true even where the plaintiff has not established a *prima facie* case of personal jurisdiction. *See GTE New Media Servs.,* 199 F.3d at 1351-52 ("[A]s the record now stands, there is absolutely no merit to [plaintiff]'s bold claim that the parent companies and subsidiaries involved in this lawsuit should be treated identically. Jurisdictional discovery will help to sort out these matters."). Jurisdictional discovery, not dismissal, is appropriate when "a party demonstrates that it can supplement its jurisdictional allegations through discovery." *See id.*[34]

As demonstrated in Section III.B.3 above, Plaintiff can augment his jurisdictional claims with narrowly-tailored discovery limited to defendant's contacts with D.C. Such requests would relate to: (1) Heavin's travels to D.C.; (2) Heavin's communications with persons and organizations based in D.C.; (3) Heavin's knowledge of where Plaintiff resided and worked when Heavin made the challenged statements, including the scope and results of the "Google" research he said he conducted; (4) any business activity and revenue generated by Curves in D.C., including any franchise applications or agreements; and (5) Heavin's past and current ownership interest in, or compensation from Curves.

---

[34] *See also Gorman v. Ameritrade Holding Corp.*, 293 F .3d 506, 513 (D.C. Cir. 2002) ("Because the plaintiff has 'demonstrate[d] that it can supplement its jurisdictional allegations through discovery, . . . jurisdictional discovery is justified' and should have been afforded."); *Rochon v. F.B.I.*, 691 F. Supp. 1548, 1560 (D.D.C. 1988) (permitting jurisdictional discovery where there is support for finding that proper jurisdiction "may lie" in D.C. to more "precisely tie each defendant to actions within" D.C.).

Finally, irrespective of whether this Court determines that jurisdictional discovery is appropriate, it should not dismiss the case without first permitting Plaintiff to amend his Complaint.  Fed. R. Civ. P. 15 ("The court should freely give leave" to amend complaints "when justice so requires."); *Christensson v. Hogdal*, 199 F.2d 402, 406 (D.C. Cir. 1952) ("The modern rule is liberal in permitting the amendment of pleadings to show that the court has jurisdiction.").

### D.  Heavin's statements are actionable under the law of defamation in D.C.

"In order to state a claim of defamation, [a] plaintiff must allege and prove four elements: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm."  *Solers, Inc. v. Doe*, 977 A.2d 941, 948 (D.C. 2009). Plaintiff's Complaint contains allegations that satisfy each of these elements.

Heavin's claim that his statements were not, in fact, defamatory raises questions for the jury, and thus are not appropriate at the 12(b)(6) stage.  "[U]nder District of Columbia defamation law, which governs this diversity case, a court's power to find that a statement is not defamatory as a matter of law is limited" and "'[i]t is only when the court can say that the publication is not reasonably capable of any defamatory meaning and cannot be reasonably understood in any defamatory sense that it can rule as a matter of law, that it was not libelous.'"  *White v. Fraternal Order of Police*, 909 F.2d 512, 518 (D.C. Cir. 1990).  Notwithstanding this Circuit's cautious approach, Heavin urges the Court to accept their implausible interpretation of Heavin's plain words and resolve complex factual questions at the motion to dismiss stage; Heavin should save these pure questions of fact for a jury.

The standard to be applied in evaluating the statements depends on whether the target of

22

the statements is a private or public figure. In the case of the latter, "[t]here are two types of public figures: 'general purpose and limited purpose public figures.'" *Abbas v. Foreign Policy Group, LLC*, 975 F. Supp. 2d 1, 11 (D.D.C. 2013) (quoting *Tavoulareas v. Piro*, 817 F.2d 762, 772 (D.C. Cir. 1987) (*en banc*)).  Although Heavin argues that "Mr. Bauman is, at a minimum, a limited-purpose public figure," and therefore the actual malice standard enunciated in *New York Times v. Sullivan* should apply to his statements (Mem. at 13), for the reasons stated in Section III.D.3, below, this matter does not amount to a "public controversy" and a simple negligence standard governs.

Heavin made it abundantly clear that he stated that Bauman was helping the DNC cover up the murder of Seth Rich because the "media" was not covering what he described as "the biggest story of the year."  Compl. ¶¶ 62-65.  Heavin should not be allowed to "bootstrap" himself into the heightened actual malice standard by pointing to an alleged "public controversy" that he (1) admitted did not yet exist, and (2) attempted to manufacture by drawing public and media attention to a conspiracy narrative that both had ignored.  *See Hutchinson v. Proxmire*, 443 U.S. 111, 135 (1979) (finding "[c]learly, those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure.").

### 1.     Heavin's statements are actionable because they were false, capable of a defamatory meaning, and not protected speech.

To be actionable, statements must be both false and defamatory.  *Rosen v. Am. Israel Pub. Affairs Comm., Inc.*, 41 A.3d 1250, 1256 (D.C. 2012).  This standard is met here. Only those statements tending "to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community" can be defamatory.  *Id.*  The defamatory speech must rise to the level of making the plaintiff appear "odious, infamous, or ridiculous"—it cannot be merely unpleasant or offensive.  *Id.*  Heavin's statements were both false and defamatory. In

fact, because the statements were intended to directly link Brad to the DNC – which had been accused exclusively by the fringe of actively covering up the murder of Seth Rich and in Heavin's case actually stating the "DNC very likely killed one of their own" (Compl. ¶ 65) – there can be no serious dispute that these statements as alleged tend to injure the Plaintiff in his profession by indicating that he lacks knowledge, skill, honesty, character, and integrity, and constitute actionable defamation. *See Williams v. District of Columbia*, 9 A.3d 484, 491-93 (D.C. 2010) (complaint alleging defendant published defamatory statement that plaintiff was "terminated for embezzlement" and "initiated a false rumor about" plaintiff stated a claim for defamation); *Parnigoni v. St. Columba's Nursery School*, 681 F. Supp. 2d 1, 15-18 (D.D.C. 2010) (teacher stated a claim for defamation by implication where statements implied she posed a danger to others in light of her marriage to a sex-offender).

Indeed, more than a century of case law compels this conclusion, and undersigned counsel are aware of no reported opinion in which a court held that a false allegation that an individual participated in a conspiracy to conceal a murder was not defamatory.[35] Heavin's

---

[35] *See, e.g., Indianapolis Newspapers, Inc. v. Fields*, 254 Ind. 219, 243-44, 259 N.E.2d 651, 660-61 (1970) (false claim that plaintiff "intimidated" others "to cover up a murder" was defamation *per se* actionable under actual malice standard); *Luper v. Black Dispatch Pub. Co.*, 675 P.2d 1028, 1034 (Ok. Ct. App. 1983) (allegation that Heavin published statement accusing plaintiff of committing perjury and being a participant to a murder conspiracy after information was known that would contradict claim stated a claim under actual malice standard); *Sprague v. Walter*, 441 Pa. Super. 1, 14-16, 656 A.2d 890, 896-97 (Pa. Sup. Ct. 1995) (publication of an article "contain[ing] a strong inferential accusation that [plaintiff] wrongfully and surreptitiously obstructed a homicide case . . . in order to permit the son of a friend to escape prosecution," where such inference was false, constituted defamation under actual malice standard); *Bergmann v. Jones*, 94 N.Y. 51, 63-64 (1883) (false statement that plaintiff "concealed" evidence of a murder (the body) constituted defamation *per se*); *Barcelo v. Agosto*, 876 F. Supp. 1332, 1347 (D.P.R. 1995) (in dicta, noting that "[t]he comments allegedly made by the defendants to the effect that the plaintiff was involved in the murders … or in subsequent efforts to cover up … would be found actionable since a publication is libelous per se when it imputes the commission of an offense"), *aff'd sub nom. Romero-Barcelo v. Hernandez-Agosto*, 75 F.3d 23 (1st Cir. 1996); *cf. Sweeney v. Sengstacke Enters., Inc.*, 536 N.E.2d 823, 826-27 (Ill. Ct. App. 1989) (complaint

odious allegations comfortably fit within this long-settled legal tradition.

Heavin's primary legal defense is that his statements regarding Plaintiff were "obviously hyperbolic" (Mem. at 17) and thus are either not capable of defamatory meaning (*id.* at 16-17) or are protected by the First Amendment (*id.* at 19-21). Both arguments are foreclosed by the Supreme Court's decision in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990). There, the Court distinguished between "loose, figurative, or hyperbolic language," contained in "statements that cannot 'reasonably [be] interpreted as stating actual facts' about an individual," from those that are "sufficiently factual to be susceptible of being proved true or false." *Id.* at 21. With respect to the latter, the Court found no basis for protection from defamation actions, explaining that while the Court recognized "the [First] Amendment's vital guarantee of free and uninhibited discussion of public issues," it had "regularly acknowledged the 'important social values which underlie the law of defamation,' and recognized that 'society has a pervasive and strong interest in preventing and redressing attacks upon reputation.'" *Id.* at 22. In applying this balancing test, the *Milkovich* court found false allegations of conduct that could support criminal charges, which could be objectively tested, were not "hyperbolic," but were instead capable of defamatory meaning and unworthy of First Amendment protection.[36] *Id.* at 21-22.

Heavin argues that to the extent he stated or implied that Plaintiff helped his alleged employer, the DNC, to cover up the DNC's supposed role in the Seth Rich murder, his

---

that alleged that defendant falsely claimed plaintiff was part of a "conspiracy to kill the mayor of Chicago" "on its face [] gives rise to the factual inferences tending to support a charge of actual malice"); *Owens v. CBS Inc.*, 527 N.E.2d 1296, 1306 (Ill. Ct. App. 1988) (false allegation that plaintiff had sent a letter to the White House threatening the President's life was a defamatory accusation of criminal conduct rather than "mere 'rhetorical hyperbole'").

[36] *See also Moldea v. New York Times Co.*, 22 F.3d 310, 313 (D.C. Cir. 1994) ("there is no wholesale exemption from liability in defamation for statements of 'opinion.' Instead, statements of opinion can be actionable if they imply a provably false fact, or rely upon stated facts that are provably false.").

statements or implications were of the kind courts have found not actionable.  (Mem. at 16-18.)

In *Milkovich*, the Supreme Court acknowledged that describing a real estate developer's

negotiating tactics as "blackmail," where the developer was alleged to have leveraged a potential

transaction to obtain a zoning variance but not to have "committed the actual crime of

blackmail," was hyperbolic because the statements did not allege conduct that could constitute

the crime of blackmail.  497 U.S. at 17-18.  However, where a newspaper stated that someone

"lied at" a court hearing, after swearing to tell the truth, "a reasonable factfinder could conclude

that the statements . . . imply an assertion that [defendant] perjured himself in a judicial

proceeding."  *Id.* at 21.  The Court explained: "This is not the sort of loose, figurative, or

hyperbolic language which would negate the impression that the writer was seriously

maintaining the petitioner committed the crime of perjury."  *Id.*  Rather, "the connotation that

petitioner committed perjury is sufficiently factual to be susceptible of being proved true or

false."  *Id.*

      Heavin's statements here easily meet this standard.  While Heavin's statements may not

suggest that Plaintiff was literally a "hitman," meaning a hired killer, it is unquestionably

reasonable to understand Heavin's explanations of his use of "DNC hitman" and "DNC Cleaner"

as making clear that he was accusing Plaintiff of helping the DNC to cover up its supposed

murder of Seth Rich.  Compl. ¶ 57.  Thus, following Heavin's description of Plaintiff as "the

cleaner" for the DNC, he explained that Brad was someone who "would lie, cheat, and steal to

[sic] avoid the truth . . . because they work for the DNC."  *Id.*  And the "truth" Plaintiff was

attempting to cover up, according to Heavin, was that Plaintiff's supposed employer, the DNC,

killed Seth Rich.  *Id.* ¶¶ 61-65.  Likewise, during his InfoWars appearance, Heavin explained

that, by calling Plaintiff a "Democratic hitman," he meant Brad "goes out and covers [up]

messes." *Id.* ¶ 62.  Subsequent statements made clear that the "mess" Heavin was referring to was that "[t]he DNC very likely killed one of their own." *Id.* ¶ 65.  Plaintiff did so, according to Heavin, by "saying this [conspiracy narrative regarding the Seth Rich murder] is insensitive, and . . . let the police handle it,"[37] and using the family's grief "as a strategy to shut the media reports [about the DNC's role in the murder] down." *Id.* ¶ 63.

Heavin's statements did not cite any criminal codes, recite the elements of any crime, or even state a crime had been committed.  Nor did he state that Plaintiff should be criminally prosecuted or investigated. But these factors were also absent in *Milkovich*.[38]  The Supreme Court nonetheless found defamatory meaning, and unprotected speech, because "a reasonable factfinder could conclude that the statements . . . imply an assertion that petitioner [] perjured himself in a judicial proceeding."  497 U.S. at 21.  As in *Milkovich*, a reasonable factfinder could conclude that Heavin's statements, taken separately or collectively, expressly stated or implied that Plaintiff committed multiple crimes, including fraud, a murder-for-hire scheme, and misprision of a felony.  *See* Compl. ¶¶ 57, 59, 61-65, 129, 137.

**Fraud.** Heavin's statements alleged conduct by Plaintiff that would constitute criminal fraud under D.C. law.  Heavin did so by agreeing with the statement that "Brad Bauman is the

---

[37] Heavin asserts he could not have stated or implied Plaintiff covered up a crime by saying Plaintiff wanted to "let the police handle it." (Mem. at 17.) But in proper context, it is clear that Heavin believed the D.C. police had mischaracterized the Seth Rich murder as a botched burglary, and that an independent investigation would show the DNC had hired a killer to commit the crime. Thus, Heavin's statement, in this context, was part of the larger narrative that Plaintiff was attempting to discourage investigation and cover up the "truth."

[38] *See also*, *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1163 (5th Cir. 2006) (statement that "defendants were thieves or had stolen property," without citation to criminal statutes, elements, investigation or prosecution, "directly imputes specific crimes under Texas law," and "[t]he mere fact that an accusation arose from a heated controversy does not strip the statement of its defamatory content where a person of ordinary intelligence would nonetheless interpret the statement to impute a crime.")

exact type of person" that preys on a grieving family that is "in a very vulnerable situation" by deceiving them into hiring him by falsely claiming that he would serve as their spokesman with their best interests at heart, when in reality, Heavin said, Brad was "*the* DNC hitman" planted by the DNC to stifle the questions necessary to solve Seth's murder.  Compl. ¶¶ 62-63.  In short, Heavin alleged that the DNC and Podesta conspired with Bauman to plant Bauman as a DNC operative in the Rich Family's camp in order to advance the DNC's and Podesta's plot to conceal the true cause of Seth Rich's murder.  *Id.*  These statements could be reasonably understood as asserting that Plaintiff engaged in conduct that would violate D.C.'s criminal prohibition on fraud taking the form of a "[f]alse promise as to future performance," under which "[f]raud may be committed by means of false promise as to future performance which the accused does not intend to perform or knows will not be performed."  D.C. Code § 22-3221(c).

As the D.C. Court of Appeals has held, it is criminal fraud under D.C. law to make a promise relating to some good or service[39] with the intent to violate the promise while the promise is being made.  *Hoff v. Wiley Rein, LLP*, 110 A.3d 561, 565 (D.C. 2015) ("the criminal fraud language of the D.C. Code § 22-3221(c)" applies when . . . "a promise was made without the intent to perform, or that the promisor had knowledge that the events would not occur," and that a person who makes an allegedly false promise about future performance must "positively state[ ] that something is to be done or is to occur, when he knows the contrary to be true . . . "); *cf. United States v. Bush*, 522 F.2d 641, 646-48 (7th Cir. 1975) (pre-*McNally* and *McDonnell* mail fraud conviction upheld where the press secretary for a city recommended that a company receive a contract without disclosing his ownership in the company).[40]  Here, Heavin's language

---

[39] D.C. Code § 22-3201(3) defines "property" broadly to include services.
[40] This rationale no longer applies to federal honest services fraud, because the Supreme Court determined, in *McDonnell*, that the particular language used in 18 U.S.C. § 1346 was

could reasonably be understood to suggest that Plaintiff "engage[d] in a scheme . . . with the intent to defraud" the Rich family "and thereby … cause[d] [the Rich family] to lose property," which under D.C. Code § 22-3201(3) includes promised "services."  Heavin's statements above satisfy every element of D.C.'s "false promises" fraud statute, D.C. Code § 22-3221(c), and thus qualify as defamation *per se*. Compl. ¶¶ 62-65, 129.

**Murder-for-Hire Conspiracy.** Heavin directly accused Brad of being a co-conspirator in the DNC's and Podesta's alleged murder-for-hire plot against Seth Rich that was allegedly carried out to protect the DNC's and Podesta's political interests.  These statements, in context, could reasonably be understood to assert that Plaintiff, a professional spokesperson whose job routinely entails the use of U.S. wires (*e.g.*, to place phone calls), criminally joined the DNC's and Podesta's alleged conspiracy to use interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. §§ 371 (conspiracy) and 1958 (murder-for-hire). Critically, Heavin's defamatory statements here did not need to allege that Plaintiff was involved in the initial alleged decision by the DNC and Podesta to hire a hitman to have Seth Rich murdered so long as Heavin, as he did here, stated that "the DNC very likely killed" Seth Rich, that Brad was specifically hired by the DNC to conceal the truth about the attack, and that Brad did so for the purpose of carrying out the purpose behind the purported attack – *i.e.*, to protect the political interests of the DNC and Podesta by murdering someone who contradicted their preferred narrative.  As the D.C. Circuit held in *United States v. Haldeman*, the Watergate

---

problematic for reasons specific to its text and history. *See generally McDonnell v. United States*, 136 S. Ct. 2355 (2016). According to the D.C. Court of Appeals, however, while "[t]he language describing fraud of various sorts can be elusive, [] the criminal fraud language of the D.C. Code § 22-3221(c), which has not as yet received definitive interpretation, comes readily into focus not only because its language is reasonably clear but also because it essentially tracks a particular variety of common law fraud—'promissory representation,' or a 'representation as to future events'—which this court has interpreted in civil cases." *Hoff*, 110 A.3d at 565.

conspiracy:

> required the coordination and control of a large number of individuals who had knowledge of the events that were being covered up. It also required the conspirators to make regular strategic decisions on how best to proceed to prevent the full story of "Watergate" from becoming known to the press, prosecutors, Congress, and the public. … In a conspiracy in which consideration of alternative strategies played so central a role, statements which narrate past events are not necessarily "mere narratives" in the usual sense of that phrase. Rather, they can constitute activity that is plainly and importantly "in furtherance of" a conspiracy … The evidence of Mitchell's participation in the conspiracy … [included] [a] false press release … [and creation of a] "cover story."

559 F.2d 31, 110-12 (D.C. Cir. 1976); *see United States v. Masters*, 924 F.2d 1362, 1368 (7th Cir. 1991) (murder conspiracy continued as long as defendant acted to conceal murder where the conspirators "intended from the first to exert strenuous efforts to prevent discovery of the crime and of their involvement in it"), *cited with approval* in *United States v. Andrews*, 532 F.3d 900, 910 (D.C. Cir. 2008).  Heavin's statements satisfy the elements of the murder-for-hire conspiracy offense under 18 U.S.C. §§ 371, 1958, and constitute defamation *per se*.[41]  Compl. ¶¶ 62-65, 129.

**Misprision of a Felony.** Based on Heavin's same statements above, a reasonable factfinder could conclude that Heavin stated that Plaintiff engaged in conduct that would constitute the crime of misprision of felony.  *See* D.C. Code § 5-121.05; *Butler v. United States*, 481 A.2d 431, 444-45 (D.C. 1984) ("If we assume . . . that Abdul-Mani had knowledge of Belfield's participation in the assassination, the evidence might support a charge of misprision of

---

[41] Heavin asserts that his statements merely "bemoaned . . . statements . . . Mr. Bauman made to CNN seeking to stifle media coverage and independent investigation of the circumstances surrounding Mr. Rich's death." (Mem. at 17). Such allegations, in isolation, might not reasonably be understood to allege the crime of Murder for Hire Conspiracy. However, Heavin said and implied considerably more than this, and a jury could conclude that Heavin intended such statements to mean that Brad attempted to stifle media inquiries and "independent investigation" *because* he was "the DNC hitman" who wanted to cover up the DNC's involvement in the murder (Compl. ¶¶ 57, 62), *i.e.*, Heavin asserted conduct by Plaintiff that would satisfy the criminal statute.

30

felony. This offense makes unlawful the aiding or assisting of any person suspected of crime to escape full judicial examination by the withholding of any information about a felony or other unlawful act."); *see also* 18 U.S.C. § 4 (federal crime); *United States v. Cefalu*, 85 F.3d 964, 969 (2d Cir. 1996) (the elements of Misprision of Felony are (1) the principal committed and completed the alleged felony; (2) defendant had full knowledge of that fact; (3) defendant failed to notify the authorities; and (4) defendant took steps to conceal the crime.").  Heavin's statements satisfy the elements of the D.C. and federal crimes of misprision of felony, D.C. Code § 5-121.05 and 18 U.S.C. § 4, respectively, and constitute defamation *per se*. Compl. ¶¶ 62-65, 129.

Even if Heavin's express language did not state that Plaintiff engaged in conduct that would be criminal, his statements, taken as a whole, amounted to defamation by implication. *See Parnigoni*, 681 F. Supp. 2d at 15-18.  Heavin asserts that the language used must be "reasonably read to impart the false innuendo" and must "affirmatively suggest that the author intends or endorses the inference." Mem. at 16.  But there is no reasonable interpretation of Heavin's statements *other than* that the DNC killed Seth Rich and Plaintiff helped it cover up the crime. And Heavin clearly intended and endorsed this inference, as his reasons for making these statements (and asking to appear on InfoWars to do so), to uncover the truth and the "biggest story of the year," only make sense if he intended to imply Plaintiff worked against the Rich family's interests and obstructed the investigation into Seth Rich's murder.  Heavin compares (Mem. at 18) his implications about Plaintiff to those in *Guilford Transportation Industries, Inc. v. Wilner*, but *Wilner* held that nothing in the statements at issue could be found to allege a violation of the Railway Labor Act ("RLA") because the statute did not prohibit the conduct alleged. *See* 760 A.2d 580, 600-02 (D.C. 2000).  The holding did not turn, as Heavin suggests,

31

on whether the statements "discuss[ed] the RLA or its legal requirements." Mem. at 18.  In any event, such a holding would be at odds with *Milkovich*, in which allegations were found to reasonably imply the crime of perjury even though they did not reference any criminal statute or the elements of the crime.  *See* 497 U.S. at 4-5, 21.

Moreover, Heavin's statements concerning Plaintiff, like the statements that could amount to an allegation of perjury in *Milkovich*, were "sufficiently factual to be susceptible of being proved true or false."  *Id.* at 21. In *Milkovich*, the Supreme Court suggested a perjury charge "is certainly verifiable by a perjury action, with evidence adduced from the transcripts and witnesses present at the hearing." *Id*. at 21-22.  Here, the criminal justice system could determine whether the DNC hired someone to kill Seth Rich, whether Plaintiff was an employee or other agent of the DNC who was beholden to it, and whether Plaintiff attempted to cover up the truth of the DNC's supposed crime.  Indeed, courts in this circuit have found a range of statements susceptible of verification, and noted that a statement that could be proved in the criminal justice system can likewise be tested in a civil action for defamation.[42]

---

[42] *See, e.g.*, *Jankovic v. Int'l Crisis Grp.*, 593 F.3d 22, 28 (D.C. Cir. 2010) (applying *Milkovich* to hold that statements "that the plaintiff 'gave' 'support' to Milosevic (sentence 6), and that he gave support 'in exchange for favorable treatment'" were "verifiable in the practical sense that our legal system is ready to make decisions on the basis of how such issues are resolved-decisions profoundly impacting people's lives." In a conclusion with particular resonance in this case where Heavin has stated plaintiff engaged in conduct that would constitute serious criminal conduct, the D.C. Circuit stated "If such points are verifiable enough to be the bases for prolonged detention, they are surely (at least in the potentially defamatory constructions understood by the prior panel) verifiable enough for defamation liability."); *see also Parnigoni*, 681 F. Supp. at 18 (applying *Milkovich*, where "a reasonable person could have construed the letters as conveying the impression that Mrs. Parnigoni was also believed to pose a threat to children," "assuming the plaintiffs' allegations are true, as the Court must at this stage of the proceedings, that the plaintiff can prove that the defendants' actions created a false and defamatory implication that parents had reason to be concerned that Mrs. Parnigoni presented a danger to children. The defendants are therefore not entitled to the First Amendment protections they seek to invoke. Accordingly, the defendants' motion to dismiss Mrs. Parnigoni's defamation claim on this ground must be denied.").

It is true, as Heavin notes (Mem. at 17, 20-21), that the context of a statement matters in determining whether it was hyperbolic or capable of defamatory meaning.  But the overall standard does not change merely because defamatory statements are made on talk radio, as Heavin asserts, or by a speaker who is "shrill, screeching," "hectoring, cocksure," or a "frequent use[r] of hyperbole" (traits that were material in Heavin's sole "talk radio" case,[43] but which Heavin has not applied to himself.).  Indeed, in *Milkovich*, the Supreme Court noted that a lower court held the statements alleging conduct that amounted to perjury "appeared on a sports page— a traditional haven for cajoling, invective, and hyperbole," and those statements would thus "probably be construed as opinion" rather than "actionable assertions of fact."  497 U.S. at 9. Yet the Supreme Court reached the opposite conclusion, because the statements made allegations that could reasonably imply commission of a crime.  *Id.* at 21.  The Court did not find the statements hyperbolic merely because they were made in a setting in which hyperbole is common.[44]

Heavin also argues that when he stated and implied that Plaintiff covered up a murder, he did not mean it literally, and no reasonable listener would believe he did.[45]  Mem. at 19-20.

---

[43] *See CACI Premier Techs., Inc. v. Rhodes*, 536 F.3d 280, 284, 304 (4th Cir. 2008). Instead, Heavin has affirmatively and strongly asserted that he is a truth-teller, committed to uncovering and bringing to light the supposed Seth Rich conspiracy, which the media has allegedly ignored.

[44] Heavin cites no basis in precedent for a "talk radio" exception to the standards laid out by *Milkovich*. Heavin asserts a concurring opinion in a *per curiam* Fourth Circuit opinion holding that "political talk radio" is somehow inherently hyperbolic. (*See* Mem. at 20-21 (citing *CACI*, 536 F.3d at 304).) But the concurring opinion, which is not precedential, did not describe such programs as libel free-fire zones. Rather, it evaluated each statement for falsity and defamatory meaning. Similarly, the decision in *Moldea* was limited to the context of book reviews, while *Weyrich v. New Republic, Inc.*, 235 F.3d 617 (D.C. Cir. 2001), dealt with statements that the plaintiff exhibited "paranoia," an assertion that is less capable of objective assessment than a criminal charge. Regardless, *Milkovich* contradicts any suggestion that a statement charging criminal conduct would not be defamatory or actionable merely because it was made in a publication that was generally hyperbolic in nature.

[45] Heavin cites several cases for this proposition, but none of them apply, or are precedential, on

However, even if the phrases "DNC hitman," and "hitman" generally, could not be taken as literal allegations that Plaintiff murdered Seth Rich, "DNC cleaner" and "cleaner," in the context described above, plainly stated, or at least implied, that the DNC killed Seth Rich and Plaintiff helped to cover up that crime.  Further, Heavin's assertion that he was not "seriously maintaining a provable fact" (Mem. at 19) is belied by the righteousness and necessity of the cause Heavin claimed to be serving.  Heavin repeatedly stated that his allegations regarding the DNC and Plaintiff outweighed whatever pain they caused the Rich family, because they were of such critical importance.  He thus acknowledged, on The Common Sense Show, that "the family wants us not to talk about [the criminal conspiracy to kill Seth Rich] because its dishonoring them, but they hire the DNC cleaner to come in and propagandize this thing . . . I feel bad for the family, but this isn't just about the family. And the family, when they hired the DNC guy . . . they contributed to the need to pursue the truth, regardless of how they're feeling." Compl. ¶ 57. Moreover, Heavin asserted that the fact that the Rich family was working with Plaintiff, who was a "DNC hitman," was "a very important point that has been missed." *Id*.

Likewise, during his InfoWars appearance, Heavin acknowledged concerns that talking about Plaintiff's supposed role as a "Democratic hitman who goes out and covers [up] messes" (such as the DNC's supposed murder of Seth Rich) was "not sensitive to the Rich family."  *Id*. at 62.  But he went on to say that topic had to be discussed because, as he said in the verbal

---

these facts. *Greenbelt Coop. Publ'g Ass'n, Inc. v. Bresler*, 398 U.S. 6, 13 (1970) was clarified in *Milkovich*, as discussed above. *Rosen*, 41 A.3d at 1259 deals with an alleged failure to meet employee "standards," which is unrelated and not analogous to Heavin's statements that Plaintiff engaged in conduct that would be criminal. The same is true of the remaining cases Heavin cites, (Mem. at 20): even if the statements that Plaintiff was a person who would generally "lie, cheat and steal . . . to avoid the truth," Compl. ¶ 57, are not actionable, the statement or implication that he would do those things to cover up the DNC's supposed murder of Seth Rich is defamatory and actionable under *Milkovich*.

34

equivalent of all caps, "this is OUR COUNTRY we're talking about." *Id.* Heavin went on to assert that "with [the Rich Family] hiring Brad Bauman, I think it gives us permission to to [sic] go to the truth . . . in spite of the family's feelings, and I think we have to do this." *Id.* ¶ 64. Heavin asked to speak on the InfoWars platform about Plaintiff "because we needed to talk about it," *id.*, and because it was "the biggest story of the year," *id.* ¶ 65.

These are not the words of someone making casual, figurative, or rhetorical points: rather, Heavin clearly expressed his belief that Plaintiff's role in covering up the murder of Seth Rich was critical to the nation, particularly because the media was engaged in a "wag the dog" exercise, where "the biggest story of the year" was purposefully "buried by this nonsense Comey and Russian collusion [allegations]." *Id.* at 65. In other words, Heavin **had** to tell the world about the DNC's supposed murder of Seth Rich, and Plaintiff's role in obstructing a "real" investigation, to show that the major story of the day – allegations of criminal conduct by the President – were false. None of Heavin's righteousness or self-aggrandizement regarding the need to expose "the truth" about the DNC's and Plaintiff's supposed role in Seth Rich's murder can be reasonably reconciled with his claim that those allegations were not to be taken seriously.

Heavin further claims that his false statements directly linking Brad to the DNC were "immaterial" and cannot be considered false "unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced." Mem. at 18. Heavin's own words, however, prove that his false statement of a DNC connection was central to his defamation. It was **Heavin himself** who created the nexus by making the factual statement that Plaintiff "would lie, cheat, and steal to . . . avoid the truth . . . **because** [he] work[ed] for the DNC." Compl. ¶ 57. A jury, considering the full context of Heavin's statements, could infer that the reason Heavin falsely claimed at least eight separate times that Brad worked for the

35

"DNC" specifically was out of a desire to deceive the listener by adding credibility to his claim that "the DNC very likely killed" Seth Rich and the DNC was now using *its own personnel* to cover up the crime – an obviously more compelling fabrication for purposes of advancing Heavin's conspiracy narrative.  A jury could also conclude the combination of (1) the lack of any credible public record basis to allege that Brad had ever worked for the DNC; and (2) Heavin's eight separate false statements that Brad did, in fact, work for the DNC, *see* Compl. ¶¶ 57, 62 (eight references), was for purposes of perpetuating the defamatory statement that Brad was a DNC agent who helped cover up the fact that "the DNC very likely killed" Seth Rich.  *Id.* ¶ 65.

Thus, Heavin's utterly baseless statements – whether express or implied – that Plaintiff was an agent of or beholden to the DNC, and that he would thus "lie, cheat, and steal . . . to avoid the truth" about the DNC's supposed involvement in the murder of Seth Rich, cannot be characterized as mere hyperbole because a reasonable factfinder could conclude they alleged conduct that could form the basis for multiple D.C. and federal crimes.  As the Supreme Court made clear in *Milkovich*, such false allegations undermine society's "pervasive and strong interest in preventing and redressing attacks upon reputation," which "reflects no more than our basic concept of the essential dignity and worth of every human being."  497 U.S. at 22. Heavin's statements thus do not merit First Amendment protection.  *Id*.

> **2.     Defendant made his statements without privilege to a third party.**

Heavin has not asserted that he made the statements under any type of immunity or privilege, and it is beyond dispute that Heavin made the statements about Brad that are the subject of this defamation action to third parties.  Compl. ¶¶ 57, 61-65; Heavin Decl. ¶¶ 7-8. Heavin made his statements in a public setting, the statements remain available to the public on the internet, and they have been viewed thousands of times and drawn dozens of viewer comments parroting the purported direct links between the DNC and the murder of Seth Rich.

36

Compl. ¶¶ 57 n.31, 61 n.34.

### 3.   There was no actual "public controversy" at the time of Heavins's statements regarding Plaintiff, and a negligence standard thus applies.

Heavin argues that "Mr. Bauman is, at a minimum, a limited-purpose public figure" and therefore an actual malice standard should be applied to Heavin's statements.  Mem. at 13. But the Court's first task, as Heavin acknowledges, is to "identify the relevant controversy and determine whether it is a public controversy." Mem. at 13 (quoting *Jankovic*, 822 F.3d at 585). The parties agree that to establish this, the Court must find "the press was covering the debate, reporting what people were saying, and uncovering facts and theories to help the public formulate some judgement."  Mem. at 14.).  Heavin cannot satisfy this standard because the Complaint does not allege it and Heavin's pre-litigation public statements directly contradict it.

Contrary to Heavin's misreading of the Complaint (*see* Mem. at 14 (citing Compl. ¶¶ 2-9)), Plaintiff has not alleged there was a "firestorm" or "frenzied" discussion ***among the press or even public*** of Heavin's conspiracy narrative – that the DNC killed Seth Rich, and Plaintiff helped them get away with it.  Rather, the Complaint alleges that "conspiracy theorists rushed in" in the wake of Mr. Rich's murder, Compl. ¶ 2, "a firestorm of conspiratorial theories" erupted, *id.* ¶ 3, which even WikiLeaks would not give credence to, *id.*, and during this "frenzied period" of conspiracy mongering, "Defendants ginned up a public campaign to slander and defame Brad by creating a false narrative," *id.* ¶ 4.  Indeed, while the Complaint cites several media reports which were published prior to Heavin's first defamatory statements and discussed the Seth Rich murder, all were entirely one-sided, and largely devoted to dismantling the conspiracy narratives such as Heavin's.  *Id.* ¶¶ 6, 8, 36-40, 42, 48-49.  The only media report to give any oxygen to such false narratives was issued by Fox News on May 16, 2017. *Id.* ¶ 5. While even that report did not come close to alleging that the DNC played a role in the murder of

Seth Rich, or that Plaintiff had any connection to any supposed "conspiracy" at all, it was promptly retracted because it did not stand up to the network's "high degree of editorial scrutiny." *Id.* ¶ 44.  The retraction was issued five days before Heavin's first defamatory statements directed at Plaintiff. *Id.* ¶ 57.

Heavin's revisionist version of events, while convenient for his litigation strategy, cannot be squared with his contemporaneous explanations for appearing on The Common Sense Show and InfoWars to defame Plaintiff.  Heavin told the InfoWars panel "the media's not covering Seth Rich and they're actually shaming people like you guys that are covering it." *Id.* ¶ 62.  In doing so, Heavin neatly established that sites like InfoWars are not "the media," and that his scurrilous narrative was being suppressed. Heavin further stated that Plaintiff had "been given the opportunity to use [sensitivity to the Rich family] to shut the media reports down." *Id.* ¶ 63. Heavin continued, saying "we didn't see any [sic] anybody bother to cover the Seth Rich," and even the fact that the media wasn't covering the alternative version of Seth Rich's murder had itself "been missed in the media," *id.* ¶ 64.  Heavin concluded his assessment of whether there was any media coverage of his own conspiracy narrative – *i.e.*, a "public controversy," with more than one side – by saying "the biggest story of the year, in his view, had been "buried by this nonsense Comey and Russia collusion and now if you mention it you get ridiculed and we should be talking about it." *Id.* ¶ 65.  In Heavin's own words, his conspiracy had been "buried," and "we should be talking about it," but were not because anyone who did was ridiculed. *Id.*

These are not the makings of a "public controversy."  "A public controversy is not simply a matter of interest to the public; it must be a real dispute, the outcome of which affects the general public or some segment of it in an appreciable way. *Waldbaum v. Fairchild Publ'ns, Inc.*, 627 F.2d 1287, 1296 (D.C. Cir. 1980).  "Courts must exercise care in deciding what is a

public controversy," *id.*, including the determination whether there is a "real dispute."  In

*Medifast v. Minkow, Inc.*, the court confronted directly whether a matter could be a "public

controversy" if only one side was in the public eye.  No. 10-CV-382 JLS BGS, 2011 WL

1157625, at *5-6 (S.D. Cal. Mar. 29, 2011), *aff'd in part, vacated in part, rev'd in part*, 577 F.

App'x 706 (9th Cir. 2014), *as amended* (July 14, 2014).[46]  The court began by noting, as is true

here, that "Defendants do not identify a standard for judging whether a particular public

controversy exists."  *Id.* at *5.[47]  In that circumstance, "[t]he definition of 'controversy' is a

useful starting point: 'A dispute, especially a public one, between sides holding opposing views.'

. . . . Thus, a controversy clearly requires, at least, the presence of two sides holding conflicting

views on a particular issue or set of issues." *Id.*  Applying this definition, the court held that the

supposed "substantial debates" defendant:

> [a]llegedly thrust itself into do not involve the presence of two sides holding
> conflicting views on a particular issue. America's obesity epidemic and the
> personal finance crisis are not controversial topics. Rather, any informed member
> of the public knows that each is a problem in need of a solution. . . . Perhaps *how*
> to solve each problem is an issue of legitimate dispute, but [defendant] does not
> contend that [plaintiff] has thrust itself into those controversies.

*Id.* at *6.  Here Defendants were on "one side," in the sense that they publicly stated, in channels

that, by Heavin's admission were not "the media," Compl. ¶ 62, but there was no public

controversy about any of the statements or implications by which Heavin defamed Plaintiff.

Indeed, according to Heavin, the narrative that the DNC killed Seth Rich was not covered, shut

down, missed, and buried.  And that, as Heavin explained, is *precisely* why Heavin and his

---

[46] *Medifast* was vacated in part, but the Ninth Circuit's decision did touch on the district court's
holding or reasoning related to the existence of a "public controversy." *Medifast, Inc. v. Minkow*,
577 F. App'x 706, 707 (9th Cir. 2014), *as amended* (July 14, 2014).

[47] To the extent Heavin attempts to argue his standard is based on the Complaint itself – which is
the only source in his Memorandum for the claim that a public controversy existed – he has
mischaracterized as "*public* controversy" allegations of a "firestorm" and "frenzied discussion"
among a fringe element whose conspiracy narrative, by Heavin's own words, had been "buried."

friends in the non-media *had* to talk about it.  In so explaining, Heavin talked himself out of his current legal argument: there was no public controversy before he spoke up, which is why he felt compelled to.  Indeed, the only mainstream outlet to report any piece of Heavin's conspiracy narrative (which did not go close to stating the DNC was involved in Seth Rich's murder), was retracted by Fox News because the network could not substantiate it. Compl. ¶¶ 43-45.

The fact that a small number of other persons had previously discussed the conspiracy narrative in public does not change this conclusion.  A debate involving, or a controversy ginned up, by a small number of people does not automatically become a "public controversy" simply because a few people disagree and say so publicly.  In *Medifast*, the court held there was no public controversy in part based on *Wolston v. Reader's Digest Ass'n,* 443 U.S. 157, 167 n.8 (1979).  In *Wolston*, the plaintiff alleged a historian defamed him by referring to him in a historical book as a "Soviet agent." *Id*. at 160.  The Supreme Court noted "[i]t is difficult to determine with precision the 'public controversy' into which petitioner is alleged to have thrust himself.  Certainly, there was no public controversy or debate in 1958 about the desirability of permitting Soviet espionage in the United States; all responsible United States citizens understandably were and are opposed to it."  *Id*. at 167 n.8.  Of course, that statement was not literally true: as the Supreme Court must have known, there were pro-Soviet Communists in the United States in the 1950's, who presumably favored Soviet espionage, some publicly. *See, e.g.*, Brief for the United States, *Dennis v. United States*, 1950 WL 78653, at *215 (U.S.) ("The Communist movement in the United States is an organization numbering thousands of adherents, rigidly and ruthlessly disciplined. Awaiting and seeking to advance a moment when . . . . overthrow of the Government . . . may seem possible of achievement, it seeks converts far and wide by an extensive system of *schooling and indoctrination*.") (emphasis added).  But the

40

existence of a minor fringe element, who had failed to spark any mainstream debate, did not add up to a "public controversy." 443 U.S. at 167 n.8.  Heavin has admitted as much with respect to his own fringe views.[48]

It is well established that "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure." *Hutchinson*, 443 U.S. at 135. By his own admission, Heavin attempted to do just this by creating a public controversy where none existed.  Heavin's role in attempting to manufacture a "public controversy" should not be rewarded with a heightened pleading standard for Plaintiff, the victim of defendant's efforts to make a fringe narrative mainstream, no matter who he harmed in the process.  Compl. ¶ 65 (Heavin acknowledged his statements would hurt the Rich family, but said he had to make them because his own narrative had been "buried").  Accordingly, the Court should require Plaintiff to plead only negligence, which, given Heavin's failure to conduct (or acknowledge the results of) any investigation of his totally baseless claims, Plaintiff has clearly done.

### 4.   The Complaint satisfies the actual malice standard.

Heavin contends that Plaintiff makes "no attempt to" plead actual malice. Mem. at 13. To do so, a plaintiff must show a statement was made "without knowledge that it was false or with reckless disregard of whether it was false of not." *Abbas*, 975 F. Supp. 2d at 13-14 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)).  A complaint must "adequately allege[ ] facts that support an inference" the standard is met. *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 280 (D.D.C. 2017).

---

[48] The same was presumably true in *Medifast*, where the court found no public controversy because any "informed member of the public" would be on one side of the purported debate. *See* 2011 WL 1157625, at *6. There may have been a few grossly *uni*formed members of the public, and no doubt one could find public statements to that effect from some of them. But such a minor controversy from a fringe element does not make a "public controversy." *Id.*

*Parsi v. Daioleslam*, 845 F. Supp. 2d 215 (D.D.C. 2012), sets out this Court's three-part test for showing actual malice. "[W]hen the defendant published the alleged defamatory statements, they were subjectively aware that it was highly probable that the story was '(1) fabricated; (2) so inherently improbable that only a reckless person would have put [it] in circulation; or (3) based wholly on an unverified anonymous telephone call or some other source that [plaintiff] has obvious reasons to doubt.'" *Id.* at 218 (quoting *Lohrenz v. Donnelly*, 350 F.3d 1272, 1283 (D.C. Cir. 2003)). Where "a 'public figure' is not a public official," the Supreme Court has allowed actions "for a defamatory falsehood whose substance makes substantial danger to reputation apparent, on a showing of highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers." *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 154-55 (1967).

Here, as noted above, Heavin's comments came in the immediate wake of (a) Fox News' almost immediate retraction of its story linking Seth Rich directly to WikiLeaks; and (b) Seth Rich's parents' publication of an open letter in the Washington Post. Compl. ¶¶ 43-46.[49] The parents' statement gave lie to critical elements of Heavin's fabrications, including that Seth Rich had access to the DNC emails leaked to WikiLeaks. Compl. ¶¶ 8, 46-47.

Heavin's contention that the Complaint lacked sufficient allegations of actual malice is based on a selective and overly narrow reading of the Complaint, and its reasonable inferences. The Complaint extensively quotes Heavin's defamatory statements. Compl. ¶¶ 57, 61-65. Those statements contain no source, or indeed any evidence, for Defendant's statements that Brad worked for the DNC or that he helped it to cover up a murder. Further, the Complaint alleges in

---

[49] *See* Heavin Mem. at 4 n.2 ("The Court may take notice of the complete publication because it 'is referred to in the complaint and is central to the plaintiff's claim.' *Marshall v. Honeywell Tech. Solutions, Inc.*, 536 F. Supp. 2d 59, 65 (D.D.C. 2008).").

multiple paragraphs that Heavin's charges are false and that Heavin cited no evidence for them because he had none.  Compl. ¶¶ 4, 28, 131, 132, 148, 153.  Thus, the Complaint, taken with all reasonable inferences, alleges that Heavin fabricated his statements concerning Plaintiff.  Where a Complaint pleads that the defendant provided no basis for allegations of criminal conduct, and that key tenets of the allegations are completely false, that is sufficient to allege Heavin was aware his statements were either "fabricated" or "so inherently improbable that only a reckless person would have put them in circulation."  *Lohrenz*, 350 F.3d at 1283.

The Complaint also satisfies the Supreme Court's standard for proof of actual malice where the target, as Plaintiff here, is a public figure who is not a public official: "a showing of highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers."  *Curtis*, 388 U.S. at 154-55.  While Heavin was not required to conduct an investigation to corroborate any evidence he obtained in support of his allegations, he was required to have ***some credible basis*** for his factual statements.  As the Colorado Supreme Court has explained, where a reporter:

> had no bases for most of his erroneous statements, and . . . failed to take the time to corroborate allegations made in the article . . . [a]ctual malice may be inferred by the finder of fact if an investigation is grossly inadequate. . . . [A] reporter's failure to pursue the most obvious available sources of possible corroboration or refutation may clearly and convincingly evidence a reckless disregard for the truth. Failure to verify statements made in the article meant that many of the "facts" . . . "exposed" by the article were, essentially, fabrications. Fabrication of the facts in a newspaper report does not enjoy First Amendment protection.

*Kuhn v. Tribune-Republican Pub. Co.*, 637 P.2d 315, 319 (Colo. 1981).  Plaintiff has alleged exactly this: that Heavin had no credible source – and indeed could not have had a credible source – for his statements that Plaintiff worked for the DNC or engaged in conduct that would constitute numerous crimes. There is nothing more the Complaint could, or is required, to plead.

43

**5.      Plaintiff is not required to plead, or has sufficiently pleaded, special harm.**

In D.C., statements that falsely state someone engaged in criminal conduct constitute defamation *per se*.  *Raboya v. Shrybman & Assocs.*, 777 F. Supp. 58, 59 (D.D.C. 1991).  Where statements qualify as defamation *per se*, a court will assume harm to the plaintiff's reputation, without further need to prove that harm.  *Id.* at 60.

To the extent the Court requires a showing of "special harm," Plaintiff has pled it.  Heavin's statements "negatively affected Brad's professional reputation and ability to attract new clients . . . as well as caused him severe emotional distress."  Compl. ¶ 51.  At this early stage, this satisfies Plaintiff's obligations, as Plaintiff has not "[s]imply assert[ed] the risk of future harm," but has "allege[d] some specific harm and the actual pecuniary loss arising from that harm." *Xereas v. Heiss*, 933 F. Supp. 2d 1, 19 (D.D.C. 2013).

**E.      Plaintiff's False Light claim should be permitted to proceed at this early juncture of the litigation.**

Plaintiff may not ultimately recover damages for both defamation (Counts 1 & 3) and false light (Count 4).  *See, e.g.*, *Moldea v. New York Times Co.*, 15 F.3d 1137 (D.C. Cir. 1994).  But even Heavin agrees that although "[a] plaintiff may only recover on one of the two theories based on a single publication, [he] is free to plead them in the alternative."  *Id.* at 1151.  Accordingly, Plaintiff's False Light claim should be permitted to proceed.

**IV.      CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests an Order (a) finding that the D.C. Anti-SLAPP Act is inapplicable in this matter; (b) adjudging Plaintiff to be a "private person" for purposes of evaluating Heavin's statements; and (c) denying Heavin's motion to dismiss and permitting the matter to proceed to discovery.

July 16, 2018

Respectfully submitted,

*/s/ Gregory Y. Porter*
Gregory Y. Porter (D.C. Bar No. 458603)
Michael L. Murphy (D.C. Bar No. 480163)
Bailey Glasser LLP
1054 31st Street, NW, Suite 230
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103
gporter@baileyglasser.com
mmurphy@baileyglasser.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino & Andreson PLLC
1920 L Street, NW, Suite 535
Washington, D.C. 20036
Tel: (202) 629-3530
Fax: (202) 629-3658
ryan.sparacino@sparacinopllc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of July, 2018, the foregoing Plaintiff Brad Bauman's

Opposition to Defendant Howard Gary Heavin's Motion to Dismiss was filed via the Court's

ECF System.  Notice of this filing will be sent in this action by operation of the Court's

electronic system to all counsel of record in the ECF System.


 */s/ Gregory Y. Porter*
Gregory Y. Porter

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**BRAD BAUMAN,**

      Plaintiff,

v.

**EDWARD BUTOWSKY, et al.,**

      Defendants.

---

Case No. 1:18-CV-1191

## <u>Declaration of Michael L. Murphy</u>

I, Michael L. Murphy, declare:

1.     I am an attorney with the law firm of Bailey Glasser LLP, duly licensed to practice in the District of Columbia, New York, Washington, and West Virginia. I am counsel for plaintiff Brad Bauman in this action.

2.     I make this declaration in support of Plaintiff Brad Bauman's Opposition to Defendant Gary Heavin's Motion to Dismiss.

3.     If called upon to testify, I could and would competently testify to the matters set forth in this declaration that are personally known to me to be true.

4.     Attached hereto as **Exhibit A** is a true and correct copy of certain pages from the June 2006 Verizon Yellow Pages for Area Code 202, obtained from the Library of Congress.

5.     Attached hereto as **Exhibit B** is a true and correct copy of certain pages from the June 2008-2009 Verizon Yellow Pages for Area Code 202, obtained from the Library of Congress.

6.     Attached hereto as **Exhibit C** is a true and correct copy of certain pages from the June 2010-2011 Verizon Yellow Pages for Area Code 202, obtained from the Library of

Congress.

7.      Attached hereto as **Exhibit D** is a true and correct copy of the District of

Columbia Department of Consumer and Regulatory Agency's records for Curves NA, Initial File

Number: C00005979236.

8.      Attached hereto as **Exhibit E** is a true and correct copy of the Nevada Secretary

of State's record for Haalo, Ltd., Entity Number: C8208-2002.

9.      Attached hereto as **Exhibit F** is a true and correct copy of a flight log associated

with a private plane owned by Haalo, Ltd. made available by www.flightwise.com.

10.     Attached hereto as **Exhibit G** are true and correct copy of records from the

Federal Aviation Administration's Registry associated with a private plane owned by Haalo, Ltd.

11.     Attached hereto as **Exhibit H** is a true and correct copies of a report generated

from a database available through the website www.OpenSecrets.org, showing political

contributions by defendant Heavin to organizations that are based in Washington, D.C.

12.     Attached hereto as **Exhibit I** are true and correct copies of reports obtained

through the website www.OpenSecrets.org, showing all political contributions, to organizations

located anywhere, by Defendant Heavin that are available through the OpenSecrets.org website.

*(intentionally left blank)*

13.     Attached hereto as **Exhibit J** are true and correct copies of reports filed with the

Federal Election Commission showing the addresses for the organizations listed in Exhibit H

attached hereto.

Executed: July 16, 2018

_____

Michael L. Murphy
DC Bar No. 480163
Bailey Glasser LLP
1054 31st Street NW, Suite 230
Washington, DC 20007
Tel: 202.463.2101
Fax: 202.463.2103
mmurphy@baileyglasser.com



**verizon**

24 HOUR LOCKSMITH

BUS RK

Verizon Yellow Pages
superpages.com

REF DESK

**DISTRICT OF COLUMBIA**

*Includes Listings for All Local Exchange Telephone Companies*

**AREA CODE 202 • JUNE 2006**

*Look Inside For Your Game Piece And Win Big!*

Instantly Win
**$3 Million**

PLAINTIFF'S
EXHIBIT
tabbies
A

*Official Partner of the Washington Redskins*

*See details at www.superpages.com/rules

Order any directory anytime by calling 1-800-888-8448 or online at www.directorystore.com



THE ORIGINAL FLOOD

# JOHN C. FLOOD OF DC

**Plumbing • Heating
Air Conditioning • Drain Cleaning**

# 202-291-3340

www.johncfloodinc.com

Verizon Recycles. The white and yellow pages are printed on paper containing up to 40% post-consumer recycled fiber. ©2006 Verizon Directories Corp. All rights reserved.

Curtis Lewis & Assocs PC
1735 Tamarack St NW Wash ---- 737-3020
Curtis Liesl A N D 3800 Reservoir Rd NW
Wash ---------------------------- 444-2115
Curtis Lillie Mae 1818 Newton St NW
Washington ---------------------- 265-5243
Lorraine T 700 12th St SE
Washington ---------------------- 547-4611
Lottie B 119 36th St NE
Washington ---------------------- 396-8267
Lynn 4026 Chancery Ct NW
Washington ---------------------- 338-3335
Lynn 4026 Chancery Ct NW
Washington ---------------------- 338-3648
M A 1123 44th Pl SE ------------ 582-7337
M A CDR 54 Observatory Cir NW -- 333-6796
M L -------------------------- 575-0676
Curtis mallet-Prevost Colt & Mosle LLP
1200 New Hampshire Av NW Wash - 223-2325
Curtis Mallet-Prevost Colt & Mosle LLP
1200 New Hampshire Av NW Wash - 452-7373
Curtis Margaret 6336 13th St NW
Washington ---------------------- 544-3373
Mary R 1428 W St SE Washington - 889-0204
Mayah 1404 29th St NW
Washington ---------------------- 723-6643
Michael ------------------------- 625-0859
Michelle 1540 Butler St SE
Washington ---------------------- 678-8520
Mitchell 1415 Columbia St NW
Washington ---------------------- 667-1757
Nannie B 1933 Shepherd St NE --- 529-0522
Norvoris 1126 Penn St NE
Washington ---------------------- 396-9130
P 2305 Skyland Pl SE Washington - 889-0334
Pamela 5058 Astor Pl SE
Washington ---------------------- 583-3117
Paul J 1401 17th St NW Wash ---- 387-8214
Curtis Properties Inc
2041 Martin Luther King Jr Av SE - 678-1000
Curtis R Washington ------------ 293-2126
R 919 Varney St SE Washington -- 574-0276
R M 1155 23rd St NW Washington - 833-2341
Richard 1750 Harvard St NW
Washington ---------------------- 232-1673
Robl L 3390 Highview Terr SE
Washington ---------------------- 581-6933
Roderick 2701 Calvert St NW
Washington ---------------------- 248-8535
Ronald A 5050 Sargent Rd NE ---- 529-5941
Ronald E 1435 Newton St NW ----- 265-0052
S 524 46th St SE Washington ----- 582-0839
Sharae -------------------------- 526-6560
Sharon 6817 Georgia Av NW
Washington ---------------------- 248-6578
Sylvan W 17 7th St SE ----------- 543-7170
Sylvan W 17 7th St SE ----------- 546-7056
T 542 25th Pl NE Washington ----- 388-0631
T 3601 Connecticut Av NW
Washington ---------------------- 363-2201
Taneka 3688 Hayes St NE
Washington ---------------------- 396-6095
Thomas E 516 Kenyon St NW
Washington ---------------------- 882-0353
V 3500 14th St NW Washington --- 986-5523
Wayne R 3685 Upton St NW
Washington ---------------------- 237-8050
Willie Jean Miss
12 Anacostia Rd SE ------------- 575-3626
Yvonne 2300 Good Hope Rd SE
Washington ---------------------- 678-8417
Curtis & Edith Munson Foundation The
1990 M St NW Wash ------------- 887-8992
Curtiss Catherine Washington --- 333-4545
David A Washington ------------- 342-0603
Curtiss James R Atty 1700 K St NW
Washington ---------------------- 371-5700
Curtiss Kimberly 1301 Vermont Av NW
Washington ---------------------- 299-9451
S 2140 L St NW Washington ------ 833-4463
Curto Mary Ellen 4900 Indian Ln NW
Washington ---------------------- 537-3763
Curto Michael A atty 2550 M St NW
Washington ---------------------- 457-6000
Curto Michael A lwyr 2550 M St NW
Washington ---------------------- 457-6000
Curtsinger M A 2715 29th St SE
Washington ---------------------- 582-2775
Curtz Thaddeus 1330 Vermont Av NW
Washington ---------------------- 986-2216
Curve The Learning 4545 42nd St NW
Washington ---------------------- 537-5025
Curves 5521 Colorado Av NW Wash - 722-5991
Curves DC 407 8th St NW Wash -- 544-4403
Curves Downtown
1710 Rhode Island Av NW Wash -- 429-2878
Curves For Women 3416 Idaho Ave NW
Wash ---------------------------- 237-6680
Curves of Mount Pleasant 3220 17th St NW
Washington ---------------------- 319-7007
Curves Trinity Square
212 Michigan Av NE Wash -------- 518-4160
Curwen E 1526 17th St NW
Washington ---------------------- 462-6412
Margaret R 2801 Quebec St NW,
Washington ---------------------- 686-9161
Cusack Johnnie R Jr
1538 1st St NW ----------------- 387-0646
M 3628 Windsharen Pkwy NW
Washington ---------------------- 298-5940
P 2815 Ordway St NW Washington - 244-4190
Cusani-Visconti Marco
4101 Albemarle St NW Washington - 966-4448

Cusey John 1817 Massachusetts Av SE
Washington ---------------------- 548-2628
Cushenberry Eloise Mrs
904 Division Av NE -------------- 399-3035
Kent 2004 11th St NW
Washington ---------------------- 249-8258
Cushing Colin 1440 N St NW
Washington ---------------------- 234-3227
David 1860 Columbia Rd NW
Washington ---------------------- 232-4001
Cushing David J 2100 Pennsylvania Av NW
Wash ---------------------------- 293-7060
Cushing J 2853 Ontano Rd NW ---- 332-1796
Robert 1918 New Hampshire Av NW
Washington ---------------------- 483-0393
Roger 1200 N St NW Washington -- 408-0663
W Joseph 2829 Connecticut Av NW
Washington ---------------------- 332-0413
Cushman Charles B 1106 Euclid St NW
Washington ---------------------- 234-0849
Charles Malcolm 301 G St SW
Washington ---------------------- 863-0648
Christopher T 710 4th St NE
Washington ---------------------- 547-5066
Cushman John Lieutenant General
6200 Oregon Av NW Wash -------- 541-0435
Cushman Michael 1364 E Capitol St - 547-6487
Cushman Wakefield
1000 Potomac St NW ------------ 965-4567
Cushman & Wakefield Of Washington DC
1801 K St NW ------------------- 467-0600
Cushman & Wakefield Of Washington DC
Inc 300 M St SE Wash ----------- 554-3210
Cushner Steven 1339 Franklin St NE - 832-2989
Cusic Rebecca R 3304 18th St NE
Washington ---------------------- 529-1902
Cusick Anne K Washington ------- 237-0725
Cusick Anne K 1333 New Hampshire Av NW
Wash ---------------------------- 887-4000
Cusick Brian A 1412 Ingraham St NW
Washington ---------------------- 882-9642
Carter M 2813 Bellevue Terr NW
Washington ---------------------- 337-5994
Chip Realtor 1230 Rhode Island Av NW
Washington ---------------------- 518-5405
Hale Washington --------------- 518-9121
J Ambler 5101 Yuma Ct NW
Washington ---------------------- 362-7139
John 520 Whittier St NW -------- 291-2934
Kelly S8 15th St NE Washington -- 248-6417
Teresa 520 Whittier St NW ------ 291-2934
Theresa A 3525 Davenport St NW
Washington ---------------------- 244-2857
Cusimano J 4406 River Rd NW
Washington ---------------------- 364-4471
Cussac Jacqueline ----------------- 396-4154
Cussin Stephen 2112½ O St NW
Washington ---------------------- 296-1483
Custer B Scott dr atty 3200 N St NW - 663-8390
Custer Jeffrey 4115 Emery Pl NW
Washington ---------------------- 363-0599
Custis Scott 2410 20th St NW ---- 462-4024
Custis Dorothy Mae Mrs 4206 20th St NE
Washington ---------------------- 529-0970
Gregg 3125 Worthington St NW -- 966-6025
Henry Washington -------------- 363-8558
Custodi A 1815 19th St NW
Washington ---------------------- 588-8430
Custodio Claudia F 3322 14th St NW
Washington ---------------------- 483-4087
E F 3636 16th St NW Washington - 518-0651
E F 4115 Connecticut Av NW
Washington ---------------------- 363-3895

### CUSTOM BEDDING AND
### FURNITURE COMPANY
3554 Bladensburg Road
Bladensburg MD --------- 301 699-1330
### CUSTOM CARPET SHOP OF MD
5414 Randolph Rd Rockvll MD - 301 881-7322
Custom Carpet Shops Of Virginia Inc
7301 Little River Turnpike
Annandle VA -------------- 703 256-1000
Custom J Rab Av Vienna VA ------ 703 938-7400
Custom Cleaners
2637 Connecticut Av NW --------- 667-5988
Custom Cleaning Company --- 888 293-7645
Custom Crafters
### CUSTOM CRAFTERS INC ktchn
cabnets 6898 Woodward Av
Kens MD ----------------- 301 493-4000
Custom Craftsman 719 Farragut Pl NE
Wash ---------------------------- 234-7879
Custom Design Studios Inc
4405 Wheeler Av Alex VA --- 703 671-1800
Custom Draperies & Reupholstery By
Mastercraft Interiors Ltd
6800 Distribution Dr Beltsvle -- 800 638-1151
Custom Frame 2904 M St NW Wash - 965-4747
### CUSTOM SHOP CLOTHIERS
Specializing In Custom Made
Clothing For Men
www.customshop.com
1033 Connecticut Av NW ----- 659-8250
Custom Software Inc Wash ------- 289-4000
Custom Vending Company
11800 Trolley Ln Beltsvle ----- 301 419-2266
Cut It Edge Family Barbershop
4481 Connecticut Av NW Wash --- 537-1530
Cutbill Cecily 106 4th St SE
Washington ---------------------- 547-7099

Cutchember M 3358 Ames St NE
Washington ---------------------- 396-3125
Cutchember Sledra 1625 Franklin St NE
Washington ---------------------- 249-2013
Cuthbert Angela L 1334 Ingraham St NW
Washington ---------------------- 723-4739
Phillip 931 Longfellow St NW
Washington ---------------------- 291-2119
Cuthbertson Tabitha D J63¹ 6th St
Washington ---------------------- 561-1257
Cuthell David C 1657 31st St NW
Washington ---------------------- 333-1693
Dawn Mrs 6616 Barnaby St NW
Washington ---------------------- 362-7121
Cuthrell K --------------------- 250-6157
Cutino M M 1403 Lawrence St NE -- 526-6313
Cutler Alex 1490 Massachusetts Av NW
Washington ---------------------- 234-0849
B 1707 Columbia Rd NW
Washington ---------------------- 483-4635
B J 3735 P St NW --------------- 333-8051
C J 3632 Reservoir Rd NW
Washington ---------------------- 944-2722
Cutler Christopher lwyr
1275 Pennsylvania Av NW Wash --- 383-0487
Cutler D S 3001 Veazey Terr NW
Washington ---------------------- 363-4872
David C 2032 Belmont Rd NW
Washington ---------------------- 299-0077
Eliot 3019 Ellicott St NW
Washington ---------------------- 966-6484
Estelle 2100 F St NW
Washington ---------------------- 887-4240
Cutler Eudoxia F 4351 Embassy Park Dr NW
Washington ---------------------- 362-6890
Harold T 4000 Cathedral Av NW -- 338-2243
Jeremy 1650 Harvard St NW
Washington ---------------------- 234-2711
John 1530 29th St NW
Washington ---------------------- 338-3286
Cutler John A CPA 1300 19th St NW
Washington ---------------------- 331-0300
Cutler John M Jr 2175 K St NW
Washington ---------------------- 775-5560
Cutler Kristen Paul Washington -- 675-8740
L 810 Whittier Pl NW Washington - 545-8191
Lloyd N 3115 O St NW
Washington ---------------------- 965-2871
Cutler Lloyd N lwyr 2445 M St NW -- 663-6000
Cutler Mark 1811 Vernon St NW
Washington ---------------------- 265-3899
Matt 301 G St NE Washington ---- 548-8230
Miriam Z 2700 Calvert St NW
Washington ---------------------- 234-1772
Cutler Norton aty 60T 14th St NW
Washington ---------------------- 434-1616
Cutler Paul R 1012 14th St NW --- 347-5395
Cutler S Stanfield
1333 New Hampshire Av NW Wash - 887-4000
Cutler Stein 8 Miller 1250 NW 24th St
Washington ---------------------- 466-0534
Cutler Stephanie C atty
1747 Pennsylvania Av NW -------- 223-1200
Cutler Thomas 1530 8th St NW
Washington ---------------------- 332-6394
Tonce 700 Highland Av --------- 723-7030
Walter 1705 34th St NW
Washington ---------------------- 337-7099
Cutler-Lonon Kina L Washington - 829-8889
Cutlery Capers 3222 Georgia Av NW - 882-0025
Cutlip Joyce 2139 Newport Pl NW
Washington ---------------------- 887-5741
Meikka 1135 Girard St NW
Washington ---------------------- 234-1041
Cutolo Teresa 4201 Cathedral Av NW
Washington ---------------------- 362-9246
Cutter S 621 F St NE Washington -- 547-2815
William L 334 F St NE Washington - 548-0989
Cuttin-Up Barber Shop 1206 9th St NW
Washington ---------------------- 789-9253
Cutting Edge Design 1606 20th St NW
Washington ---------------------- 265-9028
Cuttler L 2500 Virginia Av NW
Washington ---------------------- 342-0341
Cutts Matthew D wyr 2550 M St NW
Washington ---------------------- 457-6000
Cutts Matthew D wyr 2550 M St NW
Washington ---------------------- 457-6000
Cutts Peter Photography 1700 14th St NW
Washington ---------------------- 234-7879
Cutz R Skaff 4016 Central Ave NE
Washington ---------------------- 399-1700
Cutz on the Hill 1369 C St NE Wash - 543-1547
Cuzzi David 516 2nd St SE
Washington ---------------------- 543-3119
Cuzzucoli M 3130 Wisconsin Av NW - 966-6497
Cwieka Lorraine 4000 Tunlaw Rd NW
Washington ---------------------- 625-7345
Cyba Hyte Entertainment Kristy
707 Kennedy St NW Wash -------- 249-8445
Cyberlaptops Com 1636 R St NW
Washington ---------------------- 462-7195
Cypherworks Japan
1775 Pennsylvania Av NW Wash --- 223-0370
Cycle World 211 8th St SE Washington - 547-0662
### CYCLES USA 14221 Georgia Av
Silver Spring MD --------- 301 460-1600
Cyf Richard L atty
1155 Connecticut Av NW -------- 508-6600

Cylus Lisa 3003 Van Ness St NW
Washington ---------------------- 249-8503
Cymonisse Geagout 1328 S St NW
Washington ---------------------- 483-3646
Cymret Helen and Todd 514 A St SE
Washington ---------------------- 546-1866
Steven L 410 A St SE ----------- 547-3228
Cynarton David J aty
2300 N St NW ------------------- 663-8492
Cynkus Risa 4817 36th St NW
Washington ---------------------- 248-9543
Cynthia Brackett 4326 7th St NW
Washington ---------------------- 726-3728
Clarke 16 35th St NE Washington - 399-4946
Gadling 2525 Ontano Rd NW
Washington ---------------------- 986-0554
Harvey 220 51st St NE
Washington ---------------------- 397-3581
Cynthia Killough PSY D Wash ---- 483-1488
Cynthia Midgette 5919 14th St NW
Washington ---------------------- 882-5146
Singleton 1302 Columbia Rd NW
Washington ---------------------- 667-0407
Cyntia Kankish aty 4815 41st NW - 639-8132
Cyphers J C 3031 Sedgwick St NW
Washington ---------------------- 362-9847
Cypress Communications 655 15th St NW
Washington ---------------------- 233-0100
Cyprien Andreas 1371 Peabody St NW
Washington ---------------------- 882-4754
Cyr Elizabeth A 1333 New Hampshire Av NW
Washington ---------------------- 887-4000
Cyr Gregory P 126 Rhode Island Av NW
Washington ---------------------- 588-9369
Peter 4490 Upton St NW
Washington ---------------------- 895-8895
Cyranski John 1421 Massachusetts Av NW
Washington ---------------------- 797-7856
Cyril D ------------------------- 548-2972
Cyril Katherine 4550 Connecticut Ave NW
Washington ---------------------- 250-6404
Cyrus Alston 4297 6th St SE
Washington ---------------------- 561-1498
Cyrus B Mehri Attorney At Law
1300 19th St NW Wash ---------- 822-5100
Cyrus Communication 1717 K St
Wash ---------------------------- 508-3396
Cyrus E Phillips Attny L St NW
Wash ---------------------------- 666-7008
Cyrus Lynnay 2809 Jasper St SE
Washington ---------------------- 248-4481
M R 3900 16th St NW Washington - 291-5608
Mike 1613 Gainesville St SE
Washington ---------------------- 678-6879
Cyrus Murray Estate
3431 Yuma St NW --------------- 237-1716
Cyrus Noel 2727 Knox Terr SE
Washington ---------------------- 889-6974
Robert F 1222 Constitution Av NE -- 547-4128
T ------------------------------- 396-1422
Cytowic Richard E MD
4720 Blagden Terr NW ----------- 882-1126
Cytryn Albert S
2021 K St NW Washington DC --- 296-1500
Cytryn Albert S
7501 Greenway Center Dr
Greenblt MD --------------- 301 513-9134
8925 Arlington Park NW ---- 703 849-8185
Czaja Gabrielle MFT 2141 K St NW
Washington ---------------------- 223-4943
Czajkowska Beata 4530 Connecticut Av NW
Washington ---------------------- 363-4520
Czajkowski S 2938 Legation St NW
Washington ---------------------- 686-1023
Czander Eric 2011 Klingle Rd NW
Washington ---------------------- 462-7919
Czapek N 4750 41st St NW
Washington ---------------------- 237-5474
Czaplewski E C
Michael J 413 10th St NE
Washington ---------------------- 544-1427
Czarmak Lindsay 1401 17th St NW
Washington ---------------------- 249-8949
Czarniecki J Washington -------- 244-5285
Czarniewy Karen 328 9th St SE
Washington ---------------------- 543-7028
Czarnogorski M 4000 Massachusetts Av NW
Washington ---------------------- 895-0277
Czarra Edgar F Jr lwyr
1201 Pennsylvania Av NW -------- 662-5318
9451 Newbridge Dr Potmc MD - 301 299-8345
Czech Embassy
3900 Spring Of Freedom St NW
Washington ---------------------- 274-9100
Czechowski Halle 1119 ½ D St SE
Washington ---------------------- 547-4651
Czernesky Joseph J
1330 Massachusetts Av NW
Washington ---------------------- 783-6996
Czifra Balais 1825 T St NW
Washington ---------------------- 588-5866
Czuba C 2853 Ontario Rd NW
Washington ---------------------- 234-8444
Czubay Casey 1616 18th St NW
Washington ---------------------- 249-9729
Czuczka George 3900 Cathedral Av NW
Washington ---------------------- 342-0087
Czwartacki John 3205 Glover St NW
Washington ---------------------- 243-1081

ashington ----- 554 ----
------------ 726-6633
St NW
------------ 726-5443
W Wash ------ 244-1839
Irving St NW -- 723-2332
Washington -- 582-6503
SE Washington - 548-0533
ive Services Inc
------------ 393-3200
Tunlaw Rd NW
------------ 333-3376
W ---------- 363-8638
SE Washington - 561-6018
on St NW ----- 829-0494
E Washington -- 547-3160
ia Rd NW
------------ 248-4486
5th St NW
------------ 393-8100
g Av NW
------------ 667-3305
ward St NW
------------ 249-8431
4010 University Dr
-------- 703 277-9760
ia Av NW
------------ 723-6938
a Av NW ----- 723-0855
ia Av NW
------------ 882-4542
a Av NW
------------ 723-5538
a Ave NW
------------ 723-0100
ia Av NW
------------ 723-0100
Legation St NW
------------ 362-2660
E Washington - 399-2898
------------ 484-2227
Av SE
------------ 562-1754
Pennsylvania Av NW
------------ 383-7263

Washington ------------ 237-8050
**Willie Jean Miss**
12 Anacostia Rd SE ----------- 575-3626
**Yvonne** 2300 Good Hope Rd SE
Washington ---------------- 678-8417
**Curtis & Edith Munson Foundation The**
1990 M St NW Wash ------------ 887-8992
**Curtiss Catherine** Washington ----- 333-4545
**David A** Washington ----------- 342-0603
**Curtiss James R Atty** 1700 K St NW
Wash ---------------------- 371-5700
**Curtiss Kimberly** 1301 Vermont Av NW
Washington ----------------- 299-9451
**S** 2140 L St NW Washington ------ 833-4463
**Curto Mary Ellen** 4900 Indian Ln NW
Washington ----------------- 537-3763
**Curto Michael A** atty 2550 M St NW
Wash ---------------------- 457-6000
**Curto Michael A** lwyr 2550 M St NW
Wash ---------------------- 457-6000
**Curtsinger M A** 2715 29th St SE
Washington ----------------- 582-2775
**Curtz Thaddeus** 1330 Vermont Av NW
Washington ----------------- 986-2216
**Curve The Learning** 4545 42nd St NW
Washington ----------------- 537-5025
**Curves** 5521 Colorado Av NW Wash -- 722-5991
**Curves DC** 407 8th St SE Wash ----- 544-4403
**Curves Downtown**
1710 Rhode Island Av NW Wash --- 429-2878
**Curves For Women** 3416 Idaho Ave NW
Wash ---------------------- 237-6680
**Curves of Mount Pleasant** 3220 17th St NW
Wash ---------------------- 319-7007
**Curves Of Trinity Square**
212 Michigan Av NE Wash -------- 518-4160
**Curwen E** 1526 17th St NW
Washington ----------------- 462-6412
**Margaret R** 2801 Quebec St NW
Washington ----------------- 686-9161
**Cusack Johnnie R Jr**
1538 1st St NW ---------------- 387-0646
**M** 3628 Whitehaven Pkwy NW
Washington ----------------- 298-5940
**P** 2815 Ordway St NW Washington - 244-4190
**Cusani-Visconti Marco**
4101 Albemarle St NW Washington - 966-4448

**Gregg** 3125 Worthington
**Henry** Washington -----
**Custodi A** 1815 19th St NW
Washington -----------
**Custodio Claudia F** 3322 14
Washington -----------
**E F** 3636 16th St NW Wash
**E F** 4115 Connecticut Av N
Washington -----------
**CUSTOM BEDDING &**
**FURNITURE COMP**
3554 Bladensburg Road
Bladnsbrg MD ------ 30
**CUSTOM CARPET SH**
5414 Randolph Rd Rockvl MD
**Custom Carpet Shops Of Vir**
7301 Little River Turnpike
Annandle VA -----------
111 Maple Av Vienna VA ----
**Custom Cleaners**
2637 Connecticut Av NW ---
**Custom Cleaning Company** -
**CUSTOM CRAFTERS I**
cabnts 4000 Howard Av
Kens MD ---------- 30
**Custom Craftsman** 719 Farragu
Wash -----------------
**Custom Design Studios Inc**
4405 Wheeler Av Alex VA ----
**Custom Draperies & Reuphols**
**Mastercraft Interiors Ltd**
6800 Distribution Dr Beltsvle --
**Custom Frame** 2904 M St NW W
**CUSTOM SHOP CLOTH**
*Specializing In Custom M*
*Clothing For Men*
***www.customshop.com***
1033 Connecticut Av NW ----
**Custom Software Inc** Wash ----
**Custom Vending Company**
11800 Trolley Ln Beltsvle -----
**Cut N Edge Family Barbershop**
4481 Connecticut Av NW Wash -
**Cutbill Cecily** 106 4th St SE
Washington -------------



JOHN C. FLOOD OF DC
202-291-3340

Life is looking up

See why inside...

Dining Your Way
Restaurants
locations and menus

Official Yellow Pages of
the Washington Redskins
See Redskins Pages Inside

DISTRICT OF
COLUMBIA

# Verizon® Yellow Pages

**JUNE 2008-2009**
**AREA CODE 202**
Includes Listings of All Local Exchange Telephone Companies
©2008 Idearc Media Corp. All Rights Reserved.

PLAINTIFF'S
EXHIBIT
B

superpages.c



JOHN C. FLOOD OF DC
202-291-3340
THE ORIGINAL FLOOD
Plumbing • Heating
Air Conditioning • Drain Cleaning
www.johncfloodinc.com

Order any directory anytime by calling 1-800-888-8448 or online at www.directorystore.com

# C   Cur—D   116

WHITE PAGES

Curtis Mitchell 1415 Columbia St NW Washington --- 667-1757
Norvoris 1200 Delaware Av NW Washington --- 679-0801
Ola 5007 Hunt St Washington --- 607-2524
P 3018 Gainesville St Washington --- 581-2359
**Curtis Properties Inc**
2041 Martin Luther King Jr Av SE --- 678-1000
**Curtis R** 901 Varney St SE Washington --- 574-0276
R S 20 14th St NW Washington --- 544-3583
RaSean 547 Park Rd NW Washington --- 291-3456
Robert F 3220 12th St NW Washington --- 387-1661
Robt L 3390 Highview Terr SE Washington --- 581-6933
Ronald A 5050 Sargent Rd NE --- 529-5941
Ronald E 1435 Newton St NW --- 265-0052
Ronnette 2325 Hartford St SE Washington --- 678-1017
S 524 46th St SE Washington --- 582-0639
Sharee --- 526-6560
Sharon 6817 Georgia Av NW Washington --- 248-6578
Stephani 2130 Good Hope Rd SE Washington --- 290-3021
Sylvan W 17 7th St SE --- 543-7170
Sylvan W 17 7th St SE --- 546-7056
T 547 25th Pl NE Washington --- 388-0631
T 3601 Connecticut Av NW Washington --- 363-2201
Tamika 2410 Hartford St SE Washington --- 248-2829
Terrill 1222 16th St NE Washington --- 629-4752
Thelma 4920 Fort Totten Dr NE Washington --- 248-8319
Thomas 516 Kenyon St NW Washington --- 882-0353
Tony 1815 14th St NW Washington --- 399-1782
V 3500 14th St NW Washington --- 986-5523
W Washington --- 364-0142
Wayne R 3685 Upton St NW Washington --- 237-8050
**Curtis Wendy Butler** 801 Pennsylvania Av NW
Washington --- 662-0200
Curtis Willie Jean Mass 12 Annandale Rd --- 575-3626
Curtiss Catherine Washington --- 333-4545
S 2140 L St NW Washington --- 833-4463
Curto Mary Ellen 4900 Indian Ln NW Washington --- 537-3763
Curto Michael A arty 2550 M St NW Wash --- 457-6000
Curtsinger M A 2715 29th St SE Washington --- 582-2775
Curve The Learning 4545 42nd St NW Washington --- 537-5025
Curves 5321 Colorado Av NW Wash --- 722-5991
Curves 1334 North Capitol St NW Wash --- 332-1241
Curves DC 407 8th St SE Wash --- 544-4603
Curves Downtown 1710 Rhode Island Av NW Wash --- 429-2878
Curves For Women 3416 Idaho Ave NW Wash --- 237-6680
Curves of Mount Pleasant 3220 17th St NW Wash --- 319-7707
Curwen E 1526 17th St NW Washington --- 462-5412
Margaret 3720 Upton St NW Washington --- 244-4412
Cury Paulo 1301 M St NW Washington --- 758-2588
Cusaac Marshall 2509 Queens Chapel Rd NE
Washington --- 529-2752
Cusack Johnnie R Jr 1538 1st St NW --- 387-0646
P 2815 Ordway St NW Washington --- 244-4190
Cusey John 1817 Massachusetts Av SE Washington --- 548-2628
Cushinberry Claudett 69 Bates St NW Washington --- 232-6808
Cushing Colin 1440 N St NW Washington --- 234-3227
David 1380 Columbia Rd NW Washington --- 232-4001
Cushing David J 2100 Pennsylvania Av NW Wash --- 293-7060
Cushing J 2853 Ontario Rd NW --- 332-1796
Kristina 1726 Euclid St NW Washington --- 483-8986
Robert 1918 New Hampshire Av NW Washington --- 483-0393
Roger 1200 N St NW Washington --- 408-0663
W Joseph 2829 Connecticut Av NW Washington --- 332-0413
**Cushman Charles** 301 G St SW Washington --- 863-0648
Charles B 1106 Euclid St NW Washington --- 232-4940
Christopher T 710 4th St NE Washington --- 547-5066
John H 6200 Oregon Ave NW Washington --- 541-0435
Michael 1364 E Capitol St --- 547-6487
**Cushman & Wakefield Of Washington DC**
1801 K St NW --- 467-0600
**Cushman & Wakefield Of Washington DC** Inc 300 M St SE
Washington --- 554-3210
Cushner Steven 1339 Franklin St NE --- 832-2989
Cusic Rebecca R 3304 18th St NE Washington --- 529-1902
**Cusick Anne R** 4545 Connecticut Av NW
Washington --- 237-1568
Brian A 1412 Ingraham St NW Washington --- 882-9642
Carter M 2813 Bellevue Terr NW Washington --- 337-5994
Chip Realtor 1320 Rhode Island Av NW
Washington --- 518-5405
Hale Washington --- 518-9121
J Ambler 5101 Yuma Ct NW Washington --- 362-7139
John 520 Whittier St NW --- 291-2934
Kelly 21 14th St NE Washington --- 248-6417
Teresa 520 Whittier St NW --- 291-2934
Cussin Stephen 21119 O St NW Washington --- 296-1483
Custer Jeffrey 4115 Emery Pl NW Washington --- 363-0599
Custin Scott 2410 20th St NW Washington --- 462-4024
Custis Dorothy Mae Mrs 4206 20th St NE
Washington --- 529-0970
Gregg 3325 Worthington St NW Washington --- 966-6025
Henry Washington --- 363-8558
Custodio Claudia F 3322 34th St NW Washington --- 483-4087
E F 4115 Connecticut Av NW Washington --- 363-3895
**CUSTOM BEDDING AND FURNITURE**
**COMPANY** 3554 Bladensburg Rd
Bladnsbrg MD --- 301 699-1330
**CUSTOM CARPET SHOP OF MD**
5414 Randolph Rd Rockvl MD --- 301 881-7322
Custom Carpet Shops Of Virginia Inc
7301 Little River Tumpik Annandle VA --- 703 256-1000
111 Maple Av Vienna VA --- 703 938-7400
Custom Cleaners 2637 Connecticut Av NW --- 667-5988
Custom Cleaning Company --- 888 293-7645
Custom Crafters Inc kitchn cabnts 4000 Howard Av
Kens MD --- 301 493-4000
Custom Frame 2904 M St NW Washington DC --- 965-4747
**CUSTOM SHOP CLOTHIERS**
Specializing in Custom Made Clothing For Men
www.customshop.com

Cut N Edge Family Barbershop 4481 Connecticut Av NW --- 537-1530
Wash --- 547-7099
Cutbill Cecily 106 4th St SE Washington --- 396-1125
Cutchember M 3158 Ames St NE
Cutchenber Sondra 1625 Franklin St NE --- 249-2013
Cutchlow Sheila 945 6th St SW Washington --- 291-2219
Cuthbert Phillip 931 Longfellow St NW Washington --- 331-1693
Cuthell David C 1657 31st St NW Washington --- 362-7121
Daven Mrs 6616 Barnaby St NW Washington --- 250-6157
Cuthell R --- 462-3550
Robert 2101 16th St NW Washington --- 483-6635
Cutino M M 1403 Lawrence St NE --- 333-8051
Cutler B 1707 Columbia Rd NW Washington --- 944-2742
B J 2735 P St NW
C J 3632 Reservoir Rd NW Washington --- 363-0487
Cutler Christopher Ivy 1275 Pennsylvania Av NW
Washington --- 363-4872
Cutler D S 3003 Veazey Terr NW Washington --- 299-0077
David C 2032 Belmont Rd NW Washington --- 537-0239
Drew W 2912 Yuma St NW Washington --- 966-6484
Eliot 3019 Ellicott St NW Washington --- 887-4240
Cutler Eliot R 1333 New Hampshire Av NW
Cutler Eudosia P 4351 Embassy Park Dr NW
Washington --- 362-6890
Jeffrey 725 5th St SE Washington --- 544-0558
Jeremy 1650 Harvard St NW Washington --- 234-2711
John 1530 29th St NW Washington --- 338-3286
Cutler John A CPA 1300 19th St NW Wash --- 331-0300
Cutler John M Jr 2175 K St NW Washington --- 775-5560
Cutler L 810 Whittier Pl NW Washington --- 545-8191
Lloyd M 3115 O St NW Washington --- 965-2871
Cutler Lloyd N Iwyr 2445 M St NW --- 663-6000
Cutler Mark 2125 14th St NW Washington --- 265-3899
Matt 301 G St NE Washington --- 548-3230
Miriam J 2700 Calvert St NW Washington --- 234-1772
Cutler Norton atty 607 14th St NW Wash --- 434-1616
Cutler Paul R 1012 14th St NW --- 547-5295
Cutler Stephanie C atty 1747 Pennsylvania Av NW --- 466-0534
Cutler T --- 223-1200
Cutler T --- 232-4267
Thomas 2218 Cathedral Av NW Washington --- 986-6594
Tonce 700 Highland Av --- 332-6394
Walter Isabel 1705 34th St NW Washington --- 723-7030
Cutler-Lemon Kina L Washington --- 337-7099
Cutlery Capers 3222 Georgia Av NW --- 829-8889
Cuttip Meiska 1135 Girard St NW Washington --- 882-0025
Cutolo Teresa 4201 Cathedral Av NW Washington --- 234-1041
Cutrofello Michele 4607 Connecticut Av NW --- 362-9296
Washington --- 362-0602
Cuttarene Vickram 4101 Albemarle St NW
Washington --- 244-2143
Cutter Media Group Llc 900 7th St NW Wash --- 289-8589
Cutter S 621 F St NE Washington --- 547-2815
Walter 626 S St NW Washington --- 758-2432
William L 334 F St NE Washington --- 548-0989
Cutting Edge Design 1606 20th St NW --- 265-9028
Cutting Edge Design 1606 20th St NW Wash --- 588-7045
Cuttin-Up Barber Shop 1206 9th St NW Wash --- 789-9253
Cutts Matthew D atty 2550 M St NW Wash --- 457-6000
Cutts Steven 4817 46th St NW Washington --- 248-4300
Cutx N Stuff 4916 Central Av NE Wash --- 388-3380
Cutz on the Hill 1369 C St NE Wash --- 543-1547
Cuzzi David 516 2nd St SE Washington --- 543-3170
Cuzzucoli M 3130 Wisconsin Av NW --- 966-6497
Cwieka Lorraine 4300 Tunlaw Rd NW Washington --- 625-7345
**Cybercp .com** LLC 1201 Pennsylvania Av NW
Washington --- 664-4613
Cyberlaptops Com 1636 R St NW Wash --- 462-7196
**Cyberworks Japan** 1775 Pennsylvania Av NW
Washington --- 223-0370
Cybrinth 1615 L St NW Wash --- 640-2903
Cybrinth 1615 L St NW Wash --- 640-2914
Cybrinth 1615 L St NW Wash --- 640-2926
Cybrinth 1615 L St NW Wash --- 640-2931
Cybrinth 1615 L St NW Wash --- 640-2950
Cycle Technologies --- 223-2671
Cymonisse Geagout 1328 S St NW Washington --- 483-3646
Cymrot Helen 514 A St SE Washington --- 546-1866
Steren L 410 A St SE --- 547-3228
Cynamon David J atty 2300 N St NW --- 663-8492
Cynergy Systems 706 7th St SE Wash --- 543-6126
Cynthia Brackett 4226 7th St NW Washington --- 726-3726
Clarke 16 35th St NE Washington --- 399-4964
Cyntia Katkish atty 701 Pennsylvania Av NW Wash --- 639-8130
Cyphers J C 3031 Sedgwick St NW Washington --- 362-8867
Cyprus Communications 655 15th St NW Wash --- 223-0100
Cyr Gregory P 134 Rhode Island Av NW Washington --- 882-0337
Cyranski John 1421 Massachusetts Av NW
Washington --- 588-9369
Cyrill Charles 4101 Albemarle St NW Washington --- 797-7856
Cyrus Alston 4297 6th St SE Washington --- 558-9117
Cyrus Communication 1717 K St Wash --- 561-1498
Cyrus Duane 3313 13th St SE Washington --- 508-3396
Cyrus E Phillips Attny L St NW Wash --- 561-0042
Cyrus Lynnay 523 59th St NE Washington --- 646-7008
M R 3900 16th St NW Washington --- 629-1511
Mike 1613 Gainesville St SE Washington --- 291-5608
Cyrus Murray Estate 3413 Yuma St NW --- 678-6879
Cyrus Noel R 2727 Knox Terr SE Washington --- 237-1716
Cytovic Richard E MD 4720 Blagden Terr NW --- 889-5090
Cytryn Albert S --- 882-1126
7501 Greenway Center Dr Greenblt MD --- 301 513-9134
Czaja Gabrielle MPT 2241 K St NW Wash --- 703 849-8686
Czajka Cory M 2514 K St NW Washington --- 223-9943
Czajkowski S 2918 Military Rd NW Washington --- 333-6519
Zander Eric 2011 Klingle Rd NW Washington --- 686-1023
Czap S 348 Chandler St SW Washington --- 462-7919
Czapek N 4750 41st St NW Washington --- 363-3516

Czerwinsky Joseph J 1330 Massachusetts Av NW --- 783-6996
Czerwinski Joanna --- 667-2668
Czezwin Joanna 319 A St NE Washington --- 234-8444
Czuba Alisson 702 Carroll Av Takoma Park MD --- 249-9729
Czuba Eduardo Rd NW Washington
Czubay Casey 1616 18th St NW Washington --- 342-0087
Czuczka George 3900 Cathedral Av NW --- 233-1081
Czwartacki John 3205 Oliver St NW Washington

# D

d 5000 Benning Rd SE Wash --- 583-6306
D Arcinoff Group 2055 L St NW Wash --- 463-6201
D Broes 1203 U St NW Washington --- 232-7677
D Calfeas' Beauty Gallery International 915 Kennedy St NW
Wash --- 882-1288
H G 2201 Wisconsin Av NW --- 537-0798
D 635-0450
D 546-0573
D Orr Enterprises Inc --- 484-0415
South Capital & J Streets SW --- 243-0588
D Solutions 5335 Wisconsin Blvd Wash --- 546-4554
D Squared Inc --- 434-8111
D S Technologies 1616 H St NW Wash --- 408-9678
DACOR Inc 1801 F St NW Washington --- 269-1126
DAL Investment Inc 2919 Rhode Island Av NE Wash --- 588-8246
D amico Jessica 1707 Clifton St NW Washington --- 347-1581
DAR Const Hall 1776 D St NW --- 628-4780
DAR Constitution Hall Manager Director 1776 NW D St
Wash --- 638-2661
DAR Constitution Hall Ticket Information 18th & C St NW
DAR Museum General Information 1776 D St NW --- 879-3241
DAS National Headquarters 1776 D St NW Wash --- 628-1776
**DA'S RFD WASHINGTON** --- 289-2030
D & B Carryout & Restaurant 3412 Georgia Av NW --- 722-1966
DB Media Productions 1101 30th St NW Wash --- 625-8379
DBA Software Inc 6701 Democracy Blvd
Beth MD --- 301 571-2468
Dbc 1050 Thomas Jefferson St NW Wash --- 298-7600
DBE 1650 NW M St NW Wash --- 721-4100
DBI Architects Inc
1707 L St NW Wash --- 872-8844
1984 Isaac Newton Sq W Reston VA --- 703 787-0882
D B T Capital LLC 400 7th St SE Wash --- 546-0640
Dbt Capital Llc 400 7th St SE Wash --- 546-4147
DBT Capital LLC 4469 B St SE Wash --- 575-0150
DBTS Inc 1100 H St NW Wash --- 393-3287
D C A Emergency Locksmith --- 367-9099
D C A 1 Emergency Locksmith --- 367-9090
D C A 24 Hour Emergency Locksmith --- 367-9093
Dc Access Llc Wash --- 546-5898
Dc Accommodations 2201 Wisconsin Av NW
Washington --- 289-2220
DC Action For Children Today 1616 P St NW --- 234-9404
DC Analytics 1701 Pennsylvania Ave Wash --- 248-5419
DC Anywhere A Locksmith Service --- 367-9108
DC Appleseed Center 1111 14th St NW Wash --- 289-8007
DC Appliance Repair Inc Wash --- 483-2444
DC Appliance Repair Inc 580 23rd Pl NE Wash --- 396-4550
DC Art Llc 1259 Wisconsin Av NW Wash --- 333-3233
D C Art & Studio Fax 1726 Wisconsin Av NW Wash --- 387-6774
DC Arts Center 2438 18th St NW Wash --- 462-7833
DC Association 1628 16th St NW Wash --- 265-6363
DC Association for Conflict Resolution Wash --- 822-1158
DC Association of Retired Citizens 3140 V St NE
Wash
DC Available Locksmith --- 635-2521
D C Baptist Convention 1628 16th St NW Wash --- 367-9111
Wash --- 265-1526
**D C BAR** 1250 H St NW --- 737-4700
D C Bar District of Columbia Bar
1250 H St NW Wash
DC Bar Foundation Inc 1615 L St NW Wash --- 626-3499
DC Bar Legal Information Help Line --- 467-3750
D C Barber Center 3812 14th St NW Wash --- 626-3499
DC Beauty Supply 4603 Minnesota Av NE Wash --- 722-9621
DC Bible Institute 30 Kennedy St NW Wash --- 398-2296
DC Black Pride 1325 Massachusetts Av NW Wash --- 882-0337
DC Blues Society Wash --- 737-5767
DC Boxing And Fitness Center 5505 5th St NW
Wash --- 962-0112
Wash --- 362-2628
Dc By Night Alex --- 291-1603
Dc By Night Alex --- 703 354-2939
DC Cafe 203 8 St NW Washington --- 986-0041
DC Campaign to Prevent Teen Pregnancy --- 887-5819
1111 Massachusetts Av NW Wash
Dc Care Center Inc 2913 Georgia Av NW --- 789-4646
DC Cargo Outlet 1511 11th St NW Wash --- 575-0847
DC Cash & Carry 1111 Okie St NE Wash --- 986-5995
DC Cash & Carry 1115 Okie St NE Wash --- 575-2988
DC Cash Coalition Wash --- 635-5000
DC Center for Independent Living 1400 Florida Av NE --- 269-6116
DC Center for Independent Living 1400 Florida Av NE --- 583-2072
Wash
Dc Center For Independent Living --- 388-0033
DC Center For Independent --- 563-3516

D C Child & Family Services
Foster & Adoptive Parent Recruitment
Washington --- 885-9404
Healthy Families Thriving Communities
Collaboratives
Edgewood-Brookland Family Support
Collaborative-Ward 5
1345 Saratoga Av NE
Far Southeast Family Strengthening Collab
Wards 8 & 6
2041 Martin Luther King Jr Av SE
South Wash-West River Family Strengthening
Collabor-Ward 6
1510 Half St SW
D C Children Advocacy Center 441 4th St NW --- 783-6996
**D C CHIROPRACTIC** 1522 K St NW
Wash
DC Chiropractic 1522 K St NW Wash --- 882-1288
DC Chiropractic 1522 K St NW Wash --- 537-0798
DC Chiropractic 1522 K St NW Wash --- 635-0450
DC Christian Federal Credit Union 1510 9th St NW
DC Christian Ministries Washington DC --- 546-0573
**DC CITY WIDE WELFARE RIGHTS**
**CHILD DEVELOPMENT CENTER**
2458 Martin Luther King Jr Av SE
DC Cleaners 1901 Pennsylvania Av NW
D C Coalition Against Domestic Violence Wash
D C Coalition Against Domestic Violence 5
Wash
DC Coalition Against Homelessness
Wash
DC Coalition for the Homeless 1355 Valley Pl SE
Wash --- 638-2661
DC Coast Restaurant 1401 K St NW Wash
DC Confidential
DC Confidential
DC Confidential
D C Congress On Parents and Teachers
6th & Brentwood Pkwy NE
DC Copier & Copier Network Solutions 1818
Wash
D C Court of Appeals-Case and Public Informa
Alex VA
DC Crippled Children's Society 2800 13th St NW
Wash
DC Dance Collective Inc 4908 Wisconsin Av NW
Wash
D C Democratic 1341 G St NW Wash
DC Dental Imaging Barry Pass DDS, PhD
Wash
DC Dental Service LLC 7824 Eastern Av N
DC Dental Spa 1325 18th St NW Wash
DC Dept of American Legion 3408 Wiscons
Wash
Dc Dragon's Karate Training Center
1731 Rhode Island Av NE
DC Dry Cleaners 1856 Columbia Rd NW
D C Ducks 901 Evarts St NE Wash
DC Ducks 1323 Pennsylvania Av NW Was
DC Ducks 2640 Reed St NE Wash
D C Dysc Inc Wash
dc eAGLE 639 New York Ave NW Wash
DC Emergency Locksmith
DC Emergency Locksmith
DC Emergency Locksmith Available 24
DC Emergency 24 Hour 7 Day Locksmi
DC Express Cab Assoc 2000 5th St NE W
DC Express Inc Wash
DC Express Inc 1504 East Capitol St NE
D C Family Empowerment Center
3400 Martin Luther King Jr Av SE Wash
D C Farmers Market 1818 NE New York
DC Fast Foods Corp 1401 Maryland Av
DC Fire & Arson Investigators Associat
4th & Kobart Pl NW
DC Fire Department Federal Credit U
2225 5th St NE
D C Fish Boat
D C Fix It Inc 313 Parkland Pl SE Wash
D C Floors Flmg 6918 4th St NW Was
DC Florists 701 Pennsylvania Av NW W
DC Florists
DC Flyer & Empire Cab 37 L St SE W
DC Footwear.com 1346 U St NW Was
DC Footwear.com 1348 U St NW Was
DC Foreign Car Service 31 K St SE W
DC Golf Course Tee Time 970 Ohio D
DC Goodwill 2200 South Dakota Av
DC Govt Wash
DC Govt 1150 5th St SE Wash
DC Govt 1825 8th St NW Wash
DC Govt 3101 16th St NW Wash
DC Govt 4400 C St SE Wash
DC Govt 4410 4th St SE Wash
DC Govt 941 North Capitol St NE Wa
DC Govt 525 School St SW Wash
DC Govt 409 E St NW Wash
DC Govt 1850 F St Wash
DC Govt 1500 Franklin St NE Wash

WHITE PAGES

Sharae ------------------------------------ 526-6560
Sharon 6817 Georgia Ave NW Washington ------- 248-6578
Stephani 2330 Good Hope Rd SE Washington ----- 290-3021
Sylvan W 17 7th St SE ---------------------- 543-7170
Sylvan W 17 7th St SE ---------------------- 546-7056
T 542 25th Pl NE Washington ---------------- 388-0631
T 3601 Connecticut Av NW Washington --------- 363-2201
Tamika 2410 Hartford St SE Washington -------- 248-2829
Terrill 1227 16th St NE Washington ----------- 629-4752
Thelma 4920 Fort Totten Dr NE Washington ------ 248-8319
Thomas 516 Kenyon St NW Washington --------- 882-0353
Tony 1815 24th St NE Washington ------------ 399-1782
V 3500 14th St NW Washington -------------- 986-5523
W Washington ---------------------------- 364-0142
Wayne R 3685 Upton St NW Washington -------- 237-8050
Curtis Wendy Butler 801 Pennsylvania Av NW
  Wash --------------------------------- 662-0200
Curtis Willie Jean Miss 12 Anacostia Rd SE ------- 575-3626
Curtiss Catherine Washington --------------- 333-4545
  S 2140 L St NW Washington --------------- 833-4463
Curto Mary Ellen 4900 Indian Ln NW Washington -- 537-3763
Curto Michael A atty 2550 M St NW Wash ------- 457-6000
Curtsinger M A 2715 29th St SE Washington ------ 582-2775
Curve The Learning 4545 42nd St NW Washington - 537-5025
Curves 5521 Colorado Av NW Wash ------------ 722-5991
Curves 1334 North Capitol St NW Wash --------- 332-2241
Curves DC 407 8th St SE Wash -------------- 544-4403
Curves Downtown 1710 Rhode Island Av NW Wash - 429-2878
Curves For Women 3416 Idaho Ave NW Wash ----- 237-6680
Curves of Mount Pleasant 3220 17th St NW Wash - 319-7007
Curwen E 1526 17th St NW Washington --------- 462-6412
  Margaret 3720 Upton St NW Washington ------- 244-4412
Cury Paulo 1301 M St Washington ------------ 758-2588
Cusaac Marshall 2509 Queens Chapel Rd NE
  Washington ---------------------------- 529-2752
Cusack Johnnie R Jr 1538 1st St NW ---------- 387-0646
  P 2815 Ordway St NW Washington ----------- 244-4190
Cusey John 1817 Massachusetts Av SE Washington - 548-2628
Cushinberry Claudett 69 Bates St NW Washington - 232-6808
Cushing Colin 1440 N St NW Washington -------- 234-3227
  David 1880 Columbia Rd NW Washington ------- 232-4001
Cushing David J 2100 Pennsylvania Av NW Wash -- 293-7060
Cushing J 2853 Ontario Rd NW --------------- 332-1796
  Kristina 1726 Euclid St NW Washington -------- 483-8986
  Robert 1918 New Hampshire Av NW Washington -- 483-0393
  Roger 1200 N St NW Washington ------------ 408-0663
  W Joseph 2829 Connecticut Av NW Washington --- 332-0413
Cushman Charles 301 G St SW Washington ------ 863-0648

C J 3632 Rese..
Cutler Christo..
  Wash
Cutler D S 300..
  David C 2032..
  Drew W 391..
  Eliot 3019 El..
Cutler Eliot R..
Cutler Eudoxi..
  Washington
  Jeffrey 725..
  Jeremy 165..
  John 1530 2..
Cutler John /..
Cutler John I..
Cutler L 810..
  Lloyd N 311..
Cutler Lloyd..
Cutler Mark..
  Matt 301 G..
  Miriam J 2..
Cutler Norto..
Cutler Paul..
Cutler Stein..
Cutler Steph..
Cutler T ---..
  T ------..
  Thomas 22..
  Tonce 700..
  Walter Isa..
Cutler-Lon..
Cutlery Cap..
Cutlip Meik..
Cutolo Tere..
Cutrofello..
  Washington
Cuttaree V..
  Washington
Cutter Med..
Cutter S 62..
  Walter 62..
  William L..
Cutting Ed..
Cutting Ed..
Cuttin-Up..
Cutts Matt..
Cutts Steve..
Cutz N Sh..



**verizon**

**5 MILLI...**

New! Easier To-R...

**GET THE JOB DON...**
**RIGHT, OR WE'LL**
**STEP IN AND MAK...**
**IT RIGHT.***

Look inside for businesses
backed by the SuperGuaran...
Brought to you by SuperMed...

Sign up and get details on
.uperguarantee.com

**superguarantee**

WE MAKE IT EASY TO SPOT THE GOOD GU...



**superyellowpages**

**superpages.com** SM



PLAINTIFF'S
EXHIBIT
**C**

**DISTRICT OF**
**COLUMBIA**

JUNE 2010-2011   AREA CODE 20...

**supermedia** | The Official Publisher
of Verizon Print Directories

Includes Listings of All Local Exchange Telephone Companies / ©2010 SuperMedia LLC. All...
*Complete details of participation in the guarantee program can be found online at www.supe...

To order directories or to stop delivery of this directory, call 1...




INJURED?

**"PERSONAL INJURY LAWYER...**
**WILSON & PARLETT**
**202-393-4700**

• Auto Accide...
• Workers' C...
• Social Secu...
  Disability/S...
www.WilsonandParl...

Crown Insurance Comp Of DC 406 Florida Av NW
Crown Insurance Company 2122 24th Pl NE Wash --- 529-8050
Crown Investments Inc 2317 Good Hope Ct SE
Crown Pawnbrokers 1726 14th St NW Wash --- 332-2522
Crown Supply Co 2322 Pennsy Dr Hyatts MD --- 301 322-5000
Crown Plaza 8233 Georgia Av Silver Spring
Crown Plaza Dulles Airport 22000 Centreville Rd
Crown VA
Crowne Plaza Holiday Inn See Marriott Metro Center
Crowne Plaza Washington DC 1375 K St --- 682-9520
Crowson Apartments 1815 17th St NW --- 483-0908
Crowson Group 4524 Iowa Av NW Wash --- 758-0610
Crowson Gwen 16th NW --- 529-4060
Crosby Warren G Rev study 3420 16th St NE
Crusoe America Motorhome Rental & Sales 3206 10th St --- 703 243-2761
Art VA
Crumsolf Centerville --- 703 830-2159
Crumback Marc E CPA 1300 19th St NW Wash --- 331-0300
Crumbley Frank 1100 15th St NW Wash --- 638-2939
Crumbs And Coffee Inc 1737 Columbia Rd NW
Art VA --- 232-1733
Crumlish Jennifer A PhD 5225 Wisconsin Ave NW
--- 364-1575
Crosskey Eric 1333 New Hampshire Av NW Wash --- 887-4000
Crsjo Eric 1900 K St NW Wash --- 419-2143
Crsjo J Eric Church 8001 E St NE Wash --- 548-0707
Crusaders Baptist 2626 Naylor Rd SE
Crutcher Catherine M atty 1776 K St NW Wash --- 719-7557
Crutchfield Ins Agency 1334 H St NE Wash --- 388-6411
Cruz A B 1776 K St NW Wash --- 429-7358
Cruz A B atty 1776 K St NW Wash --- 719-7368
Cruz Defense Systems 1050 17th St NW Wash --- 223-0370
Crystal City Marriott 1999 Jefferson Davis Hwy
--- 703 413-5500
Crystal City Nursing Co 1785 Hayes St S
--- 703 920-5700
Crystal Clear Cleaning 210 Riggs Rd NE Wash --- 248-6076
Crystal House 1 1900 S Eads St Arl --- 703 521-7000
Crystal House II 2000 S Eads St Arl --- 703 521-4200
Crystal Plaza 1801 Crystal Dr Arl VA --- 703 920-5600
Crystal Press 1990 x St NW Wash --- 223-1400
Crystal Square 1515 Jefferson Davis Hwy
--- 703 413-5400
Crystal Towers 1600 S Eads St Arl VA
Secretarial Telephone Service + To Call Residents
Consult Telephone Directory For Individual Listings
Before Calling The Following Number(S)
--- 703 521-9000
Crystal World Markets LLC 1701 Pennsylvania
--- 248-5412
CS Office Two LLC 145 N St NE Wash --- 682-2411
CSS 975 F St NW Wash --- 347-3808
CSX 400 Virginia Av SW Wash --- 554-4973
CSI Consultants Inc 2200 Pennsylvania Av NW Wash --- 419-0442
CTI DC Inc Wash --- 863-0904
CZ Group Llc 325 7th St NW Wash --- 393-7887
Cuba Study Group Wash --- 544-5088
Cuban American National Council Inc 1444 I St NW
Wash --- 898-4880
Cuban Interest Section-Embassy Of Switzerland
2630 16th St NW --- 797-8518
Cubert Jeremy Atty 2101 L St NW Wash --- 828-4817
Cubeta David B Lacy 655 15th St NW --- 626-5828
Cubist Pharmaceuticals --- 347-3278
Cuccias Matthew J atty 1667 K St NW Wash --- 310-5540
Cuddihy John L lwyr 725 12th St NW --- 434-5348
Cuerno Raul 1025 Thomas Jefferson St NW Wash --- 965-8100
Culbreth & Culbreth Consultants 2206 Irving St SE
--- 889-1182
Culinaerie 1131 14th St NW Wash --- 587-5674
Culinarie 1131 14th St NW Wash --- 898-1088
Cullen And Dykman 1101 14th St NW Wash --- 223-8890
Culley Grace 2001 L St NW Wash --- 466-8960
Cullinane Maurice 666 11th St NW Wash --- 783-4109
Culm Communications Inc 1030 15th St NW
--- 408-0944
Culmore Realty Co 6824 Wisconsin Av NW --- 363-4973
Culotta & Culotta 1111 19th St NW Wash --- 833-1111
Culotta-Norton Margaret 1111 19th St NW --- 833-1111
Culp Courtenay MP Garrett Park MD --- 301 933-1795
Cura Cosmetic Dermatology and laser center
3301 Wisconsin Av NW Wash --- 237-9292
Cultural Alliance 975 F St NW Wash --- 393-2161
Cultural Alinc Of Wash 407 7th St NW Wash --- 393-8112
Cultural Arts Programs 1556 Wisconsin Av NW --- 333-2202
Cultural Circles 1424 Belmont St NW Wash --- 667-4324
Cultural Development Center 1835 14th St NW
--- 204-7733
Cultural Development Corp 916 G St NW Wash --- 315-1305
Cultural Landscape Foundation The --- 483-0553
Cultural Life Foundation 1413 K St NW Wash --- 289-2500
Culture Arthur B lwyr 555 13th St NW --- 638-5388
Culture Beyond G Lwyr 1299 Pennsylvania Av NW
--- 383-6526
Culverbeath David 419 7th St NW --- 393-1439
Culverton Richard L MD 7501 Surratts Rd
--- 301 868-1100
Cummelt Janice And Associates inc 525 School St SW
--- 386-9634
Cummings Don H lwyr 1200 G St NW Wash --- 331-8830
Cummings A lacct 7603 Georgia Av NW --- 722-4183
Cummings James ALA 1612 20th St NW Wash --- 659-1549
Cummings Robert K atty 1299 Pennsylvania Av NW --- 429-6095

Cunningham Carl R MD Arlington
Cunningham Sean B 1900 K St NW Wash --- 337-0092
Cup & Company Of Washington 50 Constitution Av NE
Wash --- 778-2225
Cup'a Cup'a 600 New Hampshire Av NW Wash
Cupa Cupa Inc Wash --- 466-3677
Cupid Cleaners 1704 Euclid St NW Wash --- 216-9861
Cupo Joseph V P 3800 Reservoir Rd NW --- 232-4420
Cupples Howard P - M D 3800 Reservoir Rd NW --- 659-1040
Wash
Cupps Thomas M D 3800 Reservoir Rd NW Wash --- 444-4448
Curators Office 1515 14th St NW Wash --- 444-8233
Curcio Carolyn LICSW 4501 Connecticut Av NW --- 387-1008
Wash
Cure Wash --- 362-7115
Curiel Rodolfo MD 2150 Pennsylvania Av NW --- 479-2873
Curley Timothy E atty 1919 Pennsylvania Av NW --- 741-3333
Wash
Curran Diane 1726 M St NW Wash --- 778-3000
Currancy --- 328-3500
Media Tour-Collector Information --- 874-3019
Current 1215 Connecticut Av NW Wash --- 955-5525
Current Events 332 9th St NE --- 543-8730
Current Newspaper 1612 K St NW Wash --- 463-7055
Current Newspapers Inc NW Georgetown Dupont The
5185 MacArthur Blvd NW Wash --- 244-7223
Currie Julius A Dr 6810 8th St NW Wash --- 829-2872
Curry Anthony 1333 New Hampshire Av NW Wash --- 887-4000
Curry H Gaylord ASA 9320 Annapolis Rd --- 301 352-3940
Curry H Gaylord RI Est 9470 Annapolis Rd
Lanhm MD --- 301 352-3940
Curryb Devarieste Esquire --- 466-8333
Curseen Realty Group LLC 1632 F St NE Wash --- 396-9096
Curtex Constr Corp Wash --- 393-1490
Curtin James MD Washington Hospital Center --- 877-6271

## CURTIN LAW ROBERSON
## DUNIGAN & SALANS PC
www.curtin-law.com
1900 NW M St Wash --- 530-3300

Curtin Matthew M T 1900 M St NW Wash --- 530-3300
Curtin Michael F lwyr 1900 M St NW Wash --- 530-3300
Curtis & Associates 101 Q St NE Wash --- 832-3373
Curtis & Edith Munson Foundation The 1900 M St NW
Wash --- 887-8992
Curtis Equipment Inc 2121 Wisconsin Av NW --- 244-1839
Curtis J Lewis 1735 Tamarack St NW Wash --- 737-5001
Curtis Joel R atty 717 D St NW Wash --- 638-1136
Curtis Kenneth W atty 4010 University Dr
Fairfx VA --- 703 277-9760
Curtis KIA 5917 Georgia Av NW Wash --- 723-6938
Curtis KIA 5917 Georgia Av NW Wash --- 882-4542
Curtis Lee P lwyr 1299 Pennsylvania Av NW Wash --- 383-7263
Curtis Lewis & Assocs PC 1735 Tamarack St NW
Wash --- 737-3020
Curtis Liesl A M D 3800 Reservoir Rd NW Wash --- 444-2115
Curtis Locksmith 927 15th NW --- 567-6515
Curtis Locksmith 4301 49 St NW --- 567-6597
Curtis Locksmith 3519 Connecticut Ave NW --- 567-6597
Curtis Locksmith 901 D St SW --- 567-6556
Curtis Locksmith 1800 G St NW --- 567-6556
Curtis Locksmith 2301 M St NW --- 567-6451
Curtis Locksmith 20 Massachusetts Av NW --- 567-6474
Curtis Locksmith 201 Pa St --- 567-6474
Curtis Mallet-Prevost Colt & Mosle LLP
1200 New Hampshire Av NW Wash --- 223-2225
Curtis Mallet Prevost Colt & Mosle Llp
1717 Pennsylvania Av NW Wash --- 223-0201
Curtis Mallet Prevost Colt & Mosle Lip
1717 Pennsylvania Av NW Wash --- 828-9330
Curtis Properties Inc
2041 Martin Luther King Jr Av SE --- 678-1000
Curtis Property Management Corporation
2021 Martin Luther King Jr Av SE Wash --- 678-1375
Curtis Wendy Butler 801 Pennsylvania Av NW
--- 662-0200
Curtis Michael A atty 2550 M St NW Wash --- 457-6600
Curves 5521 Colorado Av NW Wash --- 722-5991
Curves 1334 North Capitol St NW Wash --- 332-2241
Curves For Women 3416 Idaho Av NW --- 237-6680
Curves For Mount Pleasant 3220 17th St NW Wash --- 319-7007
Cushing David d 2100 Pennsylvania Av NW Wash --- 293-7060
Cushman & Wakefield 2001 K St NW Wash --- 296-4806
Cushman & Wakefield Of Washington DC --- 467-0600
1801 K St NW
Cushman & Wakefield Of Washington DC inc 300 M St SE --- 554-3210
Wash

## CUSTOM BEDDING AND FURNITURE
## COMPANY 3554 Bladensburg Rd
Bladnsbrg MD --- 301 699-1330
Custom Carpet Shop Of MD 5414 Randolph Rd
Wash --- 301 881-1722
Custom Cleaners 2327 Connecticut Av NW --- 667-5988
Custom Frame 2904 M St NW Washington DC --- 965-4747

## CUSTOM SHOP CLOTHIERS
Specializing In Custom Made Clothing For Men
www.customshop.com --- 659-8250
1033 Connecticut Av NW Wash --- 289-4000

Cunningham F R Mill Arlington --- 567-6634
Cutler Stephanie C atty 1747 Pennsylvania Av NW --- 223-1200
Cutlery Capers 3222 Georgia Av NW --- 882-0025
Cuttin Up Barber Shop 1206 9th St NW Wash --- 789-9253
Cutting Edge Design 1606 20th St NW Wash --- 629-3078
Cutting Edge Design 1606 20th St NW Wash --- 265-9028
Cutts Matthew D atty 2550 M St NW Wash --- 457-6000
Cutz N Stuff 4916 Central Av NE Wash --- 388-3380
Cutz of the Mill 114 11th St SE Wash --- 543-1547
Cvs 1300 1 St NW Wash --- 682-7367
CVS 2819 M St NW Washington, Dc --- 333-1592
CVS Pharmacy --- 289-1616
CVS Pharmacy --- 484-8527
CVS Pharmacy --- 526-4828
CVS Pharmacy 320 40th St NE Wash --- 397-3691
CVS Pharmacy 1201 Maryland Av SW Wash --- 488-0243
CVS Pharmacy 6514 Wisconsin Av NW Wash --- 775-0762
CVS Pharmacy 5335 Wisconsin Av NW Wash --- 244-0575
CX International 900 19th St NW Wash --- 355-9008
Cyber Secure Institute Inc 1100 New York Av NW
Wash --- 289-7999
Cybercsp .com LLC 1201 Pennsylvania Av NW
--- 664-4613
Cyberlaptops Com 1636 R St NW Wash --- 462-7195
Cybrinth 1615 L St NW Wash --- 640-2903
Cybrinth 1615 L St NW Wash --- 640-2904
Cybrinth 1615 L St NW Wash --- 640-2926
Cybrinth 1615 L St NW Wash --- 640-2931
Cybrinth 1615 L St NW Wash --- 640-2950
Cycle Technologies --- 333-8883
CycleLife USA 1355 K St NW Wash --- 822-8787
Cynergy Systems 1600 K St NW Wash --- 639-8132
Cyntia Katkish atty 701 Pennsylvania Av NW Wash --- 639-8132
Cypress Communications 655 15th St NW Wash --- 233-0100
Cyr Beth 1333 New Hampshire Av NW Wash --- 887-4000
Cyrus Communication 1717 K St Wash --- 508-3396
Cyrus Murray Estate 3431 Yuma St NW --- 237-1716
Cytryn Albert S
7501 Greenway Center Dr Greenbit MD --- 301 513-9134
8505 Arlington Blvd Fairfx VA --- 703 849-8185
Czaja Gabrielle MPT 2141 K St NW Wash --- 223-4943
Czech Embassy 3900 Linnean Av NW Wash --- 966-4610

## Column 4 (D)

**D**

d 5000 Benning Rd SE Wash --- 583-6306
D Brows 5332 Georgia Av NW Wash --- 232-7677
D Byorick Steel Inc 3814 12th St NE Wash --- 269-0556
D Caffrees' Beauty Gallery International 915 Kennedy St NW
Wash
D Elliott Llc 1634 Independence Av SE Wash --- 544-9510
D H Lloyd & Associates Inc 1625 K St NW Wash --- 223-1223
D Jean Gardner 2600 Pennsylvania Av NW Wash --- 625-2920
D Orr Enterprises Inc
South Capital & I Streets SW --- 484-0415
D 7 Partners Inc 5762 2nd St NE Wash --- 529-0700
D Solutions 5335 Wisconsin Blvd Wash --- 243-0588
D Squared Inc --- 546-4554
D Street Cafe 1529 16th St NW Wash --- 232-5551
D Vines 3103 14th St NW Wash --- 234-0044
DACOR Inc 1801 F St NW Wash --- 408-9678
DAR Const Hall 1776 D St NW --- 347-1581
DAR Constitution Hall Manager Director 1776 NW D St
Wash --- 628-2661
DAR Constitution Hall Ticket Information 18th & C S NW
--- 638-2661
DAR Museum General Information 1776 D St NW
--- 879-3241
DAR National Headquarters 1776 D St NW Wash --- 628-1776
DA's RFD Washington 810 7th St NW Wash --- 289-2030
D & B Carryout & Restaurant 3412 Georgia Av NW --- 722-1966
D & B Productions 1101 30th St NW Wash --- 625-8379
DBA Software Inc 6720 Democracy Blvd
Beth MD --- 301 571-2468
Dbc 1050 Thomas Jefferson St NW Wash --- 298-7600
DBE 1850 NW M St Wash --- 721-4100
DBI Architects Inc
1707 L St NW Wash --- 872-8844
1984 Isaac Newton Sq W Reston VA --- 703 787-0882
D B T Capital LLC 400 7th St SE Wash --- 546-0640
DBT Capital LLC 4473 B St SE Wash --- 575-0150
D C A Emergency Locksmith --- 367-9099
D C A I Emergency Locksmith --- 367-9099
D C A 24 Hour Emergency Locksmith --- 367-9093
DC Access Llc Wash --- 546-5898
DC Anywhere A Locksmith Service --- 367-9108
DC Appleseed Center 1111 14th St NW Wash --- 289-8007
DC Appliance Repair Inc Wash --- 483-2444
DC Appliance Repair Inc 580 23rd Pl NE Wash --- 396-4550
D C Art & Studio Fax 1726 Wisconsin Av NW Wash --- 387-6774
DC Arts Center 2438 18th St NW Wash --- 462-7833
DC Association 1628 16th St NW Wash --- 265-6363
DC Available Locksmith --- 367-9111
D C Baptist Convention 1628 16th St NW Wash --- 265-1526

## D C BAR 1101 K Street NW --- 737-4700

DC Bar Information Inc 2000 P St NW Wash --- 737-1097
DC Bar Legal Information Help Line --- 626-3499
D C Barber Center 3817 14th St NW Wash --- 291-9499
D C Bearings Company 3176 ½ Bladensburg Rd NE --- 526-4000
DC Beauty Supply 4049 Minnesota Av NE Wash --- 398-2296
DC Bible Institute 30 Kennedy St NW Wash --- 545-8600
DC Bicycle Ride 1325 Massachusetts Av NW --- 737-5767
DC Blue Print 401 11th St NW Wash --- 464-4600
DC Blues Society Wash --- 828-3028
DC Boathouse 5441 MacArthur Blvd NW Wash --- 362-2628

DC Center for Independent Living
DC Center For Independent Living
DC CENTRAL KITCHEN 425 2nd S
D C Central Kitchen Inc 1328 16th
DC Central Kitchen Inc 49 1 St NW
DC Certification Board 1700 K St NW
DC Chamber Of Commerce 1213
DC Chartered Health Plan 1025 1
DC Chartered Health Plan 1100 1
DC Child & Family Services
Foster & Adoptive Parent Recru
Healthy Families Thriving C
Collaboratives
Edgewood-Brookland Fam
Collaborative-Ward 5
Far Southeast Family Stre
Wards 8 & 6
South Wash-West River F
Collabor-Ward 6
1510 Half St SW
DC Children Advocacy Center 44
Wash
DC Chiropractic 1522 K St NW W
DC Christian Federal Credit Uni
1510 9th St NW
DC Cleaners 1901 Pennsylvania A
DC Cmpgn to Prvnt Teen Preg 1
D C Coalition Against Domestic
DC Coalition Against Domestic
D C Coalition Against Domestic
DC Coalition for the Homeless 1
DC Coast Restaurant 1401 K St N
DC Confidential
DC Confidential
DC Confidential
DC Confidential
DC Congress Of Parents And Te
6th & Pennsylvania Av NW
DC Court of Appeals-Case and L
DC Credit Union League 120 N S
Alex VA
DC Cripgled Children's Society
DC Dance Collective Inc 4908 W
Wash
DC Dental Services Llc 3130 M
DC Dental Spa 1325 18th St NW
DC Dept of American Legion 34
Wash
DC Dragon's Karate Training C
1731 Rhode Island Av NE
DC Dry Cleaners 1856 Columbia
DC Ducks 901 Euarts St NW Was
DC Ducks 1323 Pennsylvania Av
DC Ducks 600 Reed St NE Wash
DC Dysc Inc Wash
DC Eagle 639 New York Av NW W
D C Emergency Locksmith ---
D C Emergency Locksmith ---
DC Emergency 24 Hour 7 Day L
DC Express Cab Assoc 2000 5th
DC Express Inc 1504 East Capito
D C Family Empowerment Cent
3400 Martin Luther King Jr Av
D C Farmers Market 1818 NE M
DC Fast Foods Corp 1401 Maryla
D C Fire & Arson Investigators /
4th & Hobart Pl NW
DC Fire Department Federal Cre
2225 5th St NE
DC Fish Bowl
DC Floors Frng 6918 4th St NW
DC Florists
DC Flyer & Empire Cab 37 L St
DC Footwear.com 1348 U St NW
DC Foreign Car Service 31 K St
D C FOTO Week 3247 Q St NW W
DC Golf Course Tee Time 970 O
DC Goodwill 2200 South Dakota
DC Govt 1150 5th St SE Wash ---
DC Govt 1325 14th St NW Wash -
DC Govt 4049 South Capitol St S
DC Govt 409 E St NW Wash ---
DC Govt 1500 Franklin St NE Wa
DC Govt 2720 Martin Luther King
DC Govt 941 North Capitol St NE
DC Govt 77 P St NE Wash ---
DC Govt-detention Ctr 1901 D S
DC Govt-MPD ---
DC Graphite 2428 Martin Luther
DC Graphics Rockvl MD ---

| | | |
|---|---|---|
| ------ 863-0904 | Fairfx VA | D Elliott Llc 1634 Independ |
| ----- 393-7887 | Curtis KIA 5917 Georgia Av NW Wash ----- | 703 277-9760 |
| | | D H Lloyd & Associates Inc |
| ----- 544-5088 | Curtis KIA 5917 Georgia Av NW Wash ----- 723-6938 | D Jean Gardner 2600 Penn |
| I St NW | Curtis Lee P lwyr 1299 Pennsylvania Av NW Wash -- 882-4542 | D Orr Enterprises Inc |
| ----- 898-4880 | Curtis Lewis & Assocs PC 1735 Tamarack St NW | South Capital & I Streets SN |
| rland | Wash ----- 383-7263 | D 7 Partners Inc 5762 2nd S |
| ------ 797-8518 | Curtis Liesl A M D 3800 Reservoir Rd NW Wash ----- 737-3020 | D Solutions 5335 Wisconsin |
| ------ 828-4817 | Curtis Locksmith 927 15th NW ----- 444-2115 | D Squared Inc ----- |
| ------ 626-5828 | Curtis Locksmith 4301 49 St NW ----- 567-6515 | D Street Cafe 1529 16th St I |
| ------ 347-3278 | Curtis Locksmith 3519 Connecticut Ave NW ----- 567-6679 | D Vines 3103 14th St NW Wa |
| ------ 310-5540 | Curtis Locksmith 901 D St NW ----- 567-6597 | DACOR Inc 1801 F St NW W |
| ------ 434-5348 | Curtis Locksmith 1800 G St NW ----- 567-6720 | DAR Const Hall 1776 D St N |
| sh ---- 965-8100 | Curtis Locksmith 2301 M St NW ----- 567-6556 | DAR Constitution Hall Man |
| I St SE | Curtis Locksmith 20 Massachusetts Ave NW ----- 567-6761 | Wash ----- |
| ------ 889-1182 | Curtis Locksmith 201 Pa St ----- 567-6433 | DAR Constitution Hall Ticke |
| ------ 587-5674 | | 567-6474 | Wash ----- |
| ------ 898-1088 | Curtis Mallet-Prevost Colt & Mosle LLP | DAR Museum General Infor |
| | 1200 New Hampshire Av NW Wash ----- 223-2325 | |
| Wash -- 223-8890 | Curtis Mallet Prevost Colt & Mosle Llp | DAR National Headquarters |
| ------ 466-8960 | 1717 Pennsylvania Av NW Wash ----- 223-0201 | DA's RFD Washington 810 17 |
| ------ 783-4109 | Curtis Mallet Prevost Colt & Mosle Llp | D & B Carryout & Restauran |
| | 1717 Pennsylvania Av NW Wash ----- 828-9330 | DB Media Productions 1101 |
| ----- 408-0944 | Curtis Properties Inc | DBA Software Inc 6701 Demo |
| ----- 363-4973 | 2041 Martin Luther King Jr Av SE ----- 678-1000 | Beth MD |
| ------ 833-1111 | Curtis Property Management Corporation | Dbc 1050 Thomas Jefferson St |
| ------ 833-1111 | 2021 Martin Luther King Jr Av SE Wash ----- 678-1375 | DBE 1850 NW M St NW Wash |
| 301 933-1795 | Curtis Wendy Butler 801 Pennsylvania Av NW | DBI Architects Inc |
| ter | Wash ----- 662-0200 | 1707 L St NW Wash ----- |
| ---- 237-9292 | Curto Michael A atty 2550 M St NW Wash ----- 457-6000 | 1984 Isaac Newton Sq W Rest |
| ---- 393-2161 | Curves 5521 Colorado Av NW Wash ----- 722-5991 | D B T Capital LLC 400 7th St S |
| ---- 393-8112 | Curves 1334 North Capitol St NW Wash ----- 332-2241 | DBT Capital LLC 4473 B St S |
| ---- 333-2202 | Curves For Women 3416 Idaho Ave NW Wash ----- 237-6680 | DC A Emergency Locksmith - |
| ---- 667-4324 | Curves of Mount Pleasant 3220 17th St NW Wash - 319-7007 | DC A 1 Emergency Locksmith |
| | Cushing David J 2100 Pennsylvania Av NW Wash -- 293-7060 | DC A 24 Hour Emergency Loc |
| ----204-7733 | Cushman & Wakefield 2001 K St NW Wash ----- 296-4806 | Dc Access Llc Wash ----- |
| --- 315-1305 | Cushman & Wakefield Of Washington DC | DC Anywhere A Locksmith Se |
| ---- 483-0553 | 1801 K St NW ----- 467-0600 | DC Appleseed Center 1111 14 |
| --- 289-2500 | Cushman & Wakefield Of Washington DC Inc 300 M St SE | DC Appliance Repair Inc Wash |
| ----- 383-5388 | Wash ----- 554-3210 | Dc Appliance Repair Inc 580 2 |
| | | D C Art & Studio Fax 1726 Wisc |
| ------383-6526 | CUSTOM BEDDING AND FURNITURE | DC Arts Center 2438 18th St NV |
| -----393-1439 | COMPANY 3554 Bladensburg Rd | DC Association 1628 16th St NV |
| | Bladnsbrg MD ----- 301 699-1330 | DC Available Locksmith ----- |
| 301 868-1100 | Custom Carpet Shop Of MD 5414 Randolph Rd | D C Baptist Convention 1628 16 |
| V | Rockvl MD ----- 301 881-7322 | D C BAR 1101 K Street |
| ------386-9634 | Custom Cleaners 2637 Connecticut Av NW ----- 667-5988 | DC Bar Foundation Inc 2000 P S |
| ------331-8830 | Custom Frame 2904 M St NW Washington DC ----- 965-4747 | DC Bar Legal Information Help |
| -----722-4183 | CUSTOM SHOP CLOTHIERS | D C Barber Center 3817 14th St |
| ----- 659-1549 | Specializing In Custom Made Clothing For Men | D C Bearings Company 3176 ½ |
| ------429-8096 | www.customshop.com | DC Beauty Supply 4049 Minneso |
| IW | | DC Bible Institute 30 Kennedy St |
| ------383-7232 | 1033 Connecticut Av NW Wash --- 659-8250 | Dc Black Pride 1325 Massachuse |
| ----393-8585 | Custom Software Inc Wash ----- 289-4000 | DC Blues Society Wash ----- |
| -- 654-4280 | Customs Integrated Solutions Llc | DC Boathouse 5441 MacArthur Blv |



## Department of Consumer and Regulatory Affairs

Home                                                                                     Edit Account | Log Out

### Curves NA, Inc. - Initial File Number: C00005979236

Main     Reports     Trade Names     Governors

**Entity Info**

| | |
|---|---|
| **Business Name** | Curves NA, |
| **Suffix** | Inc. |
| **Registration / Effective Date** | 4/30/2018 |
| **Commencement Date** | 4/30/2018 |
| **Entity Status** | Active |
| **Foreign Name** | Curves NA, Inc. |
| **Date of Organization** | 2/01/2018 |
| **State** | Texas |
| **Country** | USA |

**Business Address**

| | |
|---|---|
| **Line1** | 100 Richie Road |
| **Line2** | |

| **City** | Woodway | **State** | Texas | **Zip** | 76712 |

**Agent**

| | |
|---|---|
| **Is non-commercial Registered Agent?** | No |
| **Name** | C T CORPORATION SYSTEM |

**Address**

| | |
|---|---|
| **Line1** | 1015 15th St NW |
| **Line2** | Suite 1000 |

| **City** | Washington | **State** | District of Columbia | **Zip** | 20005 |

| **Email** | CT-StateCommunications@wolterskluwer.com |

**Return to Home**



https://icoreonline.dcra.dc.gov/BizEntity.aspx/ViewEntityData?entityId=...

**District News**

Press Briefings & Schedules

Statements & Releases

Subscribe to Emails

Subscribe to Text Alerts

Online Chats

DC.Gov Social Networks

DC Webcasts

Government Closures

**Information Centers**

72hours Emergency Planning

Business

Consumer Protection

Education

Health

Social Services

Residents

Visitors

**Community**

Citywide Calendar

Census

DC Jobs

DC Procurement

Green DC

DC One Card

Interagency on Homelessness

Recovery.dc.gov

**DC Government**

Mayor's Office

DC Agencies

DC Council

Elected Officials

District Appointees

CapStat

Courts

DC Laws

DC Statehood

**Contact Us**

Call 311

Contact the Mayor

Contact Agency Directors

Send Feedback

Search Telephone Directory

Submit Service Requests

Make FOIA Requests

Accessibility   |   About DC.Gov   |   DC Guide   |   Wi-Fi Hotspots   |   Feedback   |   Privacy & Security   |   Terms & Conditions

7/16/2018, 8:52 AM

# NEVADA SECRETARY OF STATE
## Barbara K. Cegavske

SOS INFORMATION | ELECTIONS | BUSINESSES | LICENSING | INVESTOR INFORMATION | ONLINE SERVICES



# HAALO, LTD.

Q New Search                    Manage this Business      $ Calculate List Fees      🖶 Printer Friendly

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Default | File Date: | 4/3/2002 |
| Type: | Domestic Corporation | Entity Number: | C8208-2002 |
| Qualifying State: | NV | List of Officers Due: | 4/30/2018 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20021275230 | Business License Exp: | 4/30/2018 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

Registered Agent resigned

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 25,000.00 |
| Par Share Count: | 25,000,000.00 | Par Share Value: | $ 0.001 |

## − Officers                                                    ☐ Include Inactive Officers

**Treasurer - DIANE HEAVIN**

| | | | |
|---|---|---|---|
| Address 1: | PO BOX 27740 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89126 | Country: | |
| Status: | Active | Email: | |

**President - H GARY HEAVIN**

| | | | |
|---|---|---|---|
| Address 1: | PO BOX 27740 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89126 | Country: | |
| Status: | Active | Email: | |

**Director - H GARY HEAVIN**

| | | | |
|---|---|---|---|
| Address 1: | PO BOX 27740 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89126 | Country: | |
| Status: | Active | Email: | |

**Secretary - JENNIFER MILLER**

| | | | |
|---|---|---|---|
| Address 1: | PO BOX 27740 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89126 | Country: | |
| Status: | Active | Email: | |

## + Actions\Amendments

SOS Information  |  Elections  |  Businesses  |  Licensing  |  Investor Information  |  Online Services  |  Contact Us  |  Sitemap

101 N Carson Street Suite 3 Carson City, NV 89701 | (775) 684-5708

© 2016 All Rights Reserved. Privacy Policy and Disclaimer | About This Site

Flight history; flightwise Flight Tracking, Scheduling, Online Planning, Airport and Aviation W...          https://flightwise.com/tr/flighthistory/activity.aspx

PDT ⊘ 6:15:02   MDT ⊘ 7:15:02   CDT ⊘ 8:15:02   EDT ⊘ 9:15:02   UTC ⊘ 1:15:02

 flightwi**se**          home

This section allows you to retrieve information on flights for a particular flight/aircraft, including tracklines and altitude, and VFR activity, for past flights.

Please enter <u>one or more</u> of the following...

tail number

N52ET

☐ Display owner information

| Destination | Departing | AC Type | Lines per Page |
|---|---|---|---|
| | | | 10 |

Refine your search

| Report Start Date | Report End Date |
|---|---|
| 11/13/2017 | 11/14/2017 |

Fetch

The following are matching IFR flights for this aircraft/flight ID: Want this as an Excel Spreadsheet?

The following are matching IFR flights for this aircraft/flight ID: Want this as an Excel Spreadsheet?

| Ident | Type | Dept | Dest | Dept Time (GMT) | Arr Time (GMT) | Elapsed | Disposition | Owner |
|---|---|---|---|---|---|---|---|---|



Flight history; flightwise Flight Tracking, Scheduling, Online Planning, Airport and Aviation W...                    https://flightwise.com/tr/flighthistory/activity.aspx

| N52ET | C25B | FDK | IAD | 11/13/2017 11:53:00 PM | 11/14/2017 12:12:00 AM | 19m | Indeterminate | Unknown owner |
| N52ET | C25B | FDK | FDK | 11/13/2017 8:52:00 PM | 11/13/2017 9:37:00 PM | 45m | Indeterminate | Unknown owner |
| N52ET | C25B | HEF | FDK | 11/13/2017 5:18:00 PM | 11/13/2017 5:48:00 PM | 30m | Indeterminate | Unknown owner |
| N52ET | C25B | PWG | HEF | 11/13/2017 1:59:00 AM | 11/13/2017 4:47:00 AM | 3h 48m | Indeterminate | Unknown owner |

| Ident | Ctr | | | When (GMT) |

**There is no recent VFR activity for this Aircraft/Flight ID**

## Aircraft Inquiries

- N-number
- Serial Number
- Name
- Make / Model
- Engine Reference
- Dealer
- Document Index
- State and County
- Territory and Country
- Pending / Expired / Canceled Registration Reports
- Recent Registration
- N-number Availability

**Request A Reserved N-Number**
-- · Online
-- · In Writing

**Reserved N-Number Renewal**
· Online

**Request for Aircraft Records**
· Online

· Help
· Main Menu
· Aircraft Registration
· Aircraft Downloadable Database
· Definitions
· N-Number Format
· Registrations at Risk
· Contact Aircraft Registration

FAA Home » Licenses & Certificates » Aircraft Certification » Aircraft Registration » Aircraft Inquiry » N-Number Inquiry

# FAA REGISTRY

**N-Number Inquiry Results**

**N52ET is Assigned**

Data Updated each Federal Working Day at Midnight



### Aircraft Description

| | | | |
|---|---|---|---|
| Serial Number | 525B0018 | Status | Valid |
| Manufacturer Name | CESSNA | Certificate Issue Date | 03/31/2008 |
| Model | 525B | Expiration Date | 10/31/2019 |
| Type Aircraft | Fixed Wing Multi-Engine | Type Engine | Turbo-fan |
| Pending Number Change | None | Dealer | No |
| Date Change Authorized | None | Mode S Code (base 8 / oct) | 51503413 |
| MFR Year | 2005 | Mode S Code (base 16 / hex) | A6870B |
| Type Registration | Corporation | Fractional Owner | NO |

### Registered Owner

| | | | |
|---|---|---|---|
| Name | HAALO LTD | | |
| Street | 101 CONVENTION COURT DR STE 700 | | |
| City | LAS VEGAS | State | NEVADA |
| County | CLARK | Zip Code | 89109 |
| Country | UNITED STATES | | |

### Airworthiness

| | | | |
|---|---|---|---|
| Engine Manufacturer | WILLIAMS | Classification | Standard |
| Engine Model | FJ44-3A | Category | Commuter |
| A/W Date | 06/01/2018 | Exception Code | Yes |

The information contained in this record should be the most current Airworthiness information available in the historical aircraft record. However, this data alone does not provide the basis for a determination regarding the airworthiness of an aircraft or the current aircraft configuration. For specific information, you may request a copy of the aircraft record at http://aircraft.faa.gov/e.gov/ND/

### Other Owner Names
None

### Temporary Certificates

| Certificate Number | T137703 | Issue Date | 11/13/2013 | Expiration Date | 12/13/2013 |
|---|---|---|---|---|---|

### Fuel Modifications
None

Data Updated each Federal Working Day at Midnight





# FAA REGISTRY

## Name Inquiry Results

Name:    HAALO

Sorted By: N-Number

Showing 1 - 10 of 10 (Page 1 of 1)

| N-Number | Serial Number | Manufacturer Name Model | | Name Address |
|----------|---------------|-------------------------|---|--------------|
| 1223Z | TC-67 | BEECH 95-55 | HAALO LTD | |
| 160DH | 5531 | ARBC INC DBA LINDSTRAND 60X | HAALO LTD | |
| 198DW | S1746 | SCHWEIZER 269C | HAALO LTD | |
| 303CU | 5355 | LINDSTRAND BALLOONS 56X | HAALO LTD | |
| 330CU | 5398 | LINDSTRAND BALLOONS 56X | HAALO LTD | |
| 5291Y | S53A-3083 | AEROSTAR INTERNATIONAL INC S53A | HAALO LTD | |
| 52ET | 525B0018 | CESSNA 525B | HAALO LTD | |
| 65486 | 6687 | CAMERON BALLOONS US ZL-70 | HAALO LTD | |
| 65ZL | 6621 | CAMERON BALLOONS ZL-65 | HAALO LTD | |
| 826GH | 5290 | LINDSTRAND BALLOONS 56X | HAALO LTD | |

Showing 1 - 10 of 10 (Page 1 of 1)

| category | contributor | location | occupation | date | amount | recipient |
|---|---|---|---|---|---|---|
| Money to SuperPAC /Outside Group | HEAVIN, GARY | GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC. | 10/29/2012 | $1,000,000.00 | American Crossroads |
| Money to PACs | HEAVIN, H GARY | GATESVILLE, TX 76528 | Curves International/Founder | 6/17/2002 | $5,000.00 | American Success PAC (R) |
| Money to PACs | HEAVIN, GARY | GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 5/31/2012 | $1,700.00 | Freedom Project (R) |
| Money to PACs | HEAVIN, GARY MR | WOODWAY, TX 76712 | CURVES INTERNATIONAL, INC. | 10/1/2009 | $5,000.00 | International Franchise Assn |
| Money to Parties | HEAVIN, H GARY MR | WACO, TX 76712 | CURVES INTERNATIONAL | 5/31/2012 | $5,800.00 | National Republican Congressional Cmte (R) |
| Money to Parties | HEAVIN, H GARY MR | WACO, TX 76712 | CURVES INTERNATIONAL/ FOUNDER/ CHAIR | 1/30/2012 | $25,000.00 | National Republican Congressional Cmte (R) |
| Money to Parties | HEAVIN, H GARY MR | WACO, TX 76712 | CURVES INTERNATIONAL | 6/9/2009 | $25,000.00 | National Republican Congressional Cmte (R) |
| Money to Parties | HEAVIN, H GARY MR | GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 4/14/2008 | $25,000.00 | National Republican Congressional Cmte (R) |
| Money to Parties | HEAVIN, H GARY | GATESVILLE, TX 76528 | | 2/22/2007 | ($25,000.00) | National Republican Congressional Cmte (R) |
| Money to Parties | HEAVIN, H GARY MR | WACO, TX 76712 | CURVES, INC. | 12/22/2011 | $30,800.00 | National Republican Senatorial Cmte (R) |
| Money to Parties | HEAVIN, H GARY MR | WACO, TX 76712 | CURVES, INC. | 6/10/2010 | $10,000.00 | National Republican Senatorial Cmte (R) |
| Money to Parties | HEAVIN, H GARY | GATESVILLE, TX 76528 | | 3/6/2006 | $25,000.00 | National Republican Senatorial Cmte (R) |
| Money to Parties | HEAVIN, H GARY | GATESVILLE, TX 76528 | | 6/10/2005 | $11,400.00 | National Republican Senatorial Cmte (R) |
| Money to Parties | HEAVIN, HOWARD GARY MR | GATESVILLE, TX 76528 | CURVES INT'L. INC. | 4/30/2012 | $30,800.00 | Republican National Cmte (R) |



PLAINTIFF'S EXHIBIT

H

tabbies

# Donor Lookup

Advanced Search
🔍

First and Last Name of Donor

Displaying 1 - 50 of 88 records ⬇ Download first 250 records  ?



| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES | 12-18-2003 | $2,000.00 | Sessions, Pete (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 06-08-2010 | $2,400.00 | Chabot, Steve (R) |
| Money to SuperPAC/Outside Group | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC. | 10-29-2012 | $1,000,000.00 | American Crossroads |
| Money to Parties | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 08-27-2004 | $1,607.00 | Republican Party of Florida (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | ENTREPRENEUR | 12-28-2017 | $2,700.00 | Snyder, Michael (R) |
| Money to SuperPAC/Outside Group | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 10-13-2017 | $100,000.00 | Protect Freedom PAC |



PLAINTIFF'S EXHIBIT
I

Donor Lookup • OpenSecrets

https://www.opensecrets.org/donor-lookup/results?name=gary+heavin

| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES | 09-21-2004 | $2,000.00 | Sessions, Pete (R) |
| Money to PACs | HEAVIN, GARY GATESVILLE, TX 76528 | Curves/Owner | 06-12-2002 | $5,000.00 | PETE PAC (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | | 05-23-2006 | $2,100.00 | Taylor, Van (R) |
| Money to PACs | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES | 12-12-2003 | $5,000.00 | PETE PAC (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 02-04-2005 | $1,900.00 | Cornyn, John (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | BUSINESSMAN | 10-29-2010 | $2,400.00 | Zamora, Edward Jr (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 06-17-2010 | $2,400.00 | Griffin, Tim (R) |
| Money to PACs | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 05-31-2012 | $1,700.00 | Freedom Project (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | | 06-23-2006 | $2,100.00 | Taylor, Van (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 02-04-2005 | $2,100.00 | Cornyn, John (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 02-12-2010 | $2,400.00 | Carter, John (R) |
| Money to Candidates | HEAVIN, GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 06-08-2009 | $2,400.00 | Carter, John (R) |

Donor Lookup • OpenSecrets

https://www.opensecrets.org/donor-lookup/results?name=gary+heavin

| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | | 07-29-2008 | -$1,000.00 | Carter, John (R) |
| Money to Candidates | HEAVIN, GARY MR<br>WACO, TX 76710 | CURVES INTERNATIONAL/OWNER | 04-17-2003 | $2,000.00 | Snyder, Dorothy (Dot) Nelson (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 05-22-2004 | $2,000.00 | Wohlgemuth, Arlene (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 05-22-2004 | $1,000.00 | Wohlgemuth, Arlene (R) |
| Money to Candidates | HEAVIN, GARY MR<br>WACO, TX 76710 | | 06-07-2004 | -$2,000.00 | Snyder, Dorothy (Dot) Nelson (R) |
| Money to Parties | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | | 02-22-2007 | -$25,000.00 | National Republican Congressional Cmte (R) |
| Money to PACs | HEAVIN, GARY MR<br>WOODWAY, TX 76712 | CURVES INTERNATIONAL, INC. | 10-01-2009 | $5,000.00 | International Franchise Assn |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | INFORMATION REQUESTED | 06-16-2010 | $2,400.00 | Flores, Bill (R) |

**FEDERAL LAW PROHIBITS THE USE OF CONTRIBUTOR INFORMATION FOR THE PURPOSE OF SOLICITING CONTRIBUTIONS OR FOR ANY COMMERCIAL PURPOSE.**

| | | | | | |
|---|---|---|---|---|---|
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 05-22-2004 | $2,000.00 | Wohlgemuth, Arlene (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 06-21-2010 | $2,400.00 | Ross, Dennis (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 07-13-2006 | $1,000.00 | Carter, John (R) |
| Money to Candidates | HEAVIN, GARY MR | CURVES, INTERNATIONAL | 03-10-2004 | $2,000.00 | Snyder, Dorothy (Dot) Nelson (R) |

| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| | WACO, TX 76710 | | | | |
| Money to Parties | HEAVIN, H GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 10-04-2004 | $1,012.00 | Republican State Cmte of Michigan (R) |
| Money to Parties | HEAVIN, H GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 10-04-2004 | $357.00 | Arkansas Leadership Cmte 2003 FCRC (R) |
| Money to PACs | HEAVIN, H GARY GATESVILLE, TX 76528 | Curves International/Founder | 06-17-2002 | $5,000.00 | American Success PAC (R) |
| Money to Candidates | HEAVIN, H GARY GATESVILLE, TX 76528 | curves/owner | 02-20-2002 | $1,000.00 | Farley, Ramsey W (R) |
| Money to Candidates | HEAVIN, H GARY GATESVILLE, TX 76528 | curves/owner | 02-20-2002 | $1,000.00 | Farley, Ramsey W (R) |
| Money to Parties | HEAVIN, H GARY GATESVILLE, TX 76528 | | 06-10-2005 | $11,400.00 | National Republican Senatorial Cmte (R) |
| Money to Candidates | HEAVIN, H GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 07-13-2006 | $2,100.00 | Carter, John (R) |
| Money to Candidates | HEAVIN, H GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 03-30-2005 | $2,000.00 | Carter, John (R) |
| Money to PACs | HEAVIN, H GARY GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 02-12-2010 | $5,000.00 | CARTER PAC (R) |
| Money to Candidates | HEAVIN, GARY MR GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 06-05-2012 | $2,500.00 | Boehner, John (R) |
| Money to Candidates | HEAVIN, H GARY GATESVILLE, TX 76528 | curves/owner | 02-20-2002 | $1,000.00 | Farley, Ramsey W (R) |
| Money to Candidates | HEAVIN, H GARY | curves/owner | 08-27-2002 | $250.00 | Farley, Ramsey W (R) |

| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| | GATESVILLE, TX 76528 | | | | |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | curves/owner | 02-20-2002 | $1,000.00 | Farley, Ramsey W (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | curves/owner | 02-02-2002 | $1,000.00 | Farley, Ramsey W (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 07-18-2008 | $2,300.00 | Carter, John (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 03-30-2005 | $2,000.00 | Carter, John (R) |
| Money to Parties | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | | 03-06-2006 | $25,000.00 | National Republican Senatorial Cmte (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | | 02-29-2008 | -$2,300.00 | Thompson, Fred (R) |
| Money to Candidates | HEAVIN, GARY MR<br>WACO, TX 76710 | CURVES, INTERNATIONAL | 03-10-2004 | $2,000.00 | Snyder, Dorothy (Dot) Nelson (R) |
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 03-08-2004 | $2,000.00 | Carter, John (R) |

**NEXT**

* Data on individual contributions downloaded from the Federal Election Commission on June 29, 2018. **Federal law prohibits the use of contributor information for the purpose of soliciting contributions or for any commercial purpose.** This database includes Federal Election Commission records of receipts from all individuals who contribute at least $200 (smaller contributions are not part of the public record). Bear in mind that contributions to politicians can also be made through **Political Action Committees.**

# We follow the money. You make it possible.

Select an amount to make a donation.

$25                                                                     $50

$100                                                                    Other

 ❤ DONATE TODAY

## Count Cash & Make Change

Sign up for our newsletter to track money's influence on U.S. elections and public policy.

Email address                                                          SIGN UP

🐦  Follow us on Twitter

f  Follow us on Facebook

Donor Lookup • OpenSecrets

https://www.opensecrets.org/donor-lookup/results?name=gary+heavin&page=2

# Donor Lookup

Advanced Search

First and Last Name of Donor

Displaying 51 - 88 of 88 records ⬇ Download first 250 records  ?

| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| Money to Candidates | HEAVIN, H GARY<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL INC | 03-08-2004 | $2,000.00 | Carter, John (R) |
| Money to Candidates | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | INFORMATION REQUESTED PER BEST EFFORTS | 02-29-2008 | -$2,300.00 | Thompson, Fred (R) |
| Money to Candidates | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | | 11-06-2007 | $4,600.00 | Thompson, Fred (R) |
| Money to Parties | HEAVIN, HOWARD GARY MR<br>GATESVILLE, TX 76528 | CURVES INT'L. INC. | 07-31-2012 | $4,150.00 | Republican State Cmte of Massachusetts (R) |
| Money to Parties | HEAVIN, HOWARD GARY MR<br>GATESVILLE, TX 76528 | CURVES INT'L. INC. | 04-30-2012 | $30,800.00 | Republican National Cmte (R) |
| Money to Candidates | HEAVIN, HOWARD GARY MR<br>GATESVILLE, TX 76528 | EXECUTIVECURVES INTERNATIONAL | 09-28-2016 | $2,500.00 | Bernhard, Brad A (R) |

Find our Donor Lookup useful? Please consider a donation.    **DONATE**

Donor Lookup • OpenSecrets

https://www.opensecrets.org/donor-lookup/results?name=gary+heavin&page=2

| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| Money to PACs | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | RETIRED | 03-25-2016 | $5,000.00 | Reinventing a New Direction (R) |
| Money to Parties | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 10-01-2004 | $506.00 | Republican Party of Minnesota (R) |
| Money to Parties | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 04-14-2008 | $25,000.00 | National Republican Congressional Cmte (R) |
| Money to Candidates | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | | 11-06-2007 | -$2,300.00 | Thompson, Fred (R) |
| Money to Candidates | HEAVIN, HOWARD GARY MR<br>GATESVILLE, TX 76528 | CURVES INT'L. INC. | 04-30-2012 | $2,400.00 | Romney, Mitt (R) |
| Money to Parties | HEAVIN, H GARY MR<br>WACO, TX 76712 | CURVES INTERNATIONAL | 06-09-2009 | $25,000.00 | National Republican Congressional Cmte (R) |
| Money to Candidates | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | CURVES INC. | 06-22-2010 | $2,400.00 | West, Allen (R) |
| Money to Parties | HEAVIN, HOWARD GARY MR<br>GATESVILLE, TX 76528 | CURVES INT'L. INC. | 07-31-2012 | $4,150.00 | Oklahoma Leadership Council (R) |
| Money to Candidates | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | RETIRED | 03-25-2016 | -$2,700.00 | Paul, Rand (R) |
| Money to Candidates | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | CURVES | 05-02-2012 | $2,400.00 | Williams, Roger (R) |
| Money to Candidates | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | RETIRED | 03-25-2016 | $2,700.00 | Paul, Rand (R) |
| Money to Candidates | HEAVIN, H GARY MR<br>GATESVILLE, TX 76528 | RETIRED | 03-24-2016 | $5,400.00 | Paul, Rand (R) |

Find our Donor Lookup useful? Please consider a donation.   **DONATE**

| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| Money to PACs | HEAVIN, H GARY MR GATESVILLE, TX 76528 | RETIRED | 03-31-2018 | $5,000.00 | Reinventing a New Direction (R) |
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 10-29-2008 | $2,300.00 | McCain, John (R) |

**FEDERAL LAW PROHIBITS THE USE OF CONTRIBUTOR INFORMATION FOR THE PURPOSE OF SOLICITING CONTRIBUTIONS OR FOR ANY COMMERCIAL PURPOSE.**

| Category | Contributor | Occupation | Date | Amount | Recipient |
|---|---|---|---|---|---|
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | CURVES | 03-31-2010 | $2,400.00 | Wolf, Frank R (R) |
| Money to Parties | HEAVIN, HOWARD GARY MR GATESVILLE, TX 76528 | CURVES INT'L. INC. | 07-31-2012 | $4,150.00 | Republican Party of Idaho (R) |
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 06-15-2010 | $2,400.00 | Rubio, Marco (R) |
| Money to Parties | HEAVIN, H GARY MR WACO, TX 76712 | CURVES INTERNATIONAL/FOUNDER/ CHAIR | 01-30-2012 | $25,000.00 | National Republican Congressional Cmte (R) |
| Money to Parties | HEAVIN, H GARY MR WACO, TX 76712 | CURVES, INC. | 12-22-2011 | $30,800.00 | National Republican Senatorial Cmte (R) |
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 06-26-2013 | $2,600.00 | Cornyn, John (R) |
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | CURVES INTERNATIONAL | 06-26-2013 | $2,600.00 | Cornyn, John (R) |
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | RETIRED | 02-24-2014 | $2,600.00 | Williams, Roger (R) |
| Money to PACs | HEAVIN, HOWARD GARY MR GATESVILLE, TX 76528 | INFO REQUESTED | 06-07-2002 | $250,000.00 | NRCC/Non-Federal 2 (R) |
| Money to Candidates | HEAVIN, H GARY MR | RETIRED | 03-25-2016 | -$5,400.00 | Paul, Rand (R) |

Find our Donor Lookup useful? Please consider a donation.   **DONATE**

Donor Lookup • OpenSecrets

| Category | Contributor | Occupation | Date | Amount | Recipient |
|----------|-------------|------------|------|--------|-----------|
| | GATESVILLE, TX 76528 | | | | |
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | CURVES | 09-30-2011 | $2,500.00 | Perry, Rick (R) |
| Money to Candidates | HEAVIN, HOWARD GARY MR GATESVILLE, TX 76528 | CURVES INT'L., INC. | 04-30-2012 | $2,500.00 | Romney, Mitt (R) |
| Money to Candidates | HEAVIN, HOWARD GARY MR GATESVILLE, TX 76528 | EXECUTIVECURVES INTERNATIONAL | 09-29-2011 | $5,000.00 | Dewhurst, David H (R) |
| Money to Parties | HEAVIN, HOWARD GARY MR GATESVILLE, TX 76528 | CURVES INT'L. INC. | 07-31-2012 | $4,150.00 | Vermont Repub Federal Elections Cmte (R) |
| Money to Parties | HEAVIN, H GARY MR WACO, TX 76712 | CURVES INTERNATIONAL | 05-31-2012 | $5,800.00 | National Republican Congressional Cmte (R) |
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | | 11-06-2007 | $2,300.00 | Thompson, Fred (R) |
| Money to Parties | HEAVIN, H GARY MR WACO, TX 76712 | CURVES, INC. | 06-10-2010 | $10,000.00 | National Republican Senatorial Cmte (R) |
| Money to Candidates | HEAVIN, H GARY MR GATESVILLE, TX 76528 | RETIRED | 03-24-2016 | $5,400.00 | Paul, Rand (R) |

PREVIOUS

* Data on individual contributions downloaded from the Federal Election Commission on June 29, 2018. **Federal law prohibits the use of contributor information for the purpose of soliciting contributions or for any commercial purpose.** This database includes Federal Election Commission records of receipts from all individuals who contribute at least $200 (smaller contributions are not part of the public record). Bear in mind that contributions to politicians can also be made through **Political Action Committees**.

Find our Donor Lookup useful? Please consider a donation.    DONATE

# We follow the money. You make it possible.

Select an amount to make a donation.

$25                                                            $50

$100                                                          Other



## Count Cash & Make Change

Sign up for our newsletter to track money's influence on U.S. elections and public policy.

Email address                                                 SIGN UP

Follow us on Twitter

Follow us on Facebook

G
M
T

☐ Detect language          English              Find our Donor Lookup useful? Please consider a donation.    DONATE

Text-to-speech function is limited to 200 characters

Donor Lookup • OpenSecrets

https://www.opensecrets.org/donor-lookup/results?name=gary+heavin&page=2

Options : History : Feedback : Donate

Close

Find our Donor Lookup useful? Please consider a donation.   **DONATE**

7/16/2018, 11:13 AM

## FEC FORM 3X

### REPORT OF RECEIPTS AND DISBURSEMENTS

**For Other Than An Authorized Committee**

**FILING FEC-785684**

**1. REPUBLICAN NATIONAL COMMITTEE**
310 FIRST STREET SE
WASHINGTON, DC 20003

**2. FEC Committee ID #: C00003418**

**3. This committee HAS qualified as a multicandidate committee (see FEC Form 1M)**

**4. Report Type = MAY MONTHLY**
For election on 05/20/2012 in the State of _____
Filed: 05/20/2012

SUMMARY PAGE
DETAILED SUMMARY PAGE
Schedule A Filings (ITEMIZED RECEIPTS)
Schedule B Filings (ITEMIZED DISBURSEMENTS)
Schedule C Filings (LOAN INFORMATION)

## SUMMARY PAGE

**5. Covering Period 04/01/2012 Through 04/30/2012**

| | Column A<br>This Period | Column B<br>Year To Date |
|---|---|---|
| 6. (a) Cash on hand, January 1, 2012 | | 20007052.66 |
| (b) Cash on hand at Beginning of Reporting Period | 32743524.05 | |
| (c) Total Receipts (from line 19) | 11438455.72 | 47032126.63 |
| (d) Subtotal (6(b) + 6(c) for A, 6(a) + 6(c) for B) | 44181979.77 | 67039179.29 |


PLAINTIFF'S
EXHIBIT
J

| | Column A This Period | Column B Year To Date |
|---|---|---|
| 7. Total Disbursements | 9384707.81 | 32241907.33 |
| 8. Cash on Hand at Close of Reporting Period | 34797271.96 | 34797271.96 |
| 9. Debts and Obligations Owed TO the Committee | 0.00 | |
| Itemize all on SCHEDULE C or SCHEDULE D | | |
| 10. Debts and Obligations Owed BY the Committee | 9900000.00 | |
| Itemize all on SCHEDULE C or SCHEDULE D | | |

Treasurer: Mr Anthony W Parker
Date Signed: 05/20/2012

**(End Summary Page, FEC FORM 3X)**

## DETAILED SUMMARY PAGE

### Of Receipts And Disbursements

| | Column A This Period | Column B Calendar Year |
|---|---|---|
| **I. Receipts** | | |
| 11. Contributions (other than loans) From: | | |
| (a) Individuals/Persons Other than Political Committees | | |
| (i) Itemized | 4503317.21 | 18513580.98 |
| (ii) Unitemized | 6427108.84 | 25031001.17 |
| (iii) Total (11(a)(i) + 11(a)(ii)) | 10930426.05 | 43544582.15 |
| (b) Political Party Commitees | 0.00 | 0.00 |
| (c) Other Political Committees (such as PACS) | 130500.00 | 1100000.00 |
| (d) Total Contributions (11(a)(iii) + (b) + (c)) | 11060926.05 | 44644582.15 |
| 12. Transfers From Affiliated/Other Party Committees | 71938.09 | 713592.98 |
| 13. All Loans Received | 0.00 | 0.00 |
| 14. Loan Repayments Received | 0.00 | 0.00 |
| 15. Offsets to Operating Expenditures (Refunds, Rebates, etc) | 130554.58 | 279314.50 |
| 16. Refunds of Contributions made to Fed. Candidates and other Political Committees | 0.00 | 0.00 |
| 17. Other Federal Receipts (Dividends, Interest, etc) | 175037.00 | 1394637.00 |
| 18. Transfers from Non-Federal and Levin Funds | | |

FEC Disclosure Form 3X for REPUBLICAN NATIONAL COMMITTEE

http://docquery.fec.gov/cgi-bin/forms/C00003418/785684/#SUMMARY

| | Column A This Period | Column B Calendar Year |
|---|---|---|
| (a) Non-Federal Account (SCHEDULE H3) | 0.00 | 0.00 |
| (b) Levin Funds (SCHEDULE H5) | 0.00 | 0.00 |
| (c) Total Transfers ( 18(a) + 18(b) ) | 0.00 | 0.00 |
| 19. Total Receipts (11(d) + 12 + 13 + 14 + 15 + 16 + 17 + 18) | 11438455.72 | 47032126.63 |
| 20. Total Federal Receipts (19 - 18(c)) | 11438455.72 | 47032126.63 |
| **II. Disbursements** | | |
| 21. Operating Expenditures | | |
| (a) Shared Federal/Nonfederal Activity (SCHEDULE H4) | | |
| (i) Federal Share | 0.00 | 0.00 |
| (ii) Nonfederal Share | 0.00 | 0.00 |
| (b) Other Federal Operating Expenditures | 8982971.32 | 28403016.16 |
| (c) Total Operating Expenditures (21(a)(i) + (a)(ii) + (b)) | 8982971.32 | 28403016.16 |
| 22. Transfers to Affiliated/Other Party Committees | 336400.00 | 521566.15 |
| 23. Contributions to Fed. Candidates/Committees and Other Political Committees | 5000.00 | 5000.00 |
| 24. Independent Expenditures (SCHEDULE E) | 0.00 | 0.00 |
| 25. Coordinated Expenditures Made by Party Committees (SCHEDULE F) | 0.00 | 0.00 |
| 26. Loan Repayments Made | 0.00 | 3100000.00 |
| 27. Loans Made | 0.00 | 0.00 |
| 28. Refunds of Contributions To: | | |
| (a) Individuals/Persons Other Than Political Committees | 37920.00 | 131166.43 |
| (b) Political Party Committees | 0.00 | 0.00 |
| (c) Other Political Committees (such as PACs) | 0.00 | 0.00 |
| (d) Total Contribution Refunds (28(a) + (b) + (c)) | 37920.00 | 131166.43 |
| 29. Other Disbursements | 22416.49 | 81158.59 |
| 30. Federal Election Activity | | |
| (a) (i) Allocated Federal Election Activity - Federal Share (SCHEDULE H6) | 0.00 | 0.00 |
| (a) (ii) Allocated Federal Election Activity - Levin Share (SCHEDULE H6) | 0.00 | 0.00 |
| (b) Federal Election Activity Paid Entirely with Federal Funds | 0.00 | 0.00 |
| (c) Total Federal Election Activity ( 30(a)(i)+30(a)(ii)+30(b) ) | 0.00 | 0.00 |
| 31. Total Disbursements ( 21(c)+23+24+25+26+27+28(d)+29+30(c) ) | 9384707.81 | 32241907.33 |
| 32. Total Federal Disbursements (31-21(a)(ii)-30(a)(ii)) | 9384707.81 | 32241907.33 |

FEC Disclosure Form 3X for REPUBLICAN NATIONAL COMMITTEE                    http://docquery.fec.gov/cgi-bin/forms/C00003418/785684/#SUMMARY

| | Column A<br>This Period | Column B<br>Calendar Year |
|---|---|---|
| **III. Net Contributions/Operating Expenditures** | | |
| 33. Total Contributions (other than loans) (11(d)) | 11060926.05 | 44644582.15 |
| 34. Total Contribution Refunds (28(d)) | 37920.00 | 131166.43 |
| 35. Net Contributions (other than loans) (32 - 33) | 11023006.05 | 44513415.72 |
| 36. Total Federal Operating Expenditures (21(a)(i) + 21(b)) | 8982971.32 | 28403016.16 |
| 37. Offsets to Operating Expenditures (15) | 130554.58 | 279314.50 |
| 38. Net Operating Expenditures | 8852416.74 | 28123701.66 |

**(End Detailed Summary Page, FEC FORM 3X)**

Generated Mon Jul 16 11:41:29 2018

Federal Election Commission, 999 E Street, NW, Washington, DC 20463 (800) 424-9530 In Washington (202) 694-1100
For the hearing impaired, TTY (202) 219-3336 Send comments and suggestions about this site to: **webmaster@fec.gov.**

Image# 13940101614

## FEC FORM 3X

# REPORT OF RECEIPTS AND DISBURSEMENTS
### For Other Than An Authorized Committee

Office Use Only

1. NAME OF COMMITTEE (in full)   TYPE OR PRINT ▼   Example: If typing, type over the lines.   `12FE4M5`

**American Crossroads**

ADDRESS (number and street) ▼   1401 New York Avenue NW

Check if different than previously reported. (ACC)   Suite 1200

Washington   | DC | 20005 | - |

CITY ▲   STATE ▲   ZIP CODE ▲

2. FEC IDENTIFICATION NUMBER ▼

C C00487363

3. IS THIS REPORT   ✕ NEW (N)   **OR**   AMENDED (A)

4. TYPE OF REPORT (Choose One)

(a) Quarterly Reports:

April 15 Quarterly Report (Q1)

July 15 Quarterly Report (Q2)

October 15 Quarterly Report (Q3)

January 31 Year-End Report (YE)

July 31 Mid-Year Report (Non-election Year Only) (MY)

Termination Report (TER)

(b) Monthly Report Due On:

| | | | |
|---|---|---|---|
| Feb 20 (M2) | May 20 (M5) | Aug 20 (M8) | Nov 20 (M11) (Non-Election Year Only) |
| Mar 20 (M3) | Jun 20 (M6) | Sep 20 (M9) | Dec 20 (M12) (Non-Election Year Only) |
| Apr 20 (M4) | Jul 20 (M7) | Oct 20 (M10) | ✕ Jan 31 (YE) |

(c) 12-Day **PRE**-Election Report for the:

Primary (12P)   General (12G)   Runoff (12R)

Convention (12C)   Special (12S)

Election on ___  in the State of ___

(d) 30-Day **POST**-Election Report for the:

General (30G)   Runoff (30R)   Special (30S)

Election on ___  in the State of ___

5. Covering Period   11   27   2012   through   12   31   2012



02/19/2003 11 : 05

| FEC<br>FORM 3X | **REPORT OF RECEIPTS<br>AND DISBURSEMENTS**<br>For Other Than An Authorized Committee | | Office Use Only |

**1. NAME OF COMMITTEE (in full)**   USE FEC MAILING LABEL OR TYPE OR PRINT ▼   Example:If typing, type over the lines

American Success Political Action Committee

**ADDRESS** (number and street)   1155 21st Street NW

Check if different than previously reported. (ACC)   Suite 300

Washington   DC   20036 –

**2. FEC IDENTIFICATION NUMBER** ▼   CITY ▲   STATE ▲   ZIPCODE ▲

C00336644

**3. IS THIS REPORT**   NEW (N)   **OR**   X   AMENDED (A)

**4. TYPE OF REPORT**
(Choose One)

(b) Monthly Report Due On:

| | Feb 20 (M2) | May 20 (M5) | Aug 20 (M8) | Nov 20 (M11)<br>(Non-Election Year Only) |
| | Mar 20 (M3) | Jun 20 (M6) | Sep 20 (M9) | Dec 20 (M12)<br>(Non-Election Year Only) |
| | Apr 20 (M4) | Jul 20 (M7) | Oct 20 (M10) | Jan 31 (M13) |

(a) Quarterly Reports:

April 15 Quarterly Report(Q1)

July 15 Quarterly Report(Q2)

(c) 12-Day **PRE** Election Report for the:   Primary (12P)   General (12G)   Runoff (12R)

Convention (12C)   Special (12G)

October 15 Quarterly Report(Q3)

X   January 31 Quarterly Report(YE)   Election on   in the State of

July 31 Mid-Year Report(Non-election Year Only) (MY)

(d) 30-Day **Post**-Election Report for the:   General (30G)   Runoff (30R)   Special (30S)

Termination Report (TER)   Election on   in the State of

# FEC FORM 3X

## REPORT OF RECEIPTS AND DISBURSEMENTS
### For Other Than An Authorized Committee

Office Use Only

1. NAME OF COMMITTEE (in full)    TYPE OR PRINT ▼    Example: If typing, type over the lines.    `12FE4M5`

**FREEDOM PROJECT; THE**

ADDRESS (number and street) ▼    320 1st Street SE

Check if different than previously reported. (ACC)

Washington    DC    20003-1838   -

CITY ▲    STATE ▲    ZIP CODE ▲

2. FEC IDENTIFICATION NUMBER ▼

C    C00305805

3. IS THIS REPORT    NEW (N)    OR    ☒    AMENDED (A)

4. **TYPE OF REPORT** (Choose One)

(b) Monthly Report Due On:

| | | | |
|---|---|---|---|
| Feb 20 (M2) | May 20 (M5) | Aug 20 (M8) | Nov 20 (M11) (Non-Election Year Only) |
| ☒ Mar 20 (M3) | Jun 20 (M6) | Sep 20 (M9) | Dec 20 (M12) (Non-Election Year Only) |
| Apr 20 (M4) | Jul 20 (M7) | Oct 20 (M10) | Jan 31 (YE) |

(a) Quarterly Reports:

April 15 Quarterly Report (Q1)

July 15 Quarterly Report (Q2)

October 15 Quarterly Report (Q3)

January 31 Year-End Report (YE)

July 31 Mid-Year Report (Non-election Year Only) (MY)

Termination Report (TER)

(c) 12-Day **PRE**-Election Report for the:

Primary (12P)    General (12G)    Runoff (12R)

Convention (12C)    Special (12S)

Election on    in the State of

(d) 30-Day **POST**-Election Report for the:

General (30G)    Runoff (30R)    Special (30S)

Election on    in the State of

5. Covering Period    05    01    2012    through    05    31    2012

05/12/2010  15 : 30

Image# 10990667221

| FEC<br>FORM 3X | **REPORT OF RECEIPTS<br>AND DISBURSEMENTS**<br>For Other Than An Authorized Committee | | Office Use Only |
|---|---|---|---|

1. NAME OF
COMMITTEE (in full)

USE FEC MAILING LABEL
OR TYPE OR PRINT ▼

Example:If typing, type
over the lines

INTERNATIONAL FRANCHISE ASSOCIATION FRANCHISING POLITICAL ACTION COMMITTEE INC

ADDRESS (number and street) ▼   1501 K Street NW

☐ Check if different
than previously
reported. (ACC)

Washington   DC   20005

CITY ▲   STATE ▲   ZIPCODE ▲

2. FEC IDENTIFICATION NUMBER   ▼

C00084491

3. IS THIS
REPORT   NEW
(N)   **OR**   [X] AMENDED
(A)

4. **TYPE OF REPORT**
(Choose One)

(a)  Quarterly Reports:

☐ April 15
Quarterly Report(Q1)

☐ July 15
Quarterly Report(Q2)

☐ October 15
Quarterly Report(Q3)

☐ January 31
Quarterly Report(YE)

☐ July 31 Mid-Year
Report(Non-election
Year Only) (MY)

☐ Termination Report
(TER)

(b) Monthly
Report
Due On:

☐ Feb 20 (M2)   ☐ May 20 (M5)   ☐ Aug 20 (M8)   [X] Nov 20 (M11)
(Non-Election
Year Only)

☐ Mar 20 (M3)   ☐ Jun 20 (M6)   ☐ Sep 20 (M9)   ☐ Dec 20 (M12)
(Non-Election
Year Only)

☐ Apr 20 (M4)   ☐ Jul 20 (M7)   ☐ Oct 20 (M10)   ☐ Jan 31 (YE)

(c) 12-Day
PRE-Election
Report for the:

☐ Primary (12P)   ☐ General (12G)   ☐ Runoff (12R)

☐ Convention (12C)   ☐ Special (12S)

Election on   in the
State of

(d) 30-Day
Post -Election
Report for the:

☐ General (30G)   ☐ Runoff (30R)   ☐ Special (30S)

Election on   in the
State of

5. Covering Period   1 0   0 1   2 0 0 9   through   1 0   3 1   2 0 0 9

I certify that I have examined this Report and to the best of my knowledge and belief it is true, correct and complete.

10/22/2012 17 : 41

Image# 12960679494

## FEC FORM 3X

# REPORT OF RECEIPTS AND DISBURSEMENTS
### For Other Than An Authorized Committee

Office Use Only

1. NAME OF COMMITTEE (in full)

TYPE OR PRINT ▼

Example: If typing, type over the lines.

12FE4M5

**NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE**

ADDRESS (number and street) ▼

320 FIRST STREET SE

Check if different than previously reported. (ACC)

WASHINGTON          DC          20003     –

CITY ▲          STATE ▲          ZIP CODE ▲

2. FEC IDENTIFICATION NUMBER ▼

C   C00075820

3. IS THIS REPORT

NEW (N)   **OR**   X   AMENDED (A)

4. TYPE OF REPORT (Choose One)

(b) Monthly Report Due On:

| | | | |
|---|---|---|---|
| Feb 20 (M2) | May 20 (M5) | Aug 20 (M8) | Nov 20 (M11) (Non-Election Year Only) |
| Mar 20 (M3)  X | Jun 20 (M6) | Sep 20 (M9) | Dec 20 (M12) (Non-Election Year Only) |
| Apr 20 (M4) | Jul 20 (M7) | Oct 20 (M10) | Jan 31 (YE) |

(a) Quarterly Reports:

April 15 Quarterly Report (Q1)

July 15 Quarterly Report (Q2)

October 15 Quarterly Report (Q3)

January 31 Year-End Report (YE)

July 31 Mid-Year Report (Non-election Year Only) (MY)

Termination Report (TER)

(c) 12-Day PRE-Election Report for the:

Primary (12P)          General (12G)          Runoff (12R)

Convention (12C)          Special (12S)

Election on _____   in the State of _____

(d) 30-Day POST-Election Report for the:

General (30G)          Runoff (30R)          Special (30S)

Election on _____   in the State of _____

5. Covering Period   05   01   2012   through   05   31   2012

PAGE 1 / 1578

**FEC FORM 3X**

## REPORT OF RECEIPTS AND DISBURSEMENTS
For Other Than An Authorized Committee

RECEIVED
SECRETARY OF THE SENATE
PUBLIC RECORDS

12 DEC -5 PM 2: 22

Office Use Only

1. NAME OF COMMITTEE (in full)    TYPE OR PRINT ▼    Example: If typing, type over the lines.    `12FE4M5`

NATIONAL REPUBLICAN SENATORIAL COMMITTEE

ADDRESS (number and street) ▼    425 2ND STREET NE

☐ Check if different than previously reported. (ACC)    WASHINGTON    DC    20002    - .

CITY ▲    STATE ▲    ZIP CODE ▲

2. FEC IDENTIFICATION NUMBER ▼

C | C00027466

3. IS THIS REPORT    ☐ NEW (N)  OR  ☒ AMENDED (A)

4. **TYPE OF REPORT** (Choose One)

(a) Quarterly Reports:

☐ April 15 Quarterly Report (Q1)
☐ July 15 Quarterly Report (Q2)
☐ October 15 Quarterly Report (Q3)
☐ January 31 Year-End Report (YE)
☐ July 31 Mid-Year Report (Non-election Year Only) (MY)
☐ Termination Report (TER)

(b) Monthly Report Due On:

☐ Feb 20 (M2)    ☐ May 20 (M5)    ☐ Aug 20 (M8)    ☐ Nov 20 (M11) (Non-Election Year Only)
☐ Mar 20 (M3)    ☐ Jun 20 (M6)    ☐ Sep 20 (M9)    ☐ Dec 20 (M12) (Non-Election Year Only)
☐ Apr 20 (M4)    ☐ Jul 20 (M7)    ☐ Oct 20 (M10)    ☒ Jan 31 (YE)

(c) 12-Day PRE-Election Report for the:

☐ Primary (12P)    ☐ General (12G)    ☐ Runoff (12R)
☐ Convention (12C)    ☐ Special (12S)

Election on ☐ ☐ ☐    in the State of ☐

(d) 30-Day POST-Election Report for the:

☐ General (30G)    ☐ Runoff (30R)    ☐ Special (30S)

Election on ☐ ☐ ☐    in the State of ☐

5. Covering Period    `12` / `01` / `2011`    through    `12` / `31` / `2011`

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRAD BAUMAN,** | |
| Plaintiff, | Case No. 1:18-CV-1191 |
| | Hon. Richard J. Leon |
| v. | |
| **EDWARD BUTOWSKY, et al.,** | |
| Defendants. | |

### [PLAINTIFF'S PROPOSED] ORDER

For the reasons stated in Plaintiff's Opposition to Defendant Howard Gary Heavin's

Motion to Dismiss and Motion for Attorney's Fees, and this Court's memorandum opinion,

Defendant Howard Gary Heavin's Motion to Dismiss and Motion for Attorney's Fees is denied.

Date: _____      _____
                           Hon. Richard J. Leon
                           United States District Court
                           for the District of Columbia